IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -

DARRELL GUNN

        PLAINTIFF,

                          COMPLAINT

V.S.                     Civil Action
                         No. _____

**16 CV 6206**

WILLIAM J. ABAUNZO, Inmate Grievance Program, Supervisor
ANTHONY J. ANNUCCI, Acting Commissioner      Jury Trial
R.J. BALLARD, Lieutenant                  Demanded
BESCLER, Correction Officer
BRUSH, Correction Officer
K. BUNNELL, Correction Officer
BYNAUM, Sergeant
PAUL CHAPPIUS, Jr. Superintendent
CLIFF CLAFLIN, Sergeant
A. COLES, Correction Officer
COLLMER, Sergeant
COLUMBO, Clinician Specialist, MHU

Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DARRELL GUNN

PLAINTIFF,

COMPLAINT

VS.

Civil Action
No. ——

continued

DE PALO, Lieutenant

Jury Trial
Demanded

DONELY, Offender Rehabilitation Coordinator
ROBERT GESSNER, Inspector General
LOONEY, Clinician, MHU
K. MUSSAW, Lieutenant
T. PERRY, Correction Officer
POWERS, Sergeant
PAUL PICCOLO, Deputy Superintendent Security
F. SANTIAGO, Sergeant

Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DARRELL GUNN

PLAINTIFF,

VS.

Continued

B. SCHIEBER, Correction Officer
J. TAYLOR, Correction Officer
UNKNOWN WHITE MALE, Sergeant-MHU
J. WENDERLICH, Deputy Superintendent Security

DEFENDANT(S).

COMPLAINT

Civil Action
No. _____

Jury Trial
Demanded

Page 4

Plaintiff States:

## JURISDICTION AND VENUE

1. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. Section 1343 to obtain the costs of suit, including reasonable attorney fees, and damages suffered by plaintiff and caused by defendants' violation of his rights as guaranteed in the Eighth and Fourteenth Amendments to the Constitution of the United States and by federal law, particularly 42 U.S.C. Sec. 1983.

2. This Court also has jurisdiction of this action under 28 U.S.C. Sec. 1331, in that the matter in con-

Page 5

troversy arises under the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

3. The violation of plaintiff's rights was committed within New York State.

PARTIES

4. Plaintiff, DARRELL GUNN, D.I.N. 03-B-2443, is a citizen of the United States of America and was at all times relevant herein a prisoner of the New York State Department of Corrections and Community Supervision, incarcerated at the Elmira Correctional Facility, P.O. Box 500, Elmira, New York 14902.

Page 6

5. Defendant ANTHONY J. ANNUCCI, Acting Commissioner, was at all times relevant herein the duly appointed, qualified and acting Commissioner of the New York State Department of Corrections and Community Supervision, and is at all times relevant herein was a resident of Albany County, Albany, New York.

6. Defendant PAUL CHAPPIUS, Jr., Superintendent, was at all times relevant herein the duly appointed, qualified and acting Superintendent of the Elmira Correctional Facility, and is at all times relevant herein was a resident of Chemung County, Elmira, New York.

7. Defendant PAUL PICCOLO, Deputy Superintendent For Security Services, was at all times relevant herein the duly appointed, qualified and acting Deputy

Page 7

Superintendent for Security Services of the Elmira Correctional Facility, and is at all times relevant herein was a resident of Chemung County, Elmira, New York.

8. Defendant S. J. WEN-DEALICH, Deputy Superintendant For Security Services was at all times relevant herein the duly appointed, qualified and acting Deputy Superintendent for security Services of the Elmira Correctional Facility, and is at all times relevant herein was a resident of Chemung County, Elmira, New York.

9. Defendant R. J. BALLARD, Lieutenant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Lieutenant Corrections Officer of the New York State Department of Corrections and Community Supervision,

Page 8

and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

10. Defendant DEPALO, Lieutenant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Lieutenant Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

11. Defendant K. MUSSAW, Lieutenant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Lieutenant Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein

Page 9

Was a resident of Chemung County, Elmira, New York.

12. Defendant BYNAUM, Sergeant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Sergeant Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

13. Defendant CLIFF CLAFLIN Sergeant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Sergeant Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira,

Page 10

New York.

14. Defendant COLLMER, Sergeant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Sergeant Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung, County, Elmira, New York.

15. Defendant POWERS, Sergeant Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Sergeant Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung, County, Elmira, New York.

16. Defendant F. SANTIAGO,

Page 11

sergeant Correction officer, was at all times relevant herein a duly appointed, qualified and acting sergeant Corrections officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

17. Defendant UNKNOWN WHITE MALE, sergeant Correction officer for Mental Health Unit (hereinafter MHU), was at all times relevant herein a duly appointed, qualified and acting sergeant Corrections officer for MHU of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

18. Defendant BESCLER, Correction officer, was at all times relevant herein

Page 12

a duly appointed, qualified and acting Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

19. Defendant BRUSH, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

20. Defendant K. BUNNELL, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer of the New

Page 13

York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

21. Defendant A. COLES, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

22. Defendant T. PERRY, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of

Page 14

Chemung County, Elmira, New York.

23. Defendant B. SCHIEBER, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

24. Defendant J. TAYLOR, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

25. Defendant COLUMBO,

MHU-Clinician Specialist was at all times
relevant herein a duly appointed, qualified
and acting MHU Clinician of the NEW
York State Office of Mental Health for
Services with the New York State Depart-
ment of Corrections and Community Super-
vision, and is at all times relevant herein
a resident of Chemung County, Elmira,
New York.

26. Defendant WILLIAM J.
ABRUNZO, Inmate Grievance Program, (I.G.P.)
Supervisor, was at all times relevant herein
a duly appointed, qualified and acting Super-
visor for the Inmate Grievance Program of
the New York State Department of Correc-
tions and Community Supervision, and is
and at all times relevant herein was a
resident of Chemung County, Elmira, New
York.

27. Defendant DONELY, Offender Rehabilatation Coordinator (herein after ORC), was at all times relevant herein a duly appointed, qualified and acting ORC of the New York State Department of Corrections and Community Supervision, and is at all times relevant herein was a resident of Chemung County, Elmira, New York.

28. Defendant ROBERT GESSNER, Inspector General, was at all times relevant herein a duly appointed, qualified and acting Inspector General of the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of New York. (County Unknown).

29. Defendant LOONEY, Clinician was at all times relevant herein a duly

appointed, qualified and acting MHU Clinician of the New York State Office of Mental Health for services with the New York State Department of Corrections and Community Supervision, and is and at all times relevant herein was a resident of Chemung County, Elmira, New York.

30. Defendant Department of Corrections and Community Supervision is and was at all times relevant herein a division of the government of New York State.

31. Defendants WILLIAM J. ABRUNZO, I.G.P. Supervisor, ANTHONY J. ANNUCCI, Acting Commissioner, R.J. BALLARD, Lieutenant, BESCLER, Correction Officer, BRUSH, Correction Officer, K. BUNNELL, Correction Officer, BYNAUM, Sergeant, PAUL CHAPPIUS, Jr. Super-

intendant, CLIFF CLAFLIN, Sergeant, A. COLES, Correction Officer, COLLMER, Sergeant, COLUMBO, MHU-Clinician Specialist, DEPALO, Lieutenant, DONELY, ORC, ROBERT GESSNER, Inspector General, LOONEY, MHU-Clinician, K. MUSSAW, Lieutenant, T. PERRY, Correction Officer, POWERS, Sergeant, PAUL PICCOLO, Deputy Superintendent for Security Services, F. SANTIAGO, Sergeant B. SCHIEBER, Correction Officer, J. TAYLOR, Correction Officer, UNKNOWN WHITE MALE, Sergeant-MHU, J. WENDERLICH, Deputy Superintendent for Security Services, are sued individually and in their official capacities. Relief is sought against each and all defendants as well as their agents, assistants, successor, employees and persons acting in concert or cooperation with them or at their direction or under their supervision.

32. At all times relevant herein, the defendants WILLIAM J. ABRUNZO, I.G.P. Supervisor, ANTHONY J. ANNUCCI, Acting Commissioner, R.J. BALLARD, Lieutenant, BESCLER, Correction Officer, BRUSH, Correction Officer, K. BUNNELL, Correction Officer, BYNAUM, Sergeant, PAUL CHAPPIUS, Jr. Superintendant, CLIFF CLAFLIN, Sergeant, A. COLES, Correction Officer, COLLMER, Sergeant, COLUMBO, MHU-Clinician Specialist, DEPALO, Lieutenant, DONELY, ORC, ROBERT GESSNER, Inspector General, LOONEY, MHU-Clinician, K. MUSSAW, Lieutenant, T. PERRY, Correction Officer, POWERS, Sergeant, PAUL PICCOLO, Deputy Superintendent for Security Services, F. SANTIAGO, Sergeant, B. SCHIEBER, Correction Officer, J. TAYLOR, Correction Officer, UNKNOWN WHITE MALE, Sergeant - MHU, J. WENDERLICH, Deputy Superintendent for security services, and their agents, assistants, and employees

acted pursuant to the policies, regulations
or decisions officially adopted or promul-
gated by those in the Department of Cor-
rections and Community Supervision whose
acts may fairly be said to represent of-
ficial policy or were pursuant to govern-
mental custom of the Department of Cor-
rections and Community Supervision.

     33. At all times relevant herein,
defendants have acted under the color
of authority of the law of New York
State or in active concert with such
defendants who are so acting.


PREVIOUS LAWSUITS IN STATE AND
FEDERAL COURT


A.    Have you begun any other lawsuits

Page 21

in State or Federal Court dealing with the Same facts involved in this action?

Yes

1. Name(s) of the parties to this other lawsuit:

Plaintiff: DARRELL GUNN 03-B-2443

Defendant: State of New York
(T. PERRY, Correction Officer)

2. Court: STATE OF NEW YORK - COURT OF CLAIMS

3. Claim No. 124108
ORI # NYO01805J

4. The approximate date the action was filed:

Page 22

April 9, 2014

5.    Name of Judge whom case was assigned.

Hon. Richard E. Sise, Acting Presiding Judge

6.    Disposition of the case is still pending.

7.    Name(s) of the parties to this other lawsuit:

Plaintiff: DARBELL GUNN 03-B-2443

Defendant: STATE OF NEW YORK
                    (Sgt. Cliff Claflin)

8.    Court: STATE OF NEW YORK -
                    COURT OF CLAIMS

Page 23

9.     Claim No. 124149
       ORI # NY001805J

10.    The approximate date the action
       was Filed:

       April 16, 2014

11.    Name of Judge whom case was
       assigned.

       Hon. Richard E. Sise, Acting Presiding
       Judge

12.    Disposition of the case is still
       pending

13.    Name(s) of the parties to this
       other lawsuit:

       Plaintiff: DARRELL GUNN 03-B-2443

Page 24

Defendant: STATE OF NEW YORK
                (BESCLER, Correction Officer)

14.        Court: STATE OF NEW YORK —
                COURT OF CLAIMS

15.        Claim No. 125097
           OBI# NY0018055

16.        The approximate date the action
           was filed:

           October 24, 2014

17.        Name of Judge whom case was
           assigned:

           Hon. Catherine C. Schaewe

18.        Disposition of the Case:

Page 25

Claimant's motion for a default
judgment is denied in its entirety.

Dated March 17, 2016

B.    Have you begun any other lawsuits
in federal Court which relate to
your imprisonment?

No

# COUNT ONE

19.    On March 29, 2013 plaintiff was en
route to recreation location — Gymnasium
at approximately 7:00p.m. in the G-Block
pivot, Main Hall — Laundry Corridor.

20.    Plaintiff turned right walking through

Page 26

magnetometer on the left side of corridor --
compulsorily for all prisoners to walk through
en route to recreation location.

21.    Meanwhile, BESCLER, Correction Officer
was standing at magnetometer. Also, T. PERRY,
Correction Officer was standing off to right
and near the wall on right side of corridor
and at the end of magnetometer.

22.    In addition, CLIFF CLAFLIN,
Sergeant was standing near T. PERRY, Correc-
tion Officer.

23.    Simultaneously, without any detection,
alarm, and/or signal plaintiff exited magnet-
ometer.

24.    Here, T. PERRY, Correction Officer
signaled plaintiff for a needless pat frisk
without giving plaintiff a reason per DOCCS

Departmental Directive #4910 Section B-2-a (4), (5).

25.    Indeed, plaintiff placed both his hands on wall, in so doing, T. PERRY, Correction Officer ordered plaintiff to step back further. Plaintiff complied.

26.    Hereupon, C.O. T. PERRY violently and nefariously kicked plaintiff in right foot.

27.    T. PERRY, correction officer barbaric actions are contrary to Doccs Departmental Directive #4910 Section III Personal Searches; which states in part:

The employee conducting a personal search must assure its thoroughness and not to offend the dignity of the inmate being searched.

Page 28

28.    At that time, plaintiff's right foot began to hurt and swell-up. The pain was intense sharp and throbbing.

29.    T. PERRY, correction officer unprovoked committed battery against plaintiff.

30.    For this reason, plaintiff immediately stepped back even further. Even so, he was losing his balance.

31.    So now T. PERRY, correction officer began removing the items from plaintiff pant pockets, viz., ink pen, ID, phonebook, and handkerchief.

32.    Then T. PERRY, correction officer then grabbed plaintiff's underwear boxer's and violently pulled up — into the groin and rectum. Herewith, C.O. PERRY, similarly repeated, violently pulled plaintiff's pant

Page 29

into his groin and rectum.

33.    Needless to say, plaintiff felt horrible pain.

34.    Consequently, plaintiff states: "I'm in pain!"

35.    In response, "Shut the fuck-up!" said T. PERRY, correction officer.

36.    "You pulled my underwear into my groin area!" Plaintiff's remonstrance was ignored.

37.    Meanwhile, T. PERRY, correction officer is violently pat frisking plaintiff, in sum, touching, rubbing, grabbing, and squeezing plaintiff's extremities, chest, genitals, buttocks, and clothes.

38.    As it happens, T. PERRY, correction

Page 30

Officer violently grabbed plaintiffs genitals --
as a result, plaintiff moved his leg dis-
traughtly. In effect, C.O. PERRY held on
to plaintiff genitals, at the same time,
stating: "I'm not grabbing you!"

39.   Hereto, together, as impugnment of
plaintiff's remonstrance the incorrigible T.
PERRY, correction officer immediately once
again, grabbed plaintiff's underwear boxer's
and violently pulled up, then, repeated again
further into his groin and rectum.

40.   Sure enough, T. PERRY, correction
officer, wantonness and unnecessary inflic-
tion of undue hardships caused plaintiff in-
effable pain.

A violation of United States Constitution
Fourth and Eighth Amendment.

Page 31

41.    Suddenly plaintiff looked to the left undoubtedly to see Sergeant CLIFF CLAFLIN standing, thereabout two feet away. Witnessing this, whom, condoned and allowed this atrocious behavior.

42.    All things considered, plaintiff conscience was in shock to see Sgt. CLAFLIN, concomitantly, participating in the pat frisk, in effect, intentionally and deliberately using his body to shield/block any potential witnesses from observing the pat frisk and sexual assault.

43.    Noting that, T. PERRY, correction officer ordered plaintiff to face forward. Plaintiff complied.

44.    Most critically, T. PERRY, correction officer, still for his sexual gratification again began to needlessly maliciously

and sadistically and violently rubbed and touched and grabbed and squeezed plaintiff's genitals, rectum, and buttock malignantly, back and forth, with both of his hands at the same time.

A violation of United States Constitution Fourth Amendment and Eighth Amendment.

45.    At that same time, plaintiff stood aghast as C.O. PERRY'S finger penetrated his rectum through plaintiff's clothes, and, in so doing, caused plaintiff unwarranted wanton infliction of pain and serious physical injury and psychological trauma and emotional duress, among other things.

A violation of United States Constitution Eighth Amendment.

Page 33

46.    With this in mind, plaintiff felt despair, and ineffable pain, and humiliation, anger, degradation, embarrassment, ashamed, insecure, dehumanized, mental anguish, and loss of dignity.

47.    But then, T. PERRY, correction Officer removed plaintiff's right sneaker, checked it, BESCLER, correction officer, assisted, whom, ran a hand held metal-detector wand over the sneaker. Whereupon, no alarm or reaction what-so-ever.

48.    Hereto, T. PERRY, correction Officer, used both hands to check plaintiff foot.

49.    T. PERRY, Correction Officer, placed the sneaker on the floor. Telling plaintiff to place his foot back inside. Plaintiff complied.

50.    T. PERRY, Correction Officer and

Page 34

BESCLER, Correction Officer both similarly did plaintiff's left foot as noted above.

51. T. PERRY, Correction Officer, returned the contents of plaintiff's pockets viz.; ink pen, ID, phonebook, and handkerchief.

52. Hereupon, T. PERRY, Correction Officer, ordered plaintiff, "take it back to your cell."

53. Plaintiff, immediately asked C.O. PERRY, "What is your name?'"

54. T. PERRY, Correction Officer, in response, "PERRY" -- wherewith, in innuendo, "make sure you get it right."

The constitutional basis for this claim under 42 U.S.C. sec. 1983 is the Fourth Amendment; Eighth Amendment; and

Page 35

Fourteenth Amendment.

55.        The acts of the defendants, and each of them, subjected plaintiff to unreasonable search in violation of the Fourth Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of $250,000.

56.      The acts of defendants, and each of them, subjected plaintiff to cruel and unusual punishment, causing plaintiff injuries, including, rectum hemorrhoid lastly over six months, soreness, swelling, internal bleeding, burning, discomfort, abrasion, still, on goings of irritation, discomfort, abrasion, during bowel movements and to suffer extreme physical pain and mental anguish and humiliation and degradation, depression, stress, loss of sleep, nightmares, anxiety, embarrass-

Page 36

ment, emotional duress, and anger, a life
changing episode, permanently mentally
scarred, the full extent of which cannot
be measured in violation of the Eighth
and Fourteenth Amendments of the United
States Constitution and caused plaintiff
to suffer damages in the sum of
$5,000,000

WHEREFORE, plaintiff respect-
fully prays this Court to:

a)   permanently enjoin the defendants,
their, assistants, successors, employees
and persons acting in concert or coop-
eration with them from further violating
the rights, privileges and immunities
guaranteed to the plaintiff under the
Constitution of the United States of
America;

Page 37

b)   grant compensatory damages to plaintiff in the sum of $5,250,000;

c)   grant punitive damages to plaintiff in the sum of $10,000,000;

d)   grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.


Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did grieve and appeal this claim

Grievance Number EL40777-13 -- Title -- SEXUALLY VIOLATED VIA PAT FRISK dated April 11, 2013

Superintendent denied the grievance

Page 38

On appeal Central Office Review Committee (hereinafter CORC) did grant Grievant's Request Unanimously Accepted In Part.

Also, this Claim is not a Prison Condition. No exhaustion requirement is needed.

## COUNT TWO

57.   Plaintiff adopts by reference paragraphs 1 through 33

58.   Plaintiff searched for witnesses as plaintiff's mind was inundated with fear, pain, and humiliation, only to see CLIFF CLAFLIN standing there with his hat on.

59.   Here, CLIFF CLAFLIN, area Supervisor sergeant deliberate indifference to plaintiff's risk of serious harm was

Page 39

lucid by showing personal involvement, that
is, participating, using his body to block/
shield the pat frisk/sexual assault to
any potential witnesses.

60.    Certainly Sgt. CLIFF CLAFLIN
neglect of duty was a failure to protect
plaintiff's undue hardship from C.O. PERRY
wanton infliction of pain and malicious
and sadistic behavior.

61.    Overall Sgt. CLIFF CLAFLIN
ignored plaintiff's statement: "I'm in
pain!" during a non-emergency, non-threat-
ening, suspicionless, clothed body pat
frisk that was conducted abusively and
without a good-faith effort.

62.    In this way, Sgt. CLIFF CLAFLIN
as area supervisor directly became involved
and failed to act, to protect or prevent by

Page 40

disregarding excessive serious risk to
plaintiff's health and safety together
with grossly negligent in supervising
subordinate T. PERRY, correction officer,
who sexually assaulted claimant.


The Constitutional basis for this
claim under 42 U.S.C. sec. 1983 is the Eighth
Amendment and Fourteenth Amendment.


63.    The acts of the defendants, and
each of them, subjected plaintiff to a
failure to protect in violation of the
Eighth Amendment of the United States
Constitution and have caused plaintiff
to suffer damages in the sum of
$ 250,000

64.    The acts of defendants, and each

of them, subjected plaintiff to substantial
risk of serious harm -- causing plaintiff
physical pain and injury, viz., rectum
hemorrhoid, soreness, swelling, internal
bleeding, burning, discomfort, abrasion, still,
on goings of irritation, during bowel move-
ments, stomach knots, loss of appetite,
nervousness, loss of self-esteem, irrita-
bility, and frequent headaches, including
traumatic psychological injury, emotional
duress, and anger, a life changing episode,
permanently mentally scarred, the full
extent of which cannot be measured in
violation of the Eighth and Fourteenth
Amendments of the United States Consti-
tution and caused plaintiff to suffer
damages in the sum of $250,000


        WHEREFORE, plaintiff respect-
fully prays this Court to:

Page 42

a) permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the constitution of the United States of America;

b) grant compensatory damages to plaintiff in the sum of $1,000,000;

c) grant punitive damages to plaintiff in the sum of $2,000,000

d) grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies For This Claim!

Page 43

Plaintiff did grieve and appeal this claim.

Grievance Number EL40777-13 -- Title --
SEXUALLY VIOLATED VIA PAT FRISK
dated April 14, 2013

Superintendent denied the grievance

On appeal Central Office Review Committee
(hereinafter (ORC) did grant Grievant's
Request Unanimously Accepted In Part.

Also, this claim is not a prison condition.
No exhaustion requirement is needed.

## COUNT THREE

65.    Plaintiff adopts by reference paragraphs
1 through 33

Page 44

66.    Now, plaintiff heads back to his cell.

67.    At this time, while plaintiff was en route back to his cell. BESCLER, Correction Officer, immediately without justification, wearing black boots - inimically and malevolently kicked plaintiff in the left leg shin. In so doing, practically tripping plaintiff and provoking plaintiff to be brutally assaulted by T. PERRY and Sgt. CLIFF CLAFLIN who were all still there at the magnetometer.

68.    BESCLER, Correction Officer, battery against plaintiff caused plaintiff more injuries e.g. swelling, soreness, sharp pain, bruising and scarring and to suffer even more so.

A violation of United States Constitution Eighth Amendment and Fourteenth Amendment.

69.    Not suprisingly, BESCLER, Correction

Officer treated plaintiff without dignity, hence, witnessing plaintiff being sexually assaulted. Hereupon, plaintiff became anathema to C.O. BESCLER, as a result, causing intentional physical and emotional harm.

70.      Not only that, BESCLER, correction Officer whom witnessing the sexual assault was grossly negligent when he failed to act, to protect or prevent by disregarding excessive risk of serious harm plaintiff's health and safety.

A violation of United States Constitution Fourteenth Amendment.

The Constitutional basis for this claim under 42 U.S.C. sec. 1983 is the Eighth Amendment and Fourteenth Amendment.

Page 46

71.     The acts of the defendants, and each
of them, subjected plaintiff to a battery in
violation of the Eighth Amendment of the
United States Constitution and have caused
plaintiff to suffer damages in the sum of
$ 1,000,000

72.     The acts of the defendants, and each
of them, subjected plaintiff to a failure to
protect in violation of the Eighth Amendment
of the United States Constitution and have
caused plaintiff to suffer damages in the
sum of $ 250,000.

73.     The acts of the defendants, and each
of them, subjected plaintiff to substantial
risk of serious harm -- causing plaintiff
physical pain and injury, viz., rectum hemor-
rhoid, soreness, swelling, internal bleeding,
burning, discomfort, abrasion, still, on goings,
of irritation, during bowel movements,

Page 47

Stomach Knots, loss of appetite, nervousness, loss of self-esteem, irritability, and frequent headaches, including traumatic psychological injury, emotional duress, and anger, a life changing episode, permanently mentally scarred, the full extent of which cannot be measured in violation of the Eighth and Fourteenth Amendments of the United States Constitution and caused plaintiff to suffer damages in the sum of $250,000.

WHEREFORE, plaintiff respectfully prays this Court to:

a)   permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of the

Page 48

United States of America;

b)    grant compensatory damages to plaintiff in the sum of $1,000,000;

c)    grant punitive damages to plaintiff in the sum of $2,000,000;

d)    grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies For This Claim;

Plaintiff did grieve and appeal this claim.

Grievance Number EL40803-13 -- Title -- KICKED AND PROVOKED dated April 18, 2013

Page 49

Superintendent denied the grievance.

On appeal CORC did grant Grievant's Request Unanimously Accepted In Part.

Also, this claim is not a prison condition. No exhaustion requirement is needed.

## COUNT FOUR

74.     Plaintiff adopts by reference paragraphs 1 through 33

75.     On March 29, 2013 still that evening T. PERRY, Correction Officer, without justification, among other things, placed plaintiff on Keeplock-cell confinement for two (2) days.



Page 50

A violation of United States Constitution
Eighth Amendment

76. Meanwhile plaintiff was in his cell suffering from emotional duress and psychological trauma and felt nexious and disgusted; could not sleep; genitals swelled-up and throbbed; rectum throbbed and felt abrasion and pain inside and outside rectum and soreness.

77. For this reason, plaintiff took his prescribed medication for pain and anti-inflammation- NAPROXEN for relief of pain and suffering.

78. Notwithstanding plaintiff put in sickcall request on March 30, 2013 and March 31, 2013.

79. In any event, plaintiff was denied shower and recreation and law library call-outs.

Page 51

80.    Plaintiff was given no reason or written report.

81.    Moreover, significant and compelling, there was no disturbance or other emergency circumstance.

82.    This means that, Paul Chappius, Jr., Superintendent, was not given notice or report per Official Compilation of Codes, Rules and Rugulations of the State of New York, Title 7, Department of Corrections and Community Supervision (hereinafter 7 CRR-NY) Section 251-1.3 which states in pertinent part:

Section 251-1.3. Reports of use of physical force.

(a) An employee who has used physical force on an inmate shall make a

Page 52

Written report in prescribed form immediately to the superintendent.

and 7CRR-NY Section 251-1.6 (e), (1)(2), in pertinent part states:

(e)

(1) An employee who places an inmate in confinement in his cell or room or who places an inmate in a special housing unit pursuant to the provisions of this section shall report such fact, in writing, to the Superintendent as soon as possible, but in any event before going off duty.

(2) Reports of confinement shall be made even where confinement was authorized or directed by a superior officer, but need not be made where confinement:

Page 53

(i) is necessitated by a medically excused inability to participate in an assigned activity:

or

(ii) was directed by a decision in a disciplinary superintendent's hearing.

83.    Therefore, on this point, it is imperative T. PERRY, Correction Officer, must follow their own rules.

84.    All things considered, T. PERRY, Correction Officer, did give plaintiff unlawful cell confinement, in so doing, plaintiff was unjustly denied general population daily activities.

A violation of United States Constitution Eighth Amendment.

Page 54

The constitutional basis for this claim under 42 U.S.C. sec. 1983 is the Eighth Amendment.

85.    The acts of the defendants, and each of them, subjected plaintiff to unlawful cell confinement in violation of the Eighth Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of $20,000.

WHEREFORE, plaintiff respectfully prays this court to :

a)  permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of the United States

Page 55

OF America;

b)   grant compensatory damages to plaintiff in the sum of $20,000;

c)   grant punitive damages to plaintiff in the sum of $20,000;

d)   grant plaintiff plaintiff's costs of this action, including reasonable attorney fees;


Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did grieve and appeal this claim.

Grievance Number EL40798-13 -- Title -- KEEPLOCK / MISSED CALL-OUTS dated April 16, 2013

Page 56

Superintendent denied the grievance

On appeal CORC did grant Grievant's Request
Unanimously Accepted In Part.

Also, this claim is not a prison condition.
No exhaustion requirement is needed.

# COUNT FIVE

85.    Plaintiff adopts by reference
paragraphs 1 through 33.

86.    Indeed on March 31, 2013 approximately
9 p.m. in G-Block plaintiff was let out his
5-company, cell-20 -- for a Sergeant interview
for sexual assault.

87.    Plaintiff en route down at bottom of

Page 57

of the stairs J. TAYLOR, Correction Officer,
standing in prison guards office ordered
plaintiff "Sit on bench, Rat!" in front of the
Several inmates in the G-Block -- Bench and
inmate telephone area.

88.    Consequently, J. TAYLOR, correction of-
ficer egregious actions and incorrigible behavior
has put plaintiff's life, safety, and well being
at risk.

89.    A violation of United States Constitution
First Amendment.

90.    As a result, causing plaintiff high
levels of stress, anxiety, depression, and
needless degradation.

        The constitutional basis for this
claim under 42 U.S.C. Sec. 1983 is the

Page 58

First Amendment.

91.     The acts of the defendants, and each of them, subjected plaintiff to serious risk of harm from inmates and prison guards, prison officials, and prison staff alike, inter alia, high levels of stress, anxiety, depression, and needless degradation contrary to legitimate penological interest, correctional goals, and prison policy, procedure, rules and regulations in violation of the First Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of $1,000,000.


          WHEREFORE, plaintiff respectfully prays this Court to:

a)     permanently enjoin the defendants, their assistants, successors, employees

Page 59

and persons acting in concert or cooperation
with them from further violating the rights,
privileges and immunities guaranteed to
the plaintiff under the constitution of the
United States of America;

b)    grant compensatory damages to
plaintiff in the sum of $2,000,000;

C)    grant punitive damages to plaintiff
in the sum of $2,000,000;

d)    grant plaintiff plaintiff's costs of
this action, including reasonable attorney
fees;


Exhaustion of Your Administrative Remedies
For This Claim:

Plaintiff did grieve and appeal this claim.

Page 60

Grievance Number EL40801-13--Title--
ORDERED TO BENCH
dated April 17, 2013

Superintendent denied the grievance

On appeal CORC did grant Grievant's
Request Unanimously Accepted In Part.

Also, this claim is not a prison condition.
No exhaustion requirement is needed.

## COUNT SIX

91.    Plaintiff adopts by reference
paragraphs 1 through 33.

92.    For the most part, on March 31,
2013 approximately 9 p.m. plaintiff was

Page 61

let out his 5-Company, Cell-20 -- For a sergeant
interview for sexual assault.

93.   Plaintiff entered G-Block sergeant's
office to discover Sergeant DAVIS sitting
down behind the desk and K. BUNNELL,
correction officer standing to her side.

94.   Plaintiff took a seat at the desk
across from Sgt. DAVIS. Here, plaintiff was
instructed by both sergeant DAVIS and
K. BUNNELL, correction officer, simulta-
neously, "write a statement --"only describe
the pat Frisk."

95.   Wherewith, plaintiff, told Sgt. DAVIS,
"C.O. TAYLOR-"just called me a "rat" in
front of the inmates in the G-Block Bench
and Telephone area when I Sat down on the
bench."

Page 62

96.     In response, Sgt. DAVIS told plaintiff, "I'm not here for that. Only the allegations of sexual assault."

97.     Here, K. BUNNELL, Correction Officer, stated: "you must be going to P.C." in a threatening innuendo.

98.     Further, K. BUNNELL, Correction Officer, demanded -- "Start writing'now'!" Plaintiff complied.

99.     Plaintiff thought there is no confidentiality with C.O. BUNNELL in the sergeant's office.

100.     Further, K. BUNNELL, Correction Officer, told plaintiff "Stop writing and let the sergeant read it."

101.     Plaintiff explained, "I'm not

Page 63

Finished. Don't you believe me? " Plaintiff Said, pertaining only to the pat frisk.

102.    K. BUNNELL took paper from plaintiff then handed it to Sgt. DAVIS.

103.    K. BUNNELL, correction officer continuous display of antagonism, intimidation, chastisement, and coercion made plaintiff feel like it was his fault and did something wrong, insofar, as plaintiff was put under tremendous stress, anxiety and depression.

A violation of the United States Constitution First Amendment.

104.    Sergeant DAVIS asked plaintiff if he was penetrated by officer PERRY.

105.    "YES!" "I was penetrated in my rectum through my clothes," said plaintiff.

Page 64

106.      Hitherto, Sergeant DAVIS, correction officer, asked if plaintiff had witnesses. In response, "I don't need a witness," said plaintiff.

107.      Plaintiff was again asked by C.O. BUNNELL "do you have witnesses?" Plaintiff gave no response.

108.      Sergeant DAVIS asked plaintiff if he had witnesses again.

109.      Plaintiff stated: "no comment." Sgt. Davis said, "I'm going to write down no witnesses.

110.      Thereupon, plaintiff was allowed back into his cell after Sergeant DAVIS interview.

        The constitutional basis for this

Page 65

claim under 42 U.S.C. sec. 1983 is the
First Amendment.

III.     The acts of the defendants, and
each of them, subjected plaintiff to contin-
uous display of antagonism, intimidation,
chastisement, and coercion made plaintiff
feel like it was fault and did something
wrong, insofar, as plaintiff was pat under
tremendous stress, anxiety and depression
during PREA investigation for free speech
in violation of the first Amendment of
the United States Constitution and have
caused plaintiff to suffer damages in the
sum of $1,000,000.

WHEREFORE, plaintiff respect-
fully prays this Court to:

a)     permanently enjoin the defendants,

Page 66

and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the constitution of the United States of America;

b)    grant compensatory damages to plaintiff in the sum of $2,000,000;

c)    grant punitive damages to plaintiff in the sum of $2,000,000;

d)    grant plaintiff plaintiff's costs of this action, including reasonable attorney fees;

Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did not grieve this claim.

Page 67

Also, this claim is *not* a prison condition.
No exhaustion requirement is needed.


## COUNT SEVEN


112.      Plaintiff adopts by reference
paragraphs 1 through 33.

113.      Shortly thereafter the Sgt. DAVIS
interview on March 29, 2013 at approx.
9:30 p.m. plaintiff was descending the
stairs, and, one of two Inmate Liaison
committee representatives asked if plain-
tiff was okay, while plaintiff was being
escorted by BRUSH, Correction Officer.
Plaintiff said, "No! " I was sexually
assaulted!" as plaintiff continued down
the stairs.

Page 68

114.        Thereupon, near G-Block exit
door standing by inmate telephone and Bench
area waiting is Sergeant Davis and
G. AUDINWOOD, correction officer to take
plaintiff to facility hospital.

115.        Escort C.O. G. AUDINWOOD
ordered -- "put your hands in your pockets."
Plaintiff complied.

116.        Before walking out the door,
Sergeant DAVIS observed plaintiff had
slippers on. She questioned C.O. K. BUN-
NELL, "Can he wear slippers outside to
the hospital?" C.O. BUNNELL said, "yes."
In which, Sgt. DAVIS ordered plaintiff
to go back to his cell to put some shoes
on. Escorting C.O. G. AUDINWOOD
stated, "State boots."

117.        All told, as plaintiff was exiting

Page 69

company wearing state boots -- from re-
turning to cell. BRUSH, correction officer,
is waiting for plaintiff and tells plaintiff
"put your hand behind your back."
Plaintiff complied.

118.    BRUSH, correction officer, began
chastising plaintiff for informing the two
Inmate Liaison Committee Representatives
about the sexual assault.

119.    BRUSH, correction officer, disdain-
fully stated: "don't you ever say anything in
front of me about my 'Brother' of that bull-
shit sexual assault!; that's not right!;" --
"just don't do that in front of me!;"
"Do you understand me!" As he was getting
more upset and irate, he repeated,
"do you understand me!;" And the told
plaintiff "get the fuck-out-of-here!"
Plaintiff complied, went down stairs to get

Page 70

escorted to hospital.

A violation of United States constitution First Amendment.

120. As a result, causing plaintiff high levels of stress, anxiety, depression, and needless degradation.

The constitutional basis for this claim under 42 U.S.C. sec. 1983 is the First Amendment.

121. The acts of the defendants, and each of them, subjected plaintiff to denial of free speech, inter alia, high levels of stress, anxiety, depression, and needless degradation contrary to legititimate penological interest, correctional goals, and prison policy, procedure, rules and regulations in violation of the

First Amendment of the United States
Constitution and have caused plaintiff
to suffer damages in the sum of $1,000,000.

WHEREFORE, plaintiff respectfully
prays this court to:

a)    permanently enjoin the defendants,
their assistants, successors, employees and
person acting in concert or cooperation with
them from further violating the rights, privi-
leges and immunities guaranteed to the
plaintiff under the constitution of the
United States of America;

b)    grant compensatory damages to
plaintiff in the sum of $2,000,000;

c)    grant punitive damages to plaintiff
in the sum of $2,000,000;

Page 72

d)   grant plaintiff plaintiff's costs of
this action, including reasonable attorney
fees;

Exhaustion of Your Administrative Remedies
For This Claim:

Plaintiff did grieve and appeal this claim.

Grievance Number EL40802-13--Title--
INTIMIDATED BY OFFICER
dated April 18, 2013.

Superintendent denied the grievance.

On appeal CORC did grant Grievant's
Request Unanimously Accepted In Part.

Also, this claim is not a prison condition.
No exhaustion requirement is needed.

Page 73

## COUNT EIGHT

122.   Plaintiff adopts by reference paragraphs 1 through 33.

123.   Here, on March 31, 2014 at approximately 9:30 p.m. plaintiff arrived to clinic for PREA medical Examine.

124.   First plaintiff answered questions and signed a statement on the medical report. Thus, Nurse asked: "why you didn't report the night of the sexual assault to Someone. "I don't trust the C.O.'s," plaintiff said. The Nurse said, "you should request emergency sickcall when something like this occurs. In response, plaintiff always believed that "emergency sick-call" was only for life threatening situations. Then the Nurse told plaintiff, "lie and say you

Page 74

have chest pains. "

125.     Furthermore, Nurse gives plaintiff
medical examine. That is, checked his
genitals and rectum.

126.     Plaintiff observed a male nurse
and female nurse and Four (4) prison
guards and sgt. DAVIS in the medical
examine room.

127.     There was no confidentiality
What-so-ever!

128.     Finally plaintiff was given aceta-
minophen and a bag of ice with instruc-
tion for the injuries and pain.

129.     But then, on April 1, 2013, approx.
5 p.m. T. PERRY, correction officer after

Page 75

returning from recreation and escorting 5-
company - where plaintiffs locks in cell 20;
and while taking chow list intentionally ex-
cluded plaintiff in retaliation - denied plain-
tiff evening chow (meal). Not surprisingly
the other prison guards were in cohoot with
not letting plaintiff out for chow.

A violation of United States Constitution
Eighth Amendment and Fourteenth Amendment.

130.   As a result, causing plaintiff
undue hardships, among other things, high
levels of stress, anxiety, depression, and
needless degradation.

The constitutional basis for this claim
under 42 U.S.C. sec. 1983 is the Eighth
Amendment and Fourteenth Amendment.

131.   The acts of the defendants, and

Page 76

each of them, subjected plaintiff to denial
of evening meal in retaliation for reporting
sexual assault, inter alia, undue hardship,
high levels of stress, anxiety, depression,
and needless degradation in violation of
the Eighth Amendment and Fourteenth Amend-
ment of the United States Constitution and
have caused plaintiff to suffer damages
in the sum of $500,000.


WHEREFORE, plaintiff respect-
fully prays this court to:

a)         permanently enjoin the defendants,
their assistants, successors, employees
and person acting in concert or cooperation
with them from further violating the rights,
privileges and immunities guaranteed to
the plaintiff under the constitution of the
United States of America;

Page 77

b)   grant compensatory damages to plaintiff in the sum of $ 1,000,000;

c)   grant punitive damages to plaintiff in the sum of $1,000,000;

d)   grant plaintiff plaintiff's costs of this action, including reasonable attorney fees;

Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did grieve and appeal this claim.

Grievance Number EL40600-13--Title-- DENIED MEAL / RETALIATION dated April 16, 2013

Superintendent denied the grievance.

Page 78

On appeal CORC did grant Grievant's Request
Unanimously Accepted In Part.

Also, this claim is not a prison condition.
No exhaustion requirement is needed.

## COUNT NINE

132.   Plaintiff adopts by reference
paragraphs 1 through 33.

133.   Even more importantly, on April 4,
2013, plaintiff was examined by JILL
NORTHUP, Nurse Practioner, with these results,
plaintiff has been diagnosed with a rectum
hemorrhoid from sexual assault injury.

134.   Plaintiff was given hemorrhoidal
ointment for treatment. AlSO, was referred

Page 79

to Mental Health Unit.

135.    Thereafter, on April 11, 2013, plain-
tiff seen LOONEY, clinician for Mental
Health Unit, thereof, the size of the offence
was not taken seriously.

136.    Witnessing this, plaintiff seen
LOONEY, clinician for MHU struggling to
hold back from laughing in plaintiff face
during the interview.

137.    Here, plaintiff requested C.O.
PERRY be arrested and stated: "how
can I file criminal charges against C.O.
Perry?"

138.    LOONEY, clinician for MHU
stated "I don't know how you can file
charges."

Page 80

A violation of United States Constitution
First Amendment and fourteenth Amendment.

By all plaintiff's rights, the const-
itutional basis for this claim under 42 U.S.C.
Sec. 1983 is the First Amendment and
Fourteenth Amendment.

139.   The acts of the defendants, and each
of them, subjected plaintiff to denial of
due process and equal protection to have
T. PERRY, correction officer arrested and to
denial of filing criminal charges against
T. PERRY, correction officer, the full
extent of which cannot be measured in
violation of the First and Fourteenth
Amendments of the United States Constitu-
tion and caused plaintiff to suffer damages
in the sum of $50,000.

Page 81

WHEREFORE, plaintiff respectfully prays this Court to:

a)   permanently enjoin the defendants, their, assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the constitution of the United States of America;

b)   grant compensatory damages to plaintiff in the sum of $100,000;

c)   grant punitive damages to plaintiff in the sum of $150,000;

d)   grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Page 82

Exhaustion of Your Administrative Remedies
For This Claim!

Plaintiff did not grieve this claim.

Also, this claim is not a Prison Condition.
No exhaustion requirement is needed.


## COUNT TEN


140.    Plaintiff adopts by reference
paragraphs 1 through 33.

141.    On April 19, 2013 approximately
9:30 a.m. plaintiff from his G-Block, 5-
Company, Cell-20 was en route to the
G-Block sergeant office.

142.    Now, plaintiff at bottom of stairs

Page 83

witnessed J. TAYLOR, correction officer
standing in prison guard station, here,
J. TAYLOR, correction officer called
plaintiff "snitch" in front of several
prison guards and several inmates that
all in the same area.

A violation of the United States Consti-
tution First Amendment and Fourteenth
Amendment.

By all plaintiff's rights, the const-
itutional basis for this claim under 42 U.S.C.
Sec. 1983 is the First Amendment and
Fourteenth Amendment.

148. The acts of the defendants, and
each of them, subjected plaintiff to serious
risk of harm from inmates and prison
guards, prison officials, and prison staff
alike, inter alia, high levels of stress,

Page 84

anxiety, depression, and needless degradation
contrary to legitimate penological interest,
correctional goals, and prison policy, proce-
dure, rules and regulations, the full extent
of which cannot be measured in violation of
the First Amendment of the United States
Constitution and have caused plaintiff to
suffer damages in the sum of $1,000,000.


WHEREFORE, plaintiff respectfully
prays this Court to:


a)  permanently enjoin the defendants, their
assistants, successors, employees and
persons acting in concert or cooperation
with them from further violating the rights,
privileges and immunities guaranteed to
the plaintiff under the Constitution of
the United States of America;

Page 85

b)   grant compensatory damages to plaintiff in the sum of $500,000;

c)   grant punitive damages to plaintiff in the sum of $500,000;

d)   grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.


Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did not grieve this claim

Also, this claim is not a prison condition. No exhaustion requirement is needed.

# COUNT ELEVEN

Page 86

144.     Plaintiff adopts by reference paragraphs 1 through 33.

145.     On April 19, 2013, sergeant POWERS conducted grievance complaint number EL40798-13 -- KEEPLOCK/MISSED CALLOUTS, investigation interview with plaintiff approx. 9:30 a.m.

146.     He at G-Block sergeant's office plaintiff sitting across the desk of Sgt. J. POWERS whom tried to convince plaintiff to sign-off on the grievance complaint.

147.     Plaintiff refused to sign-off on the grievance complaint.

148.     Hereupon, J. POWERS, sergeant became upset, as he said, "you're going to have a rough bid! For writing grievances. Do you have anything to add."

149. Plaintiff stated: "yes" C.O. TAYLOR called me a "snitch" when I was let into this office just now. Also, I would like to see MHU."

150. That said, sergeant J. POWERS refused to include plaintiff's added statement to the grievance complaint. Also, refused to make a referral to MHU for plaintiff. Among other factors, submitted a deluded and false investigation report to cover-up these incorrigible prison guards wrong doing in DOCCS 'Brotherhood' culture of dishonesty.

A violation of the United States Constitution First Amendment and Four-teenth Amendment.

By all plaintiff's rights the constitutional basis for this claim under 42 U.S.C.

Page 88

Sec. 1983 is the First Amendment and Four-
teenth Amendment.

151.    The acts of the defendants, and each
of them, subjected plaintiff to discriminating,
bias, partial, corrupted, untruthful, and unfair
grievance complaint investigation, inter alia,
high levels of stress, anxiety, depression,
and needless degradation contrary to legiti-
mate penological interest, correctional goals,
and prison policy, procedure, rules and re-
gulations, the full extent of which cannot
be measured in violation of the First
Amendment and Fourteenth Amendment
of the United States Constitution and
have caused plaintiff to suffer damages
in the sum of $1,000,000.

            WHEREFORE, plaintiff respect-
fully prays this Court to:

a) permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of the United States of America;

b) grant compensatory damages to plaintiff in the sum of $500,000;

c) grant punitive damages to plaintiff in the sum of $500,000;

d) grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies For This Claim!

Page 90

Plaintiff did not grieve this claim.

Also, this claim is not a prison condition.
No exhaustion requirement is needed.

# COUNT ELEVEN

152.    Plaintiff adopts by reference
paragraphs 1 through 33.

153.    On April 19, 2013, in the evening
plaintiff was let out his G-Block, 5-Company,
Cell-20 for a F. SANTIAGO, sergeant
grievance complaint - EL40801-13-- ORDERED
TO BENCH, investigation interview.

154.    Here, at G-Block sergeant's office
door were two white male prison guard
Waiting for plaintiff. One prison guard States

Page 91

"be careful, he doesn't like pat frisk."

155.    Hereupon, I was ordered to place my hands on the wall. Plaintiff complied.

156.    Then during this needless pat frisk plaintiff a 6'2, 350 lb., white male prison guard for his sexual gratification and retaliation used his penis through his clothes directly rubbing against plaintiff buttock and legs causing plaintiff to feel the penis of the prison guard through his clothes.

157.    Plaintiff's mind raced with fear as he was being set-up.

158.    When this sexual abuse pat frisk was over plaintiff was ordered to go into Sergeant's office. Plaintiff complied.

159.    Then plaintiff sat in chair directly across

the desk from F. SANTIAGO, sergeant.

160.    Plaintiff was completely in fear, despair, and humiliation.

161.    Suddenly, the 350 lb. prison guard called in sgt.'s office through the door — Sgt. "do you need help?" A threatening innuendo.

162.    Sgt. F. SANTIAGO answered, "no thank you. I'm alright. Keep the door closed." Hereupon, stating to plaintiff- "You've been down for a while. Are you a rat?"

163.    Plaintiff answered "No. I'm not a rat."

164.    Sgt. F. SANTIAGO looking over the grievance papers says "You're a writer." You don't have to write grievance. write me if you have a problem with an officer and I'll

Page 93

take care of it. You can go back to your cell now. "

A violation of the United States
Constitution First Amendment, Fourth, Eighth
and Fourteenth Amendment.

By all plaintiff's rights the constitu-
tional basis for this claim under 42 U.S.C.
sec. 1983 is the First Amendment and
Fourth, Eighth and Fourteenth Amendment.

165.   The acts of the defendants, and each
of them, subjected plaintiff to sexual abuse,
inter alia, discriminating, bias, partial,
corrupted, un.truthful, and unfair grievance
complaint investigation causing high levels of
stress, anxiety, fear, depression, despair,
humiliation, and needless degradation contrary
to legitimate penological interest, correc-
tional goals, and prison policy, procedure,
rules and regulations, the full extent

Page 94

of which cannot be measured in violation of
the First, Fourth, Eighth, and Fourteenth
Amendment of the United States Constitution
and have caused plaintiff to suffer damages
in the sum of $2,000,000.


WHEREFORE, plaintiff respectfully
prays this Court to:

a)    permanently enjoin the defendants, their
assistants, successors, employees and persons
acting in concert or cooperation with them from
further violating the rights, privileges and im-
munities guaranteed to the plaintiff under
the constitution of the United States of
America;

b)    grant compensatory damages to plaintiff
in the sum of $4,000,000;

c.)  grant punitive damages to plaintiff in the sum of $4,000,000;

d)  grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.


Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did not grieve this claim.

Also, this claim is not a prison condition. No exhaustion requirement is needed.


## COUNT TWELVE


166.  Plaintiff adopts by reference paragraphs 1 through 33.