**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

DARRELL GUNN,

PLAINTIFF,

-VERSUS-

SECOND AMENDED COMPLAINT

CIVIL ACTION
CASE No.: 6:16-cv-06206

JURY TRIAL DEMANDED

ANTHONY J. ANNUCCI, Acting Commissioner,
CHAD BESCLER, Correction Officer,
PAUL CHAPPIUS, Jr., Superintendent,
JEFFERY CLAFLIN, Sergeant,
A. COLES, Correction Officer,
C. DIEGO, Captain,
JOHN DOE, AKA "TINY" Correction Officer,
DONELY, (ORC)
G. KELLER, Captain,
TIMOTHY PERRY, Correction Officer,
PAUL PICCOLO, Deputy Supt. for Security,
B. SCHIEBER, Correction Officer,
S.J. WENDERLICK, Deputy Supt. for Security,

DEFENDANTS.

_____

PLEASE TAKE NOTICE, that enclosed is an original second
amended complaint filed in this action as a matter of course,
adding one John Doe Also Known as "Tiny" defendant and adding
seven defendants dismissed without prejudice in amended complaint
and adding new counts, pursuant to Rule 15(a), Federal Rules
of Civil Procedure.

Plaintiff states:

### JURISDICTION AND VENUE

1.      That plaintiff institutes these proceedings
and invokes the jurisdiction of this Court under and by virtue
of 28 U.S.C. § 1344 to obtain the costs of suit, including rea-
sonable attorney fees, and damages suffered by plaintiff and
caused by defendants' violation of his rights guaranteed in

the Eighth and Fourteenth Amendments to the Constitution of
the United States and by Federal law, particularly 42 U.S.C
§ 1983.

2.      That this Court also has jurisdiction of this
action under 28 U.S.C. § 1331, in controversy  arises under
the First, Fourth, Eighth, and Fourteenth Amendments of the
Constitution of the United States.

3.      That the violation of plaintiff's rights was
committed within New York State.

## PARTIES

4.      That plaintiff Darrell Gunn, D.I.N. 03-B-2443
is a citizen of the United States of America and was at all
times relevant herein a prisoner of New York State Department
of Corrections and Community Supervison, incarcerated at the
Elmira Correctional Facility, P.O. Box 500, Elmira, New York
14902.

5.      That defendant ANTHONY J. ANNUCCI, Acting Com-
missioner, was at all times relevant herein the duly appointed
qualified and acting commissioner of the New York State Depart-
ment of Corrections and Community Supervision, and is at all
times relevant herein was a resident of Albany County, Albany,
New York.

6.      That defendant PAUL CHAPPIUS, JR., Superinten-
dent, was at all times relevant herein the duly appointed, quali-
fied and acting superintendent of the Elmira Correctional Facil-

ity, and is at all times relevant herein was a resident of Chemung County, Elmira, New York.

7.     That defendant PAUL PICCOLO, Deputy Superintendent for Security Services, was at all times relevant herein the duly appointed, qualified and acting Deputy Superintendent for Security Service of the Elmira Correctional Facility, and is at all times relevant herein was a resident of Chemung County, Elmira, New York.

8.     That defendant S.J. WENDERLICH, Deputy Superintendent for security Services was at all times relevant herein the duly appointed, qualified and acting Deputy Superintendent for Security Services of the Elmira Correctional Facility, and at all times relevant herein was a resident of Chemung County, Elmira, New York.

9.     That defendant C. DIEGO, Captain was at all times the duly appointed, qualified and acting Captain of the Elmira Correctional Facility and is at all times relevant was a resident of Chemung County, Elmira, New York.

10.    That defendant G. KELLER, Captain was at all times relevant herein a duly appointed, qualified and acting Captain of the Elmira Correctional Facility and is at all times relevant herein was a resident of Chemung County, New York.

11.    That defendant JEFFERY CLAFLIN, Sergeant was at all times relevant herein a duly appointed, qualified and acting sergeant of the Elmira Correctional Facility, and at all times relevant herein was resident of Chemung County, Elmira New York.

12.     That defendant DONELY, Offender Rehabilitation
Coordinator (ORC) was at all times relevant herein a duly ap-
pointed, qualified and acting Offender Rehabilitation Coordinator
(ORC) of the Elmira Correctional Facility, and at all times
relevant herein was a resident of Chemung County, Elmira, New
York.

13.     That defendant CHAD BESCLER, Correction Officer
was at all times relevant herein a duly appointed, qualified
and acting Corrections Officer of the Elmira Correctional Facil-
ity, and at all times relevant herein was a resident of Chemung
County, Elmira, New York.

14.     That A. COLES, Correction Officer, was at
all times relevant herein a duly appointed, qualified and acting
Corrections Officer of the Elmira Correctional Facility, and
at all times relevant herein was a resident of Chemung County,
Elmira, New York.

15.     That defendant JOHN DOE, Also Known as "TINY"
Correction Officer, was at all times relevant herein a duly
appointed, qualified and acting Corrections Officer of the Elmira
Correctional Facility, and at all times relevant herein was
a resident of Chemung County, Elmira, New York.

16.     That defendant TIMOTHY PERRY, Correction Of-
ficer, was at all times relevant herein a duly appointed, quali-
fied and acting Corrections Officer of the Elmira Correctional
Facility, and at all times relevant herein was a resident of
Chemung County, Elmira, New York.

17.     That defendant B. SCHIEBER, Correction Of-
ficer, was at all times relevant herein a duly appointed, quali-
fied and acting Corrections Officer of the Elmira Correctional
Facility, and at all times relevant herein was a resident of
Chemung County, Elmira, New York.

18.     That defendants ANTHONY J. ANNUCCI, Acting
Commissioner, CHAD BESCLER, Correction Officer, PAUL CHAPPIUS,
JR., Superintendent, JEFFERY CLAFLIN, Sergeant, A. COLES, Correc-
tion Officer, C. DIEGO, Captain, JOHN DOE, Also Known as "TINY"
Correction Officer, DONELY, Offender Rehabilitation Coordinator
(hereinafter ORC), G. KELLER, Captain, TIMOTHY PERRY, Correc-
tion Officer, PAUL PICCOLO, Deputy Superintendent for Security
Services, B. SCHIEBER, Correction Officer, S.J. WENDERLICH,
Deputy Superintendent for Security Service are sued individually.
Relief is sought against each defendant as well their agents,
assistants, successor, employees, and persons acting in concert
or cooperation with them or at their direction or under their
supervision.

19.     That at all relevant herein, the defendants
ANTHONY J. ANNUCCI, Acting Commissioner, CHAD BESCLER, Correc-
tion Officer, PAUL CHAPPIUS JR., Superintendent, JEFFERY CLAFLIN,
Sergeant, A. COLES, C. DIEGO, Captain, JOHN DOE, Also Known
as "TINY," Correction Officer, DONELY, ORC, G. KELLER, Captain,
TIMOTHY PERRY, Correction Officer, PAUL PICCOLO, Deputy Superin-
tendent for Security Services, B. SCHIEBER, Correction Officer,
S.J. WENDERLICH, Deputy Superintendent for Security Services
and their agents, assistants, and employees acted pursuant to

the policies, regulation or decisions officially adopted or
promulgated by those in the New York State Department of Correc-
tions and Community Supervision whose acts may fairly be said
to represent official policy or were pursuant to governmental
custom of the New York Department of Corrections and Community
Supervision.

20.     That at all times relevant herein, defendants
have acted under the color of authority of the law of New York
State or in active concert with such defendants who are so acting

### PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.      Have you begun any other lawsuit in state or federal
court dealing with these same facts involved in this action?
YES.

1.      Name(s) of the parties to this other lawsuit:
        Plaintiff:    DARRELL GUNN 03-B-2443
        Defendant:    STATE OF NEW YORK (T. PERRY, CORRECTION
                                                   OFFICER)

2.      COURT:    STATE OF NEW YORK COURT OF CLAIMS

3.      Claim No. 124108

4.      The approximate date the action was filed: April 9,
2014.

5.      Name of Judge whom case was assigned.
Hon. Catherine C. Schaewe, J.

6.      Disposition (consolidated) dismissed

7.      Name(s) of the parties to this other lawsuit:
        Plaintiff:    DARRELL GUNN 03-B-2443

Page 7

          Defendant:     STATE OF NEW YORK (JEFFERY CLAFLIN,
                                      Sergeant)

8.        COURT:    STATE OF NEW YORK COURT OF CLAIMS

9.        Claim No. 124149

10.      The approximate date the action was filed: April 16,
2014.

11.      Name of Judge whom case was assigned

    Hon. Catherine C. Schaewe, J.

12.      Disposition:   (consolidated) dismissed.

13.      Name(s) of the parties to this other lawsuit

          Plaintiff:   DARRELL GUNN 03-B-2443

          Defendant:     STATE OF NEW YORK (CHAD BESCLER,
                                Correction Officer)

14.      COURT:   STATE OF NEW YORK COURT OF CLAIMS

15.      Claim No. 125097

16.      The approximate date the action was filed: October
24, 2014.

17.      Name of Judge whom case was assigned.

    Hon. Catherine C. Schaewe, J.

18.      Disposition:   (consolidated) dismissed.

19.      Name(s) of the parties to this other lawsuit:

          Plaintiff:   DARRELL GUNN 03-B-2443

          Defendant:   STATE OF NEW YORK (CHAD BESCLER AND
                            (TIMOTHY PERRY)

20.      COURT:   STATE OF NEW YORK COURT OF CLAIMS

21.      Claim No. 124009

22.      The approximate date the action was filed:   March
24, 2014.

Page 8

23.     Name of Judge whom case was assigned.

   Hon. Catherine C. Schaewe, J.

24.     Disposition:     (consolidated) Dismissed.

B.      Have you begun any other lawsuits in federal court
        which relate to your imprisonment?

   No.

### COUNT ONE

25.     That on March 29, 2013 plaintiff was enroute
to recreation location-Gymnasium at approximately 7:00 p.m.
in the G-Block Pivot, Main Hall-Laundry Corridor.

26.     That plaintiff turned right walking through
magnetometer on the left side of corridor--compulsorily for
all prisoners to walk through enroute to recreation location.

27.     That meanwhile, CHAD BESCLER, Correction
Officer was standing at magnetometer. Also, TIMOTHY PERRY, Cor-
rection Officer was standing off to right and near the wall
on right side of corridor and at the end of magnetometer.

28.     That in addition JEFFERY CLAFLIN, Sergeant
was standing near TIMOTHY PERRY, Correction Officer.

29.     That simultaneously, without any detection,
alarm, and or signal plaintiff exited magnetometer.

30.     That here TIMOTHY PERRY, Correction Officer
signaled plaintiff for a needless pat frisk without giving plain-
tiff a reason per New York State Department of Corrections and
Community Supervision (hereinafter DOCCS) Departmental Directive
#4910 § B-2-a (4),(5).

31.     That indeed plaintiff placed both his hands
on wall, in so doing, T. PERRY, Correction Officer ordered plain-
tiff to step back further. Plaintiff complied.

32.     That hereupon C.O. T. PERRY violently and
nefariously kicked plaintiff in right foot.

33.     That T. PERRY, Correction Officer brutal
and barbaric actions are contrary to DOCCS Departmental Directive
#4910 § III Personal Searches, which states in part:

   The employee conducting a personal search must assure its
   thoroughness and not to offend the dignity of the inmate
   being searched.

34.     That at that time, plaintiff's right foot
began to hurt swell-up. The pain was intense and sharp and throb-
bing.

35.     That TIMOTHY PERRY, Correction Officer unpro-
voked committed battery against plaintiff.

36.     That for this reaso, plaintiff immediately
stepped back even further. Even so, he was losing his balance.

37.     That so now TIMOTHY PERRY, Correction Officer
began removing the items from plaintiff's pant pockets, viz.,
ink pen, ID, phonebook, and handkerchief.

38.     That then TIMOTHY PERRY, Correction Officer
grabbed plaintiff's underwear boxers and violently pulled up
into the groin and rectum. Herewith, C.O. PERRY, similarly,
repeated, violently pulled plaintiff's pant into his groin and
rectum.

39.     That needless to say, plaintiff felt horrible

pain.

40.      That consequently, plaintiff states: "I'm
in pain!"

41.      That in response, "shut the fuck-up!" said,
TIMOTHY PERRY, Correction Officer.

42.      That "you pulled my underwear into my groin
area!" Plaintiff's remonstrance was ignored.

43.      That meanwhile, TIMOTHY PERRY, Correction
Officer, is violently pat frisking plaintiff, in sum, touching,
rubbing, grabbing, and squeezing plaintiff's extremities, chest,
genitals, buttocks, and clothes.

44.      That as it happens, TIMOTHY PERRY, Correction
Officer violently grabbed plaintiff's genitals--as a result,
plaintiff moved his leg distraughtly. In effect, C.O. PERRY
held on to plaintiff genitals at the same time, stating: "I'm
not grabbing you."

45.      That hereto, together, as impugnment of
plaintiff's remonstrance the incorrigible TIMOTHY PERRY, Correc-
tion officer immediately once again grabbed plaintiff's underwear
boxers and violently pulled up, then, repeated again further
into his groin and rectum.

46.      That sure enough TIMOTHY PERRY, Correction
Officer wantonness and unnecessary inliction of undue hardships
caused plaintiff ineffable pain.


A violation of U.S. Constitution Fourth and Eighth Amendment

47.        That suddenly plaintiff looked to the left undoubtedly to see sergeant JEFFERY CLAFLIN standing, thereabout two feet away witnessing this, whom, condoned and allowed this atrocious behavior.

48.        That all things considered, plaintiff's conscience was in shock to see Sgt. CLAFLIN, concomitantly parti- cipating in the pat frisk, in effeck, intentionally and delibe- rately using his body to shield/block potential witnesses from observing the pat frisk and sexual assault.

49.        That, noting that, TIMOTHY PERRY, Correction Officer ordered plaintiff to face forward. Plaintiff complied.

50.        That, most critically TIMOTHY PERRY, Correc- tion Officer still for his sexual gratification again began to needlessly maliciously and sadistically and violently rub and touch and grab and squeeze plaintiff's genitals, rectum, and buttock malignantly back and forth, with both his hands at the same time.

51.        That at that same time, plaintiff stood agahst as C.O. PERRY'S finger penetrated his rectum through plaintiff's clothes, and, in so doing, caused plaintiff unwar- ranted wanton infliction of pain and serious physical injury and psychological trauma and emotional duress, among other things


A violation of the United States Constitution Eighth Amendment.

52.     That with this in mind, plaintiff felt des-
pair and ineffable pain, and humiliation, anger, degradation,
embarrassment, ashamed, insecure, dehumanized, mental anguish,
and loss of dignity.

53.     That but then, TIMOTHY PERRY, Correction
Officer removed plaintiff's right sneaker, checked it. CHAD
BESCLER, Correction Officer assisted, whom, ran a hand held
metal-detector wand over the sneaker, whereupon, no alarm or
reaction what-so-ever.

54.     That hereto, T. PERRY, Correction Officer
used both his hands to check plaintiff foot.

55.     That T. PERRY, Correction Officer, placed
the sneaker on the floor. Telling plaintiff to place his foot
back inside. Plaintiff complied.

56.     That TIMOTHY PERRY, Correction Officer and
CHAD BESCLER, Correction Officer both similarly did plaintiff's
left foot as noted above.

57.     That TIMOTHY PERRY, Correction Officer,
returned the contents of plaintiff's pockets viz., ink pen,
ID, phonebook, and handkechief.

58.     That hereupon, TIMOTHY PERRY, Correction
Officer ordered plaintiff, "take it back to your cell."

59.     That plaintiff, immediately asked C.O. PERRY,
"What is your name?"

60.     That TIMOTHY PERRY, Correction Officerm
in response, "PERRY" -- wherewith in innuendo, "make sure you
get it right."

The constitutional basis for this claim under 42 U.S.C. § 1983 is
the Fourth Amendment; Eighth Amendment; and Fourteenth Amendment.

61.     That the acts of the defendants, and each
of them, subjected plaintiff to unreasonable search in violation
of the Fourth Amendment of the United States Constitution and
have caused plaintiff to suffer damages in the sum of $250,000.

62.     That the acts of defendants, and each of
them subjected plaintiff to cruel and unusual punishment causing
plaintiff injuries, including rectum hemorrhoid lasting over
six months, soreness, swelling, internal bleeding, buring, dis-
comfort, abrsion, still, on-going, irritation during bowel move-
ments and to suffer extreme physical pain and mental anguish
and humiliation and degradation, depression, stress, loss od
sleep, nightmares, anxiety, embarrassment, emotional duress,
and anger, a life changing episode, permanently mentally scarred,
the full extent of which cannot be measured in violation of
the Eighth and Fourteenth Amendments of the United States Consti-
tution and caused plaintiff to suffer damages in the sum of
$5,000,000.

WHEREFORE, plaintiff respectfully prays this Court
to:

a)     permanently enjoin the defendants, their assistants,
successors, employees, and persons acting in concert or coopera-
tion with them from further violating the rights, privileges
and immunities guaranteed to the plaintiff under the constitution

of the United States of America;

b)      grant compensatory damages to plaintiff in the sum of
$5,250,000;

c)      grant punitive damages to plaintiff in the sum of
$10,000,000;

d)      grant plaintiff plaintiff's cost of this action, includ
ing reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:
Plaintiff did grieve and appeal this claim. Grievance Number
EL-40777-13--Title--SEXUALLY VIOLATED PAT FRISK dated April
11, 2013. Superintendent denied grievance. On appeal Central
Office Review Committee (hereinafter CORC) did grant Grievant's
Request Unanimously Accepted In Part.

Also, this Claim is not a Prison Condition. No Exhaustion re-
quirement is needed.


#### COUNT TWO


          ¡ 3.      That plaintiff adopts by reference paragraphs
1 through 20.

          ¡ 4.      That plaintiff searched for witnesses as
plaintiff's mind was inundated with fear, pain, and humiliation,
only to see JEFFERY CLAFLIN standing there with his hat on.

          ¡ 5.      That here, JEFFERY CLAFLIN, sergeant, area
supervisor deliberate indifference to plaintiff's risk of serious
harm was lucid by showing personal involvement, that is, partici-

pating, using his body to block/shield the pat frisk-sexual
assault to any potential witnesses.

66.     That certainly Sgt. JEFFERY CLAFLIN neglect
of duty was a failure to protect plaintiff's undue hardship
ascribed from C.O. PERRY wanton infliction of pain and malicious
and sadistic behavior.

67.     That overall Sgt. JEFFERY CLAFLIN Ignored
plaintiff's statement: "I'm in pain!" During a non-emergency,
non-threatening, suspicionless, clothed body pat frisk that
was conducted abusively and without a good-faith effort.

68.     That in this way, Sgt. JEFFERY CLAFLIN AS
area supervisor directly became involved and failed to act,
to protect or prevent by disregarding excessive serious risk
to plaintiff's health and safety together with grossly negligent
in supervising subordinate TIMOTHY PERRY, Correction Officer,
whom sexually assaulted claimant.

The Constitutional basis for this claim under 42 U.S.C. § 1983 is

    the Eighth Amendment and Fourteenth Amendment.

69.     That the acts of defendant's and each of
them, subjected plaintiff to a failure to protect in violation
of the Eighth Amendment of the United States Constitution and
have caused plaintiff to suffer damages in the sum of $250,000.

70.     That the acts of the defendants, and each
of them, subjected plaintiff to substantial risk of serious
harm--causing plaintiff physical pain and injury, viz., rectum
hemorrhoid, soreness, swelling, internal bleeding, burning,

discomfort, abrasion, still on-going irritation during bowel

movements, stomach knots, loss of appetite, nervousness, loss

of self-esteem, irritability, and frequent headaches, including

traumatic psychological injury, emotional duress, and anger,

a life changing episode, permanently scarred, I cannot live

a normal life anymore the full extent of which cannot be measured

in violation of the Eighth and Fourteenth Amendments of the

United States Constitution and caused plaintiff to suffer damages

in the sum of $250,000.

WHEREFORE, plaintiff respectfully prays this Court

to:

a)      Permanently enjoin the defendants, their assistants,

successors, employees and persons acting in concert or coopera-

tion with them from further violating the rights, privileges

and immunities guaranteed to the plaintiff to the plaintiff

under the constitution of the United States of America;

b)      grant compensatory damages to plaintiff in the sum of

$1,000,000;

c)      grant punitive damages to plaintiff in the sum of

$5,000,000;

d)      grant plaintiff plaintiff's costs of this action, includ-

ing reasonable attorney fees.

Exhaustion of Your Administrative Remedies for This Claim:

Plaintiff did grieve and appeal this claim. Grievance Number

EL-40777-13--Title--SEXUALLY VIOLATED VIA PAT FRISK dated April

14, 2013. Superintendent denied the grievance. On appeal CORC

did grant Grievant's Request Unanimously Accepted In Part.

Also, this claim is not a prison condition. No exhaus-
tion is needed.

### COUNT THREE

71.        That plaintiff adopts by reference paragraphs
1 through 20.

72.        That now, plaintiff heads back to his cell.

73.        That at this time, while plaintiff was en-
route back to his cell, CHAD BESCLER, Correction Officer, immedi-
ately without justification, wearing black boots-inimically
and malevolently kicked plaintiff in the left leg shin. In so
doing, practically tripping plaintiff and provoking plaintiff
to be brutally assaulted by TIMOTHY PERRY, Correction Officer
and Sgt. JEFFERY CLAFLIN who were all still there at the magneto-
meter.

74.        That CHAD BESCLER, Correction Officer treated
plaintiff without dignity, hence, witnessing plaintiff being
sexully assaulted. Hereupon, plaintiff became anathema to C.O.
BESCLER, as a result, causing intentional physical and emotional
harm.

76.        That not only that, CHAD BESCLER, Correction
Officer whom witnessing the sexual assault was grossly negligent
when he failed to act, to protect or prevent by disregarding
excessive risk of serious harm to plaintiff's health and safety.

A violation of United States Constitution Fourteenth Amendment.

The Constitutional basis for this Claim under 42 U.S.C. § 1983 is

the Eighth Amendment and Fourteenth Amendment.

77.     That the acts of the defendants, and each
of them, subjected plaintiff to a battery in violation of the
Eighth Amendment of the United States constitution and have
caused plaintiff to suffer damages in the sum of $1,000,000.

78.     That the acts of the defendants, and each
of them, subjected plaintiff to a failure to protect in violation
of the Eighth Amendment of the United States Constitution and
have caused plaintiff to suffer damages in the sum of $250,000.

79.     That the acts of the defendants, and each
of them, subjected plaintiff to substantial risk of serious
harm--causing plaintiff physical pain and injury, viz., rectum
hemorrhoid, soreness, swelling, internal bleeding, burning,
discomfort, abrasion, irritation during bowel movements, stomach
knots, loss of appetite, nervousness, loss of self-esteem, fre-
quent headaches, including traumatic psychological injury, emo-
tional duress, anger, permanently mentally scarred. Which I
cannot live a normal life anymore, the full extent of cannot
be measured in violation of the Eighth and Fourteenth Amendment
of the United States Constitution and caused plaintiff to suffer
damages in the sum of $1,000,000.

WHEREFORE, plaintiff respectfully prays this Court
to:

a)     Permanently enjoin the defendants, their assistants,
successors, employees and persons acting in concert or coopera-

Page 19

tion with them from further violating the rights, privileges
and immunities guaranteed to the plaintiff under the Constitution
of the United States of America;

b)      Grant compensatory damages to plaintiff in the sum of
$1,000,000.

c)      Grant punitive damages to plaintiff in the sum of
$2,000,000.

d)      Grant plaintiff plaintiff's cost's of this action includ-
ing reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:
Plaintiff did grieve and appeal this claim.

Grievance Number EL-40803-13--Title--KICKED AND PROVOKED, dated
April 18, 2013.

Superintendent denied the grievance.

On appeal CORC did grant Grievant's Request Unanimously Accepted
In Part.

Also, this Claim is not a prison condition. No exhaustion requir-
ement is needed.


**COUNT FOUR**

80.

80.      That plaintiff adopts by reference paragraghs
1 through 20.

81.      That on April 19, 2013 in the evening plain-
tiff was let out his G-Block, 5-Company, Cell-20 for a F. SANTI-
AGO, Sergeant grievance complaint EL-40-801-13--ORDERED TO BENCH,

investigation interview.

82.       That here at G-Block Sergeant's Office door
JOHN DOE, AKA "TINY", Correction Officer and another white male
unidentified white male prison guard was waiting for plaintiff.
"Be careful, he doesn't like pat frisk," said the unidentified
prison guard.

83.       That hereupon, JOHN DOE, AKA "TINY", Correc-
tion Officer orders plaintiff to place his hands on the wall.
Plaintiff complied.

84.       That then during this needless pat frisk
JOHN DOE, AKA "TINY", Correction Officer for his sexual gratifi-
cation used his penis through his clothes directly rubbing up
against plaintiff's buttocks and legs causing plaintiff to feel
the penis of JOHN DOE, AKA "TINY", Correction Officer through
his clothes.

85.       That JOHN DOE, AKA "TINY", Correction Officer
sadistic and wanton behavior caused plaintiff unnecessary inflic-
tion of incredible hardships, emotional duress, psychological
trauma, degradation, and humiliation, among other things.

A violation of United States Constitution Fourth Amendment,

Eighth Amendment and Fourteenth Amendment.

86.       That when this sexual abuse pat frisk was
over. Plaintiff was ordered into sergeant's office. Plaintiff
complied.

87.       That then plaintiff sat in chair directly
across the desk from sergeant SANTIAGO.

88.        That plaintiff was completely in fear, de-
spair and humiliation.

89.        That suddenly, JOHN DOE, AKA "TINY", Correc-
tion Officer called into Sgt's office through closed door--
"Sgt. do you need help?" A threatening innuendo.

The Constitutional basis for this claim under 42 U.S.C. § 1983 is
the Fourth Amendment; Eighth Amendment; and Fourteenth Amendment.

90.        That the acts of defedant JOHN DOE, AKA
"TINY", Correction Officer subjected plaintiff to unjustified
pat frisk in violation of the Fourth Amendment of the United
States Constitution and have caused plaintiff to suffer damages
in the sum of $250,000.

91.        That the acts of JOHN DOE, AKA "TINY", Cor-
rection Officer subjected plaintiff to cruel and unusual punish-
ment, sexual abuse, high levels of stress, mental anguish, anxi-
ety, fear, depression, low self-esteem, hopelessness, despair,
emotional duress, nightmares, loss of sleep, needless degradation
and humiliation, a life changing episode, permanently mentally
scarred contrary to legitimate penological interest, correctional
goals, and prison policy, procedure, rules and regulations,
the full extent of which cannot be measured in violation of
the Eighth and Fourteenth Amendments of the United States Consti-
tution and caused plaintiff to suffer damages in the sum of
$1,000,000.

WHEREFORE, plaintiff respectfully prays this Court
to:

a)      permanently enjoin the defendants, their assistants,
successors, employees and persons acting in concert or coopera-
åion with them from further violating the rights, privileges
and immunities guaranteed to the plaintiff under the Constitution
of the United States of America;

b)      grant compensatory damages to plaintiff in the sum of
$500,000;

c)      grant punitive damages to plaintiff in the sum of $500,000

d)      grant plaintiff plaintiff's costs of this action, includ-
ing reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:
Plaintiff did not grieve this Claim.

Also, this Claim is not a prison condition. No exhaustion re-
quirement is needed.


## COUNT FIVE


92.      That plaintiff adopts by reference paragraphs
1 throgh 20.

93.      That on April 22, 2013 approx. 7 p.m. at
G-Block, 5-Company, Cell-20, A. COLES, Correction Officer, acting
in concert, with deliberate indifference denied plaintiff recrea-
tion and stating: "If you stop being a dick-head you'll come
out."

94.      That not suprisingly, A. COLES, Correction Officer to cover-up his wrong doing in grievance complaint investigation submitted false statements in a pattern of DOCCS culture of corruption and dishonesty.

95.      that A. COLE, Correction Officer statement to Sgt. SANTIAGO is dated 9-21-13.

96.      That A. COLE, Correction Officer, undisguised disdain for plaintiff created an atmosphere of distrust, disbelief, disrespect, and deceit.

97.      That plaintiff filing grievance complaints against priosn guards was exercising his right of free speech.

98.      That consequently plaintiff was unfairly treated differently, hereupon, causing his civil rights being infringed upon.

A violation of the United States Constitution First Amendment, Eighth Amendment, and Fourteenth Amendment, and Equal Protection Clause.

The Constitutional basis for this claim under 42 U.S.C § 1983 is the First Amendment and Eighth Amendment and Fourteenth Amendment and Equal Protection Clause.

99.      That the acts of the defendant, subjected plaintiff to undue hardships, denied recreation, which consists of telephone, showers, barbershop, among other things, physical pain of headaches, upset digestive tract, nightmares; emotional

pain, high levels of stress, anxiety, fear, depression, anger, despair, humiliation, and needless degradation contrary to legitimate penological interest, correctional goals, and prison policy procedure, rules and regulations, the full extent which cannot be measured in violation of the First, Eighth, and Fourteenth Amendments of the United States Constitution and have caused plaintiff to suffer in the sum of $2,000,000.

WHEREFORE, plaintiff respectfully prays this Court to:

a)      permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of the United States of America;

b)      grant compensatry damages to plaintiff in the sum of $2,000,000;

c)      grant punitive damages to plaintiff in the sum of $2,000,000;

d)      grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:

Plaintiff did grieve and appeal this claim. Grievance Number EL-40868-13--Title--NOT BEING LET OUT/RETALIATION dated May 2, 2013. Superintendent denied the grievance. On appeal CORC did grant Grievant's Request Unanimously Accepted In Part. Also, this Claim is not a prison condition. No exhaustion requirement is needed.

Page 25

## COUNT SIX

100.     That plaintiff adopts by reference paragraphs
1 through 20.

101.     That on April 26, 2013 A. COLE, Correction
Officer, with deliberate indifference denied plaintiff recreation
at plaintiff's G-Block, 5-Company, Cell-20.

102.     That here A. COLE, Correction Officer made
an invidious and impenitent statement: "stop being a dick-head
and we'll let you out."

103.     That thereafter, on April 30, 2013, A. COLE,
Correction Officer, whom stated: "stop making up lies and you'll
come out," denying plaintiff evening recreation.

104.     That A. COLE, Correction Officer to cover-
up his wrong doing submitted false statements.

105.     That A. COLE, Correction Officer statement
to Sgt. Bynaum is dated 6/4/13.

106.     That plaintiff filing grievance complaints
against prison guards was exercising his right of free speech.

107.     That A. COLE, Correction Officer, undisguised
disdain for plaintiff created an atmosphere of distrust, disbe-
lief, disrespect, and deceit.

108.     That consequently plaintiff was unfairly
treated differently, hereupon causing his civil rights being
infringed upon.

a violation of the United States Constitution First Amendment and
Eighth Amendment and Fourteenth Amendment and Equal Protection

Clause.

The Constitutional basis for this Claim under 42 U.S.C. § 1983 is
the First Amendment and Eighth Amendment and Fourteenth Amendment
and Equal Protection Clause.

109.      That the acts of the defendant, subjected
plaintiff to undue hardships, denied recreation, which consists
of telephone, showers, barbershop, among other things, physical
pain of headaches, upset digestive tract, nightmares; emotional
pain, high levels of stress, anxiety, fear, depression, anger,
despair, humiliation, and needless degradation contrary to legit-
imate penological interest, correctional goals, and prison policy
procedure, rules and regulations, the full extent which cannot
be measured in violation of the First, Eighth, and Fourteenth
Amendments, and Equal Protection Clause of the United States
of America Constitution and have caused plaintiff to suffer
damages in the sum of $2,000,000.

WHEREFORE, plaintiff respectfully prays this Court
to:

a)      permanently enjoin the defendants, their assistants,
successors, employees and persons acting in concert or coopera-
tion with them from further violating the rights, privileges
and immunities guaranteed to the plaintiff under the Constitution
of the United States of America;

b)    grant compensatory damages to plaintiff in the sum of $2,000,000;

c)    grant punitive damages to plaintive in the sum of $2,000,000;

d)    grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:
Plaintiff did grieve and appeal this Claim. Grievance Number EL-40880-13--Title--HARASSED AND DEPRIVED, dated May 7, 2013 Superintendent gave no decision. On appeal CORC did grant GRIEVANTS'S REQUEST UNANIMOUSLY ACCEPTED IN PART.
Also, this Claim is not a prison condition. No exhaustion requirement is needed.

## COUNT SEVEN

110.    That plaintiff adopts by reference paragraph 1 through 20.

111.    That it is telling, going back to April 2013, then at DONELY, ORC, office, plaintiff had a Quarterly Interview, at that time, plaintiff reported, "I was sexually assulted by TIMOTHY PERRY, Correction Officer, during a pat firsk."

112.    That here, DONELY, ORC, told plaintiff "file charges against PERRY. I know who he is."

113.    That this means that, DONELY, ORC, was well aware, that

aware, that TIMOTHY PERRY, Correction Officer is a sexual preda-
tor and failed to protect plaintiff from substantial risk to
serious harm.

114.    That more than that, plaintiff made written
statement on his Quarterly Review pertaining to the sexual as-
sault he experienced.

115.    That DONELY, ORC failed to submit Prison
Rape Elimination Act (PREA) investigation report after learning
of the sexual assault.

116.    That plaintiff's Quarterly Review statement
is a genuine issue of material fact.

117.    That consequently due to DONELY, ORC neglect
of duty plaintiff was unfairly treated when his Quarterly Review
was not processed as being a victim of sexual assault by prison
guard TIMOTHY PERRY.

118.    That thereafter plaintiff experienced repeat-
ed sexual assaults, abuses, harassments threats, intimidations,
fear, mental abuse, emotional injury, retaliation, prison guard
assault and battery, anxiety, injuries, soft tissue problems,
post traumatic stress disorder (PTSD), degradation, low self-
esteem, depression, hopelessness, and despair.

119.    That hereupon causing plaintiff's civil
rights to be infringed upon.

A violation of the United States Constitution First Amendment and
Eighth Amendment and Fourteenth Amendment--Equal Protection Claus
and Due Process Clause.

The constitutional basis for this claim under 42 U.S.C. § 1983 is the First Amendment and Eighth Amendment and Fourteenth Amendment and Equal Protection Clause--Failure to Protect, and Due Process Clause.

120.     That the acts of the DONELY, ORC subjected plaintiff to undue hardships, substantial risk to serious harm, self-blame, social death, worrying, loss of hair, grinding of teeth, loss of mental energy, ashamed, powerless, hopelessness, insecurity, depression, elevated levels of stress, anxiety, nightmares, loss of sleep, upset digestive tract, despair and dehumanization which he cannot live a normal life anymore, the full extent of which cannot be measured in violation of the First Amendment, Eighth Amendment, Fourteenth Amendment--Equal Protection Clause and Due Process Clause and have caused plaintiff to suffer damages in the sum of $1,000,000.

WHEREFORE, plaintiff respectfully prays this Court to:

a)     permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of the United States of America;

b)     grant compensatory damages to plaintiff in the sum of $1,000,000;

c)     grant punitive damages to plaintiff in the sum of $1,000,000;

d)     grant plaintiff plaintiff's cost of this action, inclu-

ding reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:
Plaintiff did not grieve this Claim.

Also, this Claim is not a prison condition. No exhaustion requi-
rement is needed.


## COUNT EIGHT


121.    That plaintiff adopts by reference paragraphs
1 through 20.

122.    That on June 11, 2013 TIMOTHY PERRY, Correc-
tion Officer, working "Center Gate" for his sexual gratification
picked plaintiff for a pat frisk by ordering plaintiff to the
wall, without giving any reason whatsoever, after plaintiff
cleared magnetometer without any alarm, detection, and or signal.

123.    That plaintiff was en route to recreation
location "Field House."

124.    That plaintiff handed shower mesh bag to
TIMOTHY PERRY, Correction Officer, and then placed his hands
on the wall.

125.    That plaintiff was ordered by TIMOTHY PERRY,
Correction Officer to step back. Plaintiff complied.

126.    That TIMOTHY PERRY, Correction Officer,
removed the contents of plaintiff pant pockets, viz., ink pen,
phonebook, cigarette rolling papers, eye glasses, and handker-
chief.

127.    That TIMOTHY PERRY, Correction Officer, began rubbing, touching, squeezing and grabbing plaintff's body and clothes during the pat frisk with his hands.

128.    That and in so doing, forcibly and violently rubbed, touched, grabbed, and squeezed plaintiff's sexual and intimate body parts viz., genitals, penis, scrotum, rectum, and buttocks, with both his hands back and forth. Thus, trying to penetrate plaintiff's rectum intentionally and deliberately, albeit, unsuccessfully.

129.    That plaintiff felt horrible pain, despair, humiliated, embarrassed, angry, and mental anguish.

130.    That plaintiff looked to his right to see four (4) sergeants in the same area--thereabout three feet away. Also, two prison guards nearby. No one said or did anything.

131.    That herewith, TIMOTHY PERRY, Correction Officer, ordered plaintiff to take his property back. Then said, "get the fuck out of here--hurry up!"

132.    That plaintiff went up to the "Field House" with group; feeling humiliation and degradation and pain.

133.    That plaintiff looked for support from in-mates. There was none. Only acknowledgement.

134.    That plaintiff went to prison guard to report the sexual assault where there's a sign-up for general library.

135.    That this prison guard post is the table near by the magnetometer in the "Field House."

136.    That here the prison guard told plaintiff "I don't know what you're talking about."

137.    That plaintiff gave prison guard his ID to sign-up for general library.

138.    That prison guard stated: "I'm not taking that. You're not going to library! Grieve me!"

139.    That plaintiff felt hopeless. Prison guards "Brotherhood" refused to allow plaintiff to report the sexual assault he just experienced minutes ago.

A violation of the United States Constitution First, Eighth and Fourteenth Amendments, Failure to Supervise Clause, and Failure

Failure to Protect Clause, and Equal Protection Clause.

The constitutional basis for this Claim under 42 U.S.C. § 1983 is The First Amendment and Eighth Amendment and Fourteenth Amendment Due Process Clause, Equal Protection Clause, Failure to Supervise

Clause, and Failure to Protect Clause.

140.    That the acts of the defendant TIMOTHY PERRY, subjected the plaintiff to sexual assault of wanton infliction of pain, viz., soreness, swelling, abrasion, discomfort, and mental anguish, and humiliation, degradation, depression, high levels of stress, loss of sleep, nightmares, anxiety, embarrasment, emotional duress, and anger, the full extent of which cannot be measured in violation of the First Amendment, Eighth Amendment, Fourteenth Amendment, and Due Process Clause and Equal Protection Clause--Failure to Supervise Clause and Failure to Protect Clause of the United States of America Constitution and have caused plaintiff to suffer damages in the sum of $4,000,000.

Page 33

WHERFORE, plaintiff respectfully prays this Court

to:

a)        permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or coopera-tion with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the constitution of the United States of America;

b)        grant compensatory damages to plaintiff in the sum of $4,000,000;

c)        grant punitive damages to plaintiff in the sum of $4,000,000.

d)        grant plaintiff plaintiff's costs of this action, inclu-ding reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim: Plaintiff did grieve and appeal this Claim. Grievance Number EL-41105-13--Title--SEXUAL ASSAULT WITH FRISK dated June 23, 2013. Superintendent denied grievance. On appeal CORC UNANIMOUSLY DENIED GRIEVANTS REQUEST.

Also, this Claim is not a prison condition. No exhaustion requi-rement is needed.

## COUNT NINE

141.        That plaintiff adopts by reference paragraghs 1 through 20.

142.        That on July 26, 2013, plaintiff was sexually

assaulted by B. SCHIEBER, Correction Officer during pat frisk.

143.    That plaintiff approximately 3:30 p.m. was en route to "Ball Field" during recreation. Here at "Field House" garage door entrance--magnetometer present was two (2) prison guards and two (2) prison guards near the "Ball Field" entrance. The latter two (2) prison guards was pat frisking prisoners away from the magnetometer.

144.    That plaintiff cleared magnetometer without detection and or alarm. Instantly, the other prison guards informed B. SCHIEBER, Correction Officer, "he's the one who writes grievances."

145.    That hereupon, B. SCHIEBER, Correction Officer, with deliberate indifference picked plaintiff for a needless and unsupervised pat frisk. Thus, C.O. SCHIEBER never gave plaintiff reason for pat frisk.

146.    That no area supervising sergeant was present See, New York State DOCCS Departmental Directive No. 4910 § II, III. B. 2 a (4) and (5).

147.    That plaintiff complied by emptying his pockets, in so doing, placing his articles on the table viz., sunglasses, ink pen, and handkerchief.

148.    That then plaintiff placed both hands on staircase wall.

149.    That hereto, during the pat frisk, B. SCHIEBER, placing his hand between plaintiff's buttock touched plaintiff's buttock touched plaintiff rectum with his hand and finger.

Hereupon, caused plaintiff to have bowel movement, soreness, and abrasion in the rectum.

150.    That unfairly causing plaintiff's civil rights being infringed upon.

A violation of the United States of America Constitution Eighth Amendment--Cruel and Unusual Punishment Clause.

151.    That concomitantly, B. SCHIEBER, Correction Officer, subsumed in DOCCS arcane "Brotherhood" culture of corruption and dishonesty, with deliberate indifference retaliated wantonly against plaintiff for filing grievances against other prison guards.

152.    That herewith, during the pat frisk when B. SCHIEBER, Correction Officer told plaintiff "get your things off the table."

153.    That plaintiff picked up his sunglasses, ink pen, and handkerchief. Plaintiff looked at B. SCHIEBER name tag.

154.    That hereupon, B. SCHIEBER, Correction Officer, asked plaintiff "what you's looking at?"

155.    That in response, plaintiff states, "you!"

156.    That in reply , B. SCHIEBER, Correction Officer, asked "why?"

157.    That plaintiff responded, "you just touched my asshole! What is your name?" He said, "Schieber" and spelled

Page 36

it out "S-C-H-I-E-B-E-R."

158.   That "go back to your cell," said B. SCHIEBER, correction Officer.

159.   That another prison guard--white male, standing in same area, also, doing pat frisk states: "lift weights!" as innuendo to plaintiff's protest and complaint of sexual assault, during plaintiff's exiting the pat frisk area and "Field House" entrance.

Page 37

160.    That en route back

to plaintiff's cell. He reported the

Sexual assault to approximately Five

(5) prison guards standing at "Center

Gate" -- one prison guard was named

"Williams."

161.    That the prison guards

asked: "What happened? Why you going

back to your cell?"

162.    That "I was just

Sexually assaulted during a pat Frisk,

Page 38

I don't feel good," in response, said

plaintiff.

163.   That the prison guards

all chimed in except one. They stated:

"Don't come out your cell! Be a man!

C.O. Williams states: "don't write

grievances!"; "Back in the day writing

grievances -- you were labeled a rat!"

Stated another prison guard. They all

laughed and berated plaintiff.

164.   That they ordered

Page 39

to return to his cell. Plaintiff complied.

165. That plaintiff immediately signed-up for sickcall.

166. That thereafter that same evening B. SCHIEBER, correction officer took 5-company evening chow list. Plaintiff requested chow and law library 6:30p.m. Callout. In any event, plaintiff was not let out.

167. That later while plaintiff was receiving his legal mail he was

Page 40

he was informed by prison guard "you're

Keep lock, I do not know why."

168.   That in truth,

plaintiff received no feed-up tray.

169.   That on July 27,

2013, approximately 7:30 p.m. plain-

tiff received a false document Tier

II Misbehavior report authored by B.

SCHIEBER, correction officer in re-

taliation because plaintiff reported

the sexual assault.

Page 41

170.      That the false

document Tier II False Misbehavior report

charged plaintiff with ' threats towards

staff " and " failure to follow an order."

171.      That unfairly causing

plaintiff's civil rights being infringed

upon.

A violation of the United

States of America Constitution First

Amendment -- Freedom of Speech --

Page 42

Retaliation Clause

The constitutional basis for this claim under 42 U.S.C. section 1983 is the First Amendment -- Freedom of Speech Clause - Retaliation Clause; and Eighth Amendment Cruel and Unusual Punishment Clause.

172.   That the acts of defendant B. SCHIEBER, correction officer subjected plaintiff to undue

Page 43

hardships, inhumane horrendous pat Frisk,

sexual assault, retaliatory False mis-

behavior report, hopelessness, high levels

of stress, low self-esteem, anxiety,

Fear, depression, anger, despair, humili-

ation, and needless degradation, the

full extent of which cannot be measured

in violation of the First Amendment-

Freedom Speech Clause -- Retaliation

Clause and Eighth Amendment's --

Cruel and Unusual Punishment

Page 44

Clause of the United States Constitution
and have caused plaintiff to suffer damages
in the sum of $5,000,000.

WHEREFORE, plaintiff respectfully
prays this Court to:

a)    permanently enjoin the defendants,
their assistants, successors, employees
and persons acting in concert or cooper-
ation with them from further violating
the rights, privileges and immunities

Page 45

guaranteed to the plaintiff under the Consti-
tution of the United States of America;

b)   grant compensatory damages to

plaintiff in the sum of $1,000,000;

c)   grant punitive damages to

plaintiff in the sum of 1,000,000;

d)   grant plaintiff plaintiff's cost

of this action, including reasonable

attorney fees.


Exhaustion of Your Administrative Remedies
For This Claim:

Page 46

Plaintiff did grieve and appeal this Claim.

Grievance Number GH-80561-15-Title--

FALSE MBR.

Superintendent denied the grievance

On appeal CORC Unanimously Denied

Grievant's Request.

Also, this Claim is not a prison Condition.

No exhaustion requirement is needed.

# COUNT TEN

Page 47

173.     That plaintiff adopts

by reference paragraphs 1 through 20.

174.     That plaintiff, at

the time, in the months of December

2013 and January 2014, along with

C-Block odd / uneven companies 1, 3,

5, 7 were being Freezed out" as

cruel and unusual punishment and re-

taliation. Including the dates Dec. 16,

24, 30, 31, 2013, and Jan. 2, 3, and

4, 2014.

Page 48

175.     That plaintiff at this
time could not protect himself from the
" Polar vortex" brutal cold weather
system because the nefarious and in-
corrigible prison guards refused to
close the windows.

176.     That unfairly causing
plaintiff's civil rights being infringed
upon.

     A violation of the United

Page 49

States of America Constitution Eighth

Amendment -- Cruel and Unusual Punishment

Clause.

177.       That plaintiff was

a witness to Mr. Green an inmate

whom was locked at C-Block, 1-Company,

2-Cell, unsuccessfully remonstrated

to all prison staff to close the

windows.

178.,     That in truth it was

Page 50

colder inside our prison cells than the temperature outdoors.

179. That prison guards were wearing hats, gloves. and coats to protect themselves from the cold.

180. That most critically, because of his protest. Mr. Green was brutally assaulted by B. SCHI-EBER, correction officer, on January 4, 2014.

181. That on January

Page 51

10, 2014, plaintiff, whom was en route
to law library callout was targeted for
a needless pat Frisk in the main Hallway --
Mess Hall Corridor. Hereupon, B. SCHIEBER,
Correction officer with deliberate indif-
ference read aloud For everyone to
hear the Content oF the legal papers.

182. That as a result,
plaintiff feels insecure and threatened
not to File legal papers out oF Fear
oF reprisals and retaliation.

183.     That subsequently plaintiff out of fear
did not prepare and file lawsuits in New York State Court of
Claims against defendants B. Schieber, Correction Officer, A.
Cole, Correction Officer, Donely, ORC, among others, defendants
that were dismissed with prejudiced in this Court.

184.     That plaintiff's family court matter petition
was dismissed solely because prison guard Learner refused to
give plaintiff his legal mail.

185.     That the above-preceding paragraphs non-
frivoulous claims was both prejudiced and hindered respectively
when B. SCHIEBER, Correction Officer read aloud with deliberate
indifference for everyone to hear plaintiff's legal papers.

186.     That unfairly causing plaintiff's civil
rights being infringed upon.

A violation of the United States of America Constitution First
Amendment--Harassment Clause

187.     That notwithstanding, plaintiff notified
Mr. Vern Fonda, Inspector General, in writing a letter dated
January 24, 2014 of the situation in C-Block and Mr. Green peril
circumstance.

188.     That thereafter, on or about January 31,
2014, B. SCHIEBER, Correction Officer came to plaintiff cell,
C-Block, 1-Company, 5-Ccell.

189.     That B. SCHIEBER, Correction Officer acting as a homosexual for his sexual gratification began making sexual advances toward plaintiff by blowing kisses and calling plaintiff "Cinnamon."

190.     That later same evening approximately 8 p.m. B. SCHIEBER, Correction Officer, came back to plaintiff's cell and stated: "Cinnamon," why didn't you come out tonight? I'll see you tomorrow," herewith, "he's playing like he's sleep." Telling the prison guard in officers' stattion.

191.     That B. SCHIEBER, Correction Officer, on February 3, 2014, again came to plaintiff's C-Block, 1-Company, 5-Cell.

192.     That here, B. SCHIEBER, Correction Officer for his sexual gratification and without justification used his baton on plaintiff's foot, in so doing, to wake-up plaintiff, then began with threats and intimidation states: "hey cinnamon, why didn't you come out today? When you come out your cell I'm going to fuck-you up!" "You little bitch!"

193.     That shortly thereafter, B. SCHIEBER, Correction Officer, with deliberate indifference threw a cup of water on plaintiff while plaintiff was lying down in his cell. Witnessing this, CHAD BESCLER, Correction Officer was with him and began laughing at plaintiff.

194.     That plaintiff experienced degradation, humiliation, emotional trauma, psychological trauma, depression, low self-esteem, despair, and was treated without dignity.

195. That thereafter, on February 4, 2014, approx. 12 p.m. plaintiff was interviewed by Mr. LOVELACE, Inspector General for DOCCS about B. SCHIEBER, Correction Officer barbaric and brutal unprovoked assault on Mr. Green, prisoner, whom was taken to the "Box" after being assaulted.

196. That this means that, B. SCHIEBER, Correction Officer, was well aware of the Inspector General investigation and repeatedly threatened, harassed, intimidated and retaliated against plaintiff for contacting Inspector General on behalf of Mr. Green, among other things, his wanton and sadistic behavior.

197. That all things considered the above-preceding paragraphs unfairly causing plaintiff's civil rights being infringed upon.

A violation of the United States Constitution First Amendment, Harassment Clause--Retaliation Clause; and Eighth Amendment-Cruel and Unusual Punishment Clause.

The Constitutional basis for this claim under 42 U.S.C. § 1983 is the First Amendment--Harassment Clause--Retaliation Clause; and Eighth Amendment--Cruel and Unusual Punishment Clause.

198. The acts of B. SCHIEBER, Correction Officer subjected plaintiff to undue hardships, emotional duress, prolong periods of bitter cold temperatures, substantial risk to serious

harm, self-blame, mental anguish, loss of mental energy, low self-esteem, social death, worrying, loss of hair, grinding of teeth, fear, upset digestive tract, ashame, powerless, in-security, hopelessness, depression, loss of sleep, elevated levels of stress, anxiety, despair, and dehumanization which he cannot live a normal life anymore, contrary to legitimate penological justification, correctional goals, and prison policy and procedure and rules and regulation, the full extent of which cannot be measured in violation of the First Amendment and Eighth amendment and have caused plaintiff to suffer damage in the sum of $2,000,000.

WHEREFORE, plaintiff respectfully prays this Court to:

a)      permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or coopera-tion with them further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of the United States of America;

b)      grant compensatory damages to plaintiff in the sum of $1,000,000;

c)      grant punitive damages to plaintiff in the sum of $1,000,000;

d)      grant plaintiff plaintiff's cost of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:

Plaintiff did grieve and appeal this Claim. Grievance complaint #EL-42-42163-14--entitled--HARASSED/THREATENED/LEGAL WORK READ, dated February 4, 2014. Superintendent denied grievance. On appeal CORC Grievant's Request Unanimously Accepted In Part. Also, this Claim is not a prison condition. No exhaustion requirement is needed.

## COUNT ELEVEN

199.     That plaintiff adopts by reference paragraphs 1 through 20.

200.     That TIMOTHY PERRY, Correction Officer, On January 24, 2014, approximately 7:30 p.m. for his sexual gratification, again, sexually assaulted plaintiff during a needless pat frisk.

201.     That here at Main Hallway--Mess Hall corridor plaintiff was en route to "Field House," which, at the magnetometer he cleared without incident, detection, alarm, and or signal.

202.     That nonetheless, plaintiff was targeted for a pat frisk by unknown white male prison guard.

203.     That hereupon, TIMOTHY PERRY, Correction Officer states: "let me get this one." Meanwhile plaintiff feared for his life, safety and health.

Page 57

204.    That plaintiff

Followed TIMOTHY PERRY, correction officer

commands which was "put your hands on

the wall. Step back further."

205.    That TIMOTHY PERRY,

correction officer, with deliberate indif-

Ference repeated wanton and sadistic

behavior states: "you will get with

the program," in innuendo.

206.    That immediately,

TIMOTHY PERRY, Correction officer

Page 58

began rubbing plaintiff's intimate and
sexual body parts with both his hands
including chest. Among other factors,
rubbed and touched plaintiff's genitals
and penis then rubbed and squeezed
buttock for his unrentless homosexual
idiosyncrasies.

207.    That hereupon
unfairly causing plaintiff's civil
rights being infringed upon.

Page 59

A violation of the United States

Constitution Eighth Amendment - Cruel

and Unusual Punishment Clause.


208.    That on January 28,

2014, plaintiFF's primary care provider

performed PREA medical examine for

the January 24, 2014 Sexual

assault perpetuated by TIMOTHY

PERRY, correction officer,

209.    That thereafter,

Page 60

TIMOTHY PERRY, correction officer on

February 6, 2014 approximately 3 p.m.

at C-Block, 1-Company, 5-cell called

plaintiff "faggot" and in so doing

tormented and degraded and humiliated

plaintiff.

20.    That hereupon unfairly

causing plaintiff's civil rights to be

infringed upon,

A violation of the United

Page 61

OF America Constitution First Amend-

ment -- Freedom of speech --

Harassment clause -- Retaliation

Clause ; Eighth Amendment--Verbal Harassment

211.   That thereafter on

February 6, 2014, approximately 5 p.m.

at plaintiff's C-Block, 1-Company,

5-cell location, an unnamed white

male seryeant came to interview

plaintiff about C O B. SCHIEBER.

212.   That here, the

Page 62

Sergeant conducting the investigation
refused to allow an I.G.R.C. repre-
Sentative to give plaintiff advise.
Thus, the sergeant refused to take
plaintiff complaint Serious. The
sergeant did not take any information.
The interview lasted approximately
one (1) minute.

213.     That plaintiff
Felt hopeless and that his life
was in despair suffering from

Page 63

depression, anxiety, low self-esteem
and humiliation.

The Constitutional basis for
this claim under 42 U.S.C. Section
1983 is the First Amendment,
Freedom of Speech -- Harassment
Clause -- Retaliation Clause;
and Eighth Amendment -- Cruel
and Unusual Punishment Clause.

Page 64

214.      That the acts of
TIMOTHY PERRY, Correction Officer
Subjected plaintiff to undue hardships,
sexual assualt, abuse, retaliation,
emotional duress, substantial risk
to serious harm, self-blame, mental
anguish, loss of mental energy, low
self-esteem, social death, worrying,
loss of hair, grinding of teeth, Fear,
upset digestive tract, ashame,
powerless insecurity, hopelessness,

Page 65

depression, loss of sleep, elevated

levels of stress, anxiety, despair and

dehumanization which he cannot live a

normal life anymore, contrary to legit-

imate penological justification, cor-

rection goals, and Prison Policy and

Procedure and Rules and Regulation,

the full extent of which cannot

be measured in violation of the

First Amendment -- Freedom of

Speech clause - Harassment Clause-

Page 66

Retaliation Clause, and Eighth Amendment
cruel and Unusual Punishment Clause
and have caused plaintiff to suffer
in the sum of $ 2,500,000.

WHEREFORE, plaintiff
respectfully prays this Court to:
a) permanently enjoin the defendants,
their assistants, successors, employees
and persons acting in concert or coop-
eration with them further violating

Page 67

the rights, privileges and immunities

guaranteed to the plaintiff under the

Constitution of the United States of

America;

b)   grant compensatory damages

to plaintiff in the sum of $ 1,000,000;

c)   grant punitive damages to

plaintiff in the sum of $1,000,000;

d)   grant plaintiff plaintiff's

cost of this action, including reasonable

attorney fees,

Page 68

## Exhaustion of Your Administrative Remedies For This Claim:

Plaintiff did not grieve and appeal this Claim.

Also, this claim is not a prison condition. No exhaustion requirement is needed.

# COUNT TWELVE

215.    That plaintiff adopts by reference paragraphs 1 through 20.

Page 69

2/6.   That B. SCHIEBER,
Correction Officer, on February 10, 2014
approximately 3:30p.m. came to plaintiff's
C-Block, 1-company, Cell-5 for his
sexual gratification as a sexual
predator and made sexual advancement
toward plaintiff in homosexual idio-
syncrasies using both his hands.
2/7.   That shortly there-
after, B. SCHIEBER, correction
Officer, returning, repeatedly for-

Page 70

his sexual gratification made sexual
advancement toward plaintiff. Blows a
Kiss into his cell.

218.    That soon later,
while plaintiff was exiting mess Hall,
CO B. SCHIEBER still repeatedly
For his sexual gratification and un-
relentless wanton and sadistic behavior
calls plaintiff "Faggot!"

219.    That plaintiff felt
ashamed, humiliated, degraded.

Page 71

and hopeless Knowing that his life is in

despair, among other things.

220.    That B. SCHIEBER,

Correction Officer, on February 11, 2014

approximately 4:30p.m. made serious

threats at plaintiff at plaintiff's

C-Block, 1 Company, 5-cell.

221.    That here, B.

SCHIEBER, Correction Officer with

deliberate indifference states: " Come

out your cell to get your ass whipping!"

Page 72

223.     That plaintiff

Feels his life, health, and safety

was in jeopardy. His life is perilously

is despair!

224.     That the next

day. B. SCHIEBER, Correction

officer, on February 12, 2014

made serious threats at plaintiff's

C-Block, 1 company, 5-cell, approx.

4:30 p.m.

225.     That here,

Page 73

B. SCHIEBER, correction officer with
deliberate indifference began threats
with wanton malicious behavior
when he states: "hey girl, what
are you working on? Don't hide
in your cell! Come out tomorrow to
get your ass whipping! You're
always bitching and writing grievances!"

226.    That plaintiff felt
his life was in jeopardy, hopeless,
emotional duress, and in despair!

Page 74

227.        That unfairly

causing plaintiff's civil rights being

infringed upon.

A violation of the United

States of America Constitution

First Amendment -- Freedom of speech--

Retaliation clause

228.        That C. DIEGO,

Captain, subsumed in Doccs arcane

"Brotherhood" of corruption and dis-

honesty was well aware of the facts

Page 75

of plaintiff's repeated sexual assaults,

sexual abuses, sexual hassments, re-

taliations, intimidations, and treats

from statements, reports, and or in-

vestigations then failed to act, to

protect and or prevent plaintiff

from substantial risk to serious

harm in order to cover-up the

pattern of prison guards wrong doings.

229.      That C. DIEGO,

Captain, employed in a position of

Page 76

control created a custom under which

unconstitutional practices occurred

of sexual assaults, abuses, and

harassment, during pat Frisk and

retaliation for reporting sexual abuse

and harassment.

230.   That the The

Correctional Association of New York-

Prison Visiting Project (hereinafter

(A) visited Elmira Corr. Fac. in

March 2010 to assess the programs

Page 77

physical facilities, and conditions for
both staff and inmates within the
prison, among other things.

     231.    That the CA report
on page 13 states; " The response
rate for incidents of sexual abuse
places Elmira in the top third of all
CA-surveyed prisons for frequency
of sexual abuse, signifying that the
inmates perceive more abuse at
Elmira than at other prisons we have

Page 78

Visited. [10] "

232.   That preceding foot-
note #10 states: " In an August
2010 report Sexual victimization
in prisons and Jails Reported by
Inmates, 2008-09, the U.S. Dept-
ment of Justice Bureau of Statics
ranked Elmira with the third highest
rate of Staff Sexual misconduct
in all 167 surveyed male prisons
in the U.S,

Page 79

233.     That Furthermore,

"Fifty-eight percent of survey

respondents reported experiencing an

abusive pat frisk at least once.

Similiar to the average at all

CA-visited facilities. We suggest

that facility admistrators examine

this high rate of sexual abuse

between staff and inmates and

amony inmates to determine its

root cause and explore methods of

Page 80

prevention." A striking point for plaintiff. See, Exhibit A.

234. That with this in in mind C. DIEGO, captain knew that subordinates TIMOTHY PERRY, Correction Officer, Sgt. JEFFERY CLAFLIN, CHAD BESCLER, Correction Officer, A. COLE, Correction Officer, JOHN DOE, AKA "TINY", Correction Officer, and B. SCHIEBER correction officer would act unlawfully and

Page 81

havenorespect For the rule of law and Failed to stop them From doing so.

235.      That Consequently plaintiff has suffered undue hardships, physical injuries and mental injuries, alike.

236.      That G. KELLER, Captain, subsumed in Ooccs arcane "Brotherhood" of corruption and dis-honesty was well aware of the Facts of plaintiff's repeated sexual assaults,

Page 82

Sexual abuses, sexual harassments,

retaliations, intimidation and threats

From statements, reports, and or

investigations then failed to act,

to protect and or prevent plaintiff

From substantial risk to serious

harm in order to cover-up the

pattern OF prison guard's wrong

doing.

      237.    That G.

KELLER, Captain employed

Page 83

in a position of control created a

custom under which unconstitutional

practices occurred of sexual assaults,

abuses, and harassment, during pat Frisk

and retaliation for reporting sexual

abuse and harassment. See

Discussion paragraphs 230 - 233

238.      That with this

in mind G. KELLER, Captain Knew

that subordinates TIMOTHY PERRY

correction officer, Sgt. JEFFERY

Page 84

CLAFLIN, CHAD BESCLER, correction

OFFicer, A. COLE, correction officer,

JOHN DOE, AKA "TINY", correction

Officer, and B. SCHIEBER, correction

Officer would act unlawfully and have

no respect for the rule of law and

Failed to stop them from doing so.

239. That again

consequently plaintiff has suffered

irrepairable harm and undue hardships,

physical injuries and mental injuries

alike.

Page 85

240.    That  S, J,

WENDERLICH, Deputy Superintendent

For Security Services, Subsumed in

DOCCS arcane "Brotherhood" of

corruption and dishonesty was well

aware of the Facts of plaintiff's

repeated sexual assaults, sexual

abuses, sexual harassments, re-

talalations, and threats from State-

ments, reports, and or investiga-

tions then Failed to act, to protect

Page 86

and or prevent plaintiff from substan-
tial risk to serious harm in order to
cover-up the pattern of prison guard
wrong doing.

241.        That S. J.

WENDERLICH, Deputy Superintendent
For Security Services whom is employed
in a position of control created a
Custom under which unconstitutional
practices occurred of sexual
assaults, abuses, and harassments,

Page 87

during pat frisk and retaliation for

reporting sexual harassment, See,

Discussion paragraphs 230-233. Also,

See, Exhibit A.

242.    That with this

in mind S. J. WENDERLICH, Deputy

Superintendent for security Services

whom Knew that subordinates

TIMOTHY PERRY, Correction Officer,

SGT. JEFFERY CLAFLIN, CHAD

BESCLER, Correction OFFicer,

Page 88

A. COLE, correction officer, JOHN DOE,

AKA "TINY", correction officer, and

B. SCHIEBER, correction officer would

act unlawfully and have no respect for

the rule of law and failed to stop

them from doing so.

243.        That again

consequently plaintiff has suffered

irrepairable harm and undue hardships,

physical injuries and mental injuries,

alike,

Page 89

244.    That PAUL

PICCOLO, Deputy Superintendent for

security services subsumed in Doccs

arcane "Brotherhood" of corruption

and dishonesty was well aware of the

facts of plaintiff's repeated sexual

assaults, sexual abuses, sexual

harassments, retaliations, intimi-

dations, and threats from statements,

reports grievances and or investigations

then failed to act, protect and or

Page 90

plaintiff from substantial risk to serious

harm in order to cover-up the pattern

of prison guard wrong doings.

245.        That PAUL PICCOLO

Deputy Superintendent for Security

Services whom is employed in a position

of control created a custom under

which unconstitutional practices

occurred of sexual assaults, abuses,

and harassments during pat Frisk

and retaliation for reporting sexual

Page 91

harassment. See Discussion para-

graphs 230-233. Also see Exhibit A.

246.    That with this

in mind PAUL PICCOLO, Deputy

Superintendent for security Services

Whom Knew that subordinates TIMOTHY

PERRY, Correction Officer, SGT. JEFFERY

CLAFLIN, CHAD BESCLER, Correction

Officer, A. COLE, correction officer

JOHN DOE, AKA "TINY," Correction

Officer and B. SCHIEBER, Correction

Page 92

officer would act unlawfully and have

no respect for the rule of law and

failed to stop them from doing so.

247.    That again,

consequently, plaintiff has suffered

irreparable harm and undue hardships,

physical injuries and mental injuries,

alike.

248.    That PAUL CHAPPIUS,

JR., Superintendent, subsumed in

DOCCS arcane "Brother-hood" of

Page 93

of corruption and dishonesty was well aware

of the repeated sexual assaults, sexual

abuses, sexual harasment and retali-

ations, threats and intimidations

through investigation of grievances

and appeals, reports and documents

by and for the plaintiff and with

deliberate indifference refused to

take corrective action and or remedy

the wrongs.

Page 94

249,    That PAL

CHAPPIUS, Jr., Superintendent whom

in a position of control created a custom

under which unconstitutional practices

occurred of sexual assaults, abuses,

and harassment, during pat Frisk,

and retaliation for reporting sexual

abuse and harassment, See Dis-

cussion paragraphs 230-233,

See, also Exhibit A,

Page 95

250.     That in addition

a geniune issue of material fact exist.

Which means that PAUL CHAPPIUS, JT.

Superintendent, whom cloak of ignorance

has no respect for the rule of the

law and has to held accountable

to all CORC decision. See Exhibit

B.

251.     That more than

that PAUL CHAPPIUS, JT.,

Superintendent Failure to supervise

Page 96

his subordinates was grossly negligent

when he failed to act, protect and/or

prevent plaintiff from substantial

risk to serious harm in collusion

with his subordinates to cover-up

the patter of prison guards wrong

doings, in so doing, condoning and

promoting unprovoked repeated sexual

assaults, sexual abuses, sexual

harassments, threats, and intimi-

dations against plaintiff, see

EXHIBIT C.

Page 97

252.    That with this

in mind PAUL CHAPPIUS, JR., Superin-

tendent, whom knew that subordinates

TIMOTHY PERRY, Correction Officer,

SGT. JEFFERY CLAFLIN. CHAD BESCLER,

Correction Officer, JOHN DOE, A.K.A.

"TINY", Correction Officer and B.

SCHIEBER, correction officer would

act unlawfully and have no respect

for the rule of law and failed to

stop them from doing so.

Page 98

253. That consequently,
plaintiff ascribes his undue hardships
and needless pain and suffering, injuries
and emotional and psychological trauma
to PAUL CHAPPIUS, Jr., Superintendent.

254. That ANTHONY J.
ANNUCCI, Acting Commissioner,
subsumed in DOCCS arcane "Brother-
hood" of corruption and dishonesty
was well aware of the facts of plaintiff
being repeatedly sexual assaulted,

Page 99

Sexually abused, sexually harassed,
retaliations, intimidations, and threats
from the reports, grievances and
appeals, investigations, and statements
and failed to take corrective action and
or remedy the wrongs, in so doing,
condoning and promoting unprovoked
repeated sexual assaults, sexual
abuses, sexual harassments, threats,
and intimidations in order to cover-
up his subordinates wrong doings

Page 100

against plaintiff. See Exhibit D.

255. That ANTHONY J.

ANNUCCI, Acting Commissioner whom is

employed in a position of control

created a custom under which

unconstitutional practices occurred

of sexual assaults, abuses, and

harassments during pat frisk and re-

taliation for reporting sexual haras-

sment. See Discussion paragraphs

230-233. Also See Exhibit A.

Page 101

256.    That in addition

a geniune issue of material fact

exist. which means that ANTHONY

J. ANNUCCI. Acting commissioner, whom

Cloak of ignorance has no respect

for the rule of the law and has to

be held accountable to New York

State Correction Law section 112 and

DOECS Directive #4028A.

257.    That with this

in mind ANTHONY J. ANNUCCI,

Page 102

Acting Commissioner whom knew that

Subordinates TIMOTHY PERRY, Correction

Officer, SGT. JEFFERY CLAFLIN, CHAD

BESCLER, correction officer, A. COLE,

Correction Officer, JOHN DOE, AKA

"TINY," Correction Officer and B.

SCHIEBER, Correction Officer would

act unlawfully and have no respect for

the rule of law and failed to stop them

from doing so.

258.    That consequently

Page 103

plaintiff has permanent physical and

mental injuries, pain and suffering, including

depression, emotional trauma and undue

hardships, among other things.

259. That all things

considered the above-preceding paragraphs

unfairly causing plaintiff's civil rights being

infringed upon.

A violation of the United

States Constitution First, Eighth and

Page 104

Fourteenth Amendments - Freedom of Speech

Cruel and Unusual Punishment Clause --

Failure to Protect - Failurt to

Supervise,

The Constitutional basis for this

Claim under 42 U.S.C. section 1983 is

the First Amendment, Eight

Amendment and Fourteenth Amendments--

Freedom of speech - Retaliation Clause --

Cruel AND Unusual Punishment Clause -

.

Page 105

Equal Protection Clause -- Failure to
Protect and Failure to Supervise.

260.      That the acts of the
defendants, and each of them, subjected
plaintiff to undue hardships, substantial
risk to serious harm, loss of mental
energy, low self-esteem, social
death, worrying, loss of hair, grinding
of teeth, fear, anxiety, high, level
of stress, headaches, hopelessness,
humiliation, upset digestive tract,

Page 106

powerless insecurities, depression, nightmares,

loss of sleep, despair and dehumanization

of repeated sexual assaults, sexual

abuses, sexual harassments, retaliations

intimidations and threats, hemorrhoids,

anal itching, discomfort, and perma-

nently psychologically scarred, which

he cannot live a normal life anymore,

contrary to legitimate penological

justification, correction goals and

prison policy and procedure and

Page 107

rules and regulation the full extent of
which cannot be measured in violation of
the First Amendment, Eighth Amendment,
Fourteenth Amendment, Due Process Clause
And Equal Protection Clause — Failure
to Protect and Failure to Supervise and
have caused plaintiff to suffer damages
in the Sum of $5,000,000.

WHEFORE, plaintiff respectfully
prays this Court to:

Page 108

a)    permanently enjoin the defendants,

their assistants, successors, employees and

persons acting in concert or cooperation

with them further violating the rights,

privileges and the Constitution of

the United States of America;

b)    grant compensatory damages to

plaintiff in the sum of $ 2,000,000;

c)    grant punitive damages to plaintiff

in the sum of $ 2,000,000;

Page 109

d)    grant plaintiff plaintiff's

cost of this action, including reasonable

attorney fees.


Exhaustion of Your Administrative

Remedies for This Claim:

Plaintiff did grieve and appeal this claim.

Grievance Complaint Number EL-42205-14

Entitled -- DISCRIMINATING SLURS/ACTIONS

Dated February 10, 2014.

Superintendent denied the grievance.

Page 110

On appeal CORC Grievant's Request

Unanimously Accepted In Part.

Also, this Claim is not a Prison Condition

No exhaustion requirement is needed.


Dated: June 1, 2017        Respectfully Submitted,
        Stormville, New York

                            DARRELL GUNN 03-B-2445
                            Plaintiff, pro se