UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK.

DARRELL GUNN,

PLAINTIFF,

SECOND AMENDED
COMPLAINT

CIVIL ACTION
CASE NO.:
6:16-CV-06206
JURY TRIAL DEMANDED

-VERSUS-

CHAD BESCLER, correction officer,
JEFFERY CLAFLIN, Sergeant,
A. COLES, Correction officer,
HARKNESS, AKA "TINY" Correction officer,
TIMOTHY PERRY, Correction officer,
B. SCHIEBER, Correction officer,

DEFENDANTS.

Page 2

PLEASE TAKE NOTICE,
that enclosed is an original caption
second amended complaint Filed in this
action as a matter of course, adding
one Harkness Also Known as "Tiny"
correction officer and adding new
counts, pursuant to Rule 15(a),
Federal Rules of Civil Procedure.
Plaintiff States;

JURISDICTION AND VENUE

Page 3

1.    That plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. Section 1344 to obtain the costs of suit, including reasonable attorney fee, and damages suffered by plaintiff and caused by defendants' violation of his rights guaranteed in the Eighth and Fourteenth Amendments to the Constitution

Page 4

of the United States and by Federal law,

particularly 42 U.S.C. section 1983.

2.      That this court also

has jurisdiction of this action under

28 U.S.C. section 1331, in controversy

arises under the First, Fourth, Eighth,

and Fourteenth Amendments of the

constitution of the United States.

3.      That the violation

of plaintiff's rights was committed

within New York State.

Page 5

# PARTIES

4,      That plaintiff Darrell Gunn, D.I.N. 03-B-2443 is a citizen of the United States of America and was at all times relevant herein a prisoner of New York State Department of Corrections and Community Supervision, incarcerated at the Elmira Correctional Facility, P.O. Box 500, Elmira, New York 14902,

Page 6

5.    That defendant

JEFFERY CLAFLIN, Sergeant was at

all times relevant herein a duly

appointed, qualified and acting sergeant

of the Elmira Correctional Facility, and

at all times relevant herein was

resident of Chemung County, Elmira,

New York.

6.    That defendant CHAD

BESCLER, Correction Officer was at

Page 7

all times relevant herein a duly appointed, qualified and acting Corrections Officer of the Elmira Correctional Facility, and at all times relevant herein was a resident of Chemung County, Elmira, New York.

  7.  That A. COLES, Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer

Page 8

OF the Elmira Correctional Facility, and at all times relevant herein was a resident of Chemung County, Elmira, Elmira, New York.

8.     That defendant HARKNESS Also Known as "TINY" Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer OF the Elmira Correctional Facility, and at all times relevant herein was a resident of Chemung County, Elmira, New York.

Page 9

9.   That defendant TIMOTHY

PERRY, CORRection Officer, was at all times

relevant herein a duly appointed, qualified

and acting Corrections Officer OF the Elmira

Correctional Facility, and at all times

relevant herein was a resident oF

Chemung county, Elmira, New York.

10.   That defendant B. SCHIEBER,

Correction Officer, was at all times

relevant herein a duly appointed,

Page 10

qualified and acting Corrections officer of the Elmira Correctional Facility, and at all times relevant herein was a resident of Chemung County, Elmira, New York.

11.    That defendants CHAD BESCLER, Correction officer, JEFFERY CLAFLIN, sergeant, A. COLES, Correction officer, HARKNESS Also Known as "TINY" Correction officer, TIMOTHY PERRY,

Page 11

Correction officer and B. SCHIEBER,

Correction officer are sued indivi-

dually. Relief is sought against each

defendant as well their agents, assis-

tants, successor, employees, and

persons acting in concert or cooperation

with them or at their direction or under

their supervision.

12.    That at all relevant

herein, the defendants CHAD BESCLER,

Page 12

Correction officer, JEFFERY CLAFLIN, Sergeant, A. COLES, Correction Officer, HARKNESS Also Known as "TINY" Correction Officer, TIMOTHY PERRY, Correction Officer, and B. SCHIEBER, Correction Officer and their agents, assistants, and employees acted pursuant to the Policies, regulation or decisions officially adopted or promulgated by those in the New York State Department of Corrections and Community Supervision whose acts

Page 13

may fairly be said to represent official

policy or were pursuant to governmental

custom of the New York Department of

Corrections and Community Supervision.

13,     That at all times relevant

herein, defendants have acted under

the color of authority of the law of New

York State or in active concert with

such defendants who are so acting.

Page 14

## PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuit in State or Federal Court dealing with these same Facts involved in this action?

YES.

1.   Name(s) of the parties to this other lawsuit:

Plaintiff: DARRELL GUNN 03-B-2443

Defendant: State of NEW YORK (T. PERRY, CORRECTION OFFICER)

2. COURT; STATE OF NEW YORK COURT OF CLAIMS

Page 15

3.   Claim No. 124108

4.   The approximate date the action was filed:

April 9, 2014.

5.   Name of Judge whom case was assigned.

Hon. Catherine C. Schaewe, J.

6.   Disposition (consolidated) dismissed

7.   Name(s) of the parties to this other
        lawsuit:

    Plaintiff: DARRELL GUNN 03-B2443

    Defendant: STATE OF NEW YORK (JEFFERY CLAFLIN)
                                Sergeant

Page 16

8.   COURT:   STATE OF NEW YORK COURT OF CLAIMS

9.  Claim No. 124149

10.  The approximate date the action was Filed:

April 16, 2014.

11.  Name of Judge whom case was assigned

Hon. Catherine C. Schaewe, J.

12.  Disposition:  (consolidated) dismissed.

13.  Name(s) of the parties to this other
              lawsuit:

     Plaintiff:  DARRELL GUNN 03-B-2443

     Defendant: STATE OF NEW YORK (CHABBESCLER,
               Correction Officer)

Page 17

14. COURT: STATE OF NEW YORK COURT OF CLAIMS

15. Claim No. 125097

16. The approximate date the action was Filed:

October 24, 2014.

17. Name of Judge whom case was assigned.

Hon, Catherine C. Schaewe, J.

18. Disposition: (consolidated) dismissed.

19. Name(s) of the parties to this other
lawsuit:

Plaintiff: DARRELL GUNN 03-B-2443

Defendant: STATE OF NEW YORK (CHAD BESCLER
AND TIMOTHY PERRY)

Page 18

20. COURT: STATE OF NEW YORK COURT OF CLAIMS

21. Claim No. 124009

22. The approximate date the action was Filed: March 24, 2014.

23. Name of Judge whom case was assigned.

Hon. Catherine C. Schaewe, J.

24. Disposition: (consolidated) Dismissed.

B. Have you begun any other lawsuits in Federal Court which relate to your imprisonment?

NO.

Page 19

## COUNT ONE

25.   That on March 29, 2013 plaintiff was enroute to recreation location- Gymnasium at approximately 7:00 p.m. in the G-Block Pivot, Main Hall-Laundry Corridor.

26.   That plaintiff turned right walking through magnetometer on the left side of Corridor -- compulsorily for all prisoners to walk through enroute to recreation location.

Page 20

27.   That meanwhile, CHAD BESCLER, Correction Officer was standing at magnetometer. Also, TIMOTHY PERRY, Correction Officer was standing off to right and near the wall on right side of corridor and at the end of magnetometer.

28.   That in addition JEFFERY CLAFLIN, Sergeant was standing near TIMOTHY PERRY, Correction Officer.

29.   That simultaneously, without any detection, alarm, and

Page 21

or signal plaintiff exited magnetometer.

   30.      That ^here TIMOTHY

PERRY, Correction Officer signaled plaintiff

for a needless pat frisk without giving

plaintiff a reason per New York State

Department of Corrections and Community

Supervision (hereinafter DOCCS) Departmental

Directive #4910 section B-2-a (4), (5).

   31.      That indeed plaintiff

placed both his hands on wall, in so doing.

T. PERRY, Correction Officer ordered

Page 22

plaintiff to step back back further.

Plaintiff complied.

32.     That hereupon C.O. T.

PERRY violently and nefariously kicked

plaintiff in right foot.

33.     That T. PERRY,

correction officer brutal and barbaric

actions are contrary to DOCCS Depart-

mental Directive # 4910 section III

Personal Searches, which states in part:

Page 23

The employee conducting a personal
Search must assure its thoroughness
and not to offend the dignity of
the inmate being searched.

34.    That at that time,
plaintiff's right foot began to hurt swell-
up. The pain was intense and sharp and
throbbing.

35.    That TIMOTHY PERRY
Correction Officer unprovoked committed
battery against plaintiff.

Page 24

36.    That for this reason, plaintiff immediately stepped back even further. Even so, he was losing his balance.

37.    That so now TIMOTHY PERRY, correction officer began removing the items from plaintiff's pant pockets, viz., ink pen, ID, phonebook, and handkerchief.

38.    That then TIMOTHY PERRY, correction officer grabbed plaintiff's underwear boxers and violently pulled up into the groin and rectum. Herewith,

Page 25

C.O. PERRY, similarly, repeated, violently pulled plaintiff's pant into his groin and rectum.

39.     That needless to say, plaintiff felt horrible pain.

40.     That consequently, plaintiff states: "I'm in pain!"

41.     That in response, "Shut the fuck-up!" said, TIMOTHY PERRY, Correction Officer.

42.     That "you pulled my underwear into my groin area!" Plaintiff's

Page 26

remonstrance was ignored.

      43.     That meanwhile, TIMOTHY PERRY, Correction Officer is violently pat Frisking plaintiff, in sum, touching, rubbing, grabbing, and squeezing plaintiff's extremities, chest, genitals, buttocks, and clothes.

      44.     That as it happens, TIMOTHY PERRY, Correction Officer violently grabbed plaintiff's genitals -- as a result, plaintiff moved his leg distraughtly. In effect, C.O. PERRY held on to plaintiff

Page 27

genitals at the same time stating: "I'm

not grabbing you."

           45.     That hereto,

together, as impugnment of plaintiff's

remonstrance the incorrigible TIMOTHY

PERRY, correction officer immediately

once again grabbed plaintiff's underwear

boxers and violently pulled up, then,

repeated again further into his groin and

rectum.

Page 28

46.     That  There  enough

TIMOTHY PERRY, Correction Officer Wantonness

and unnecessary infliction of undue hardships

Caused plaintiff ineffable pain.

A violation of U.S. Constitution Fourth

and  Eighth Amendment

47.     That suddenly plaintiff

looked to the left undoubtedly to see sergeant

JEFFERY CLAFLIN standing, thereabout two

feet away witnessing this, whom,

Page 29

Condoned and allowed this atrocious behavior.

48.     That all things

considered, plaintiff's conscience was in

shock to see Sgt. CLAFLIN, concomitantly

participating in the pat frisk, in effect,

intentionally and deliberately using his

body to shield/block potential witnesses

from observing the pat frisk and sexual

assault.

49.     That, noting that,

TIMOTHY PERRY, correction officer ordered

Page 30

plaintiff to Face Forward. Plaintiff complied.

50.   That, most critically TIMOTHY PERRY, CORRECTION Officer still for his sexual gratification again began to needlessly maliciously and sadistically and violently rub and touch and grab and squeeze plaintiff's genitals, rectum, and buttock malignantly back and forth, with both his his hands at the same time.

Page 31

51.        That at that same

time, plaintiff stood aghast as C.O. PERRY'S

Finger penetrated his rectum through plaintiff's

clothes, and, in so doing, caused plaintiff

unwarranted wanton infliction of pain and

serirDus physical injury and psychological

trauma and emotional duress, among

other things.


A violation of the United States

Constitution Eighth Amendment.

Page 32

52.     That with this in mind, plaintiff felt despair and ineffable pain, and humiliation, anger, degradation, embarrassment, ashamed, insecure, dehumanized, mental anguish, and loss of dignity.

53.     That but then, TIMOTHY PERAY, Correction officer removed plaintiff's right sneaker, checked it. CHAD BESCLER, Correction officer assisted, whom, ran a hand held metal-detector wand over the sneaker, whereupon, no alarm or reaction what-so-ever.

Page 33

54. That hereto, T. PERRY, Correction Officer used both his hands to check plaintiff Foot.

55. That T. PERRY, Correction Officer, placed the sneaker on the Floor. Telling plaintiff to place his Foot back inside. Plaintiff complied.

56. That TIMOTHY PERRY, Correction Officer and CHAD BESCLER, Correction Officer both similarly did plaintiff's left Foot as noted above.

Page 34

57.     That TIMOTHY PERRY, Correction Officer, returned the contents of plaintiff's pockets viz., ink pen, ID, phonebook, and handkerchief.

58.     That hereupon, TIMOTHY PERRY, Correction officer ordered plaintiff, "take it back to your cell."

59.     That plaintiff, immediately asked C.O. PERRY, "What is your name?"

Page 35

60.      That TIMOTHY PERRY, correction officer, in response, "PERRY" -- wherewith in innuendo, "make sure you get it right."

The constitutional basis for this claim under 42 U.S.C. section 1983 is the Fourth Amendment; Eighth Amendment; and Fourteenth Amendment.

61.      That the acts of the defendants, and each of them, subjected

Page 36

plaintiff to unreasonable search in violation

of the Fourth Amendment of the United

States Constitution and have caused plaintiff

to suffer damages in the sum of $250,000.

62.    That the acts of

defendants, and each of them subjected plain-

tiff to cruel and unusual punishment

causing plaintiff injuries, including rectum

hemorrhoid lasting over six months, sore-

ness, swelling, internal bleeding, burning,

discomfort, abrasion, still, on-going,

Page 37

irritation during bowel movements and to

suffer extreme physical pain and mental

anguish and humiliation and degradation,

depression, stress, loss of sleep, nightmares,

anxiety, embarrassment, emotional duress,

and anger, a life changing episode, per-

manently mentally scarred, the full extent

of which cannot be measured in violation

of the Eighth and Fourteenth Amendments

of the United States Constitution and caused

plaintiff. to suff damages in the sum of

$ 5,000,000.

Page 38

WHEREFORE, plaintiff respecfully prays this Court to:

a)    permanently enjoin the defendants, their assistants, successors, employees, and persons acting in concert or cooperation with them from Further violating the rights, privileges and immunities guaranteed to the plaintiff under the constitution of the United States of America;

b)   grant compensatory damages to plaintiff in the sum of $ 5,250,000;

Page 39

c)   grant punitive damages to plain-

tiff in the sum of $10,000,000;

d)   grant plaintiff plaintiff's cost of

this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies
for this Claim:

Plaintiff did grieve and appeal this claim.

Grievance Number EL-40777-13 --Title --

SEXUALLY VIOLATED PAT FRISK dated

April 11, 2013. superintendent denied

grievance. On appeal Central Office

Page 40

Review Committee (hereinafter (ORC) did grant
Grievant's Request Unanimously Accepted In Part.
Also, this claim is not a prison condition. No
Exhaustion requirement is needed.


## COUNT   TWO


63.      That plaintiff adopts by
reference paragraphs 1 through 20.

64.      That plaintiff searched
for witnesses as plaintiff's mind was
inundated with fear, pain, and humiliation,

Page 41

only to see JEFFERY CLAFLIN standing

there with his hat on.

65.     That here, JEFFERY CLAFLIN,

Sergeant, area supervisor deliberate indif-

ference to plaintiff's risk to serious harm

was lucid by showing personal involvement,

that is, participating, using his body to

block/shield the pat frisk-sexual assault

to any potential witnesses.

66.     That certainly Sgt.

JEFFERY CLAFLIN neglect of duty

Page 42

was a Failure to protect plaintiFF's undue

hardship ascribed From C.O. PERRY wanton

inFliction oF pain and malicious and sadistic

behavior.

67.    That overall Sgt. JEFFERY

CLAFLIN Ignored plaintiFF's statement:

"I'm in pain!" During a non-emergency, non-

threatening, suspicionless, clothed body pat

Frisk that was conducted abusively and

without a good-Faith eFFort.

Page 43

68.        That in this way, Sgt.

JEFFERY CLAFLIN as area supervisor directly

became involved and failed to act, to protect

or prevent by disregarding excessive serious

risk to plaintiff's health and safety to-

gether with grossly negligent in supervising

subordinate TIMOTHY PERRY, correction officer,

whom sexually assaulted claimant.

The Constitutional basis for this claim under

42 U.S.C. section 1983 is the Eighth Amend-

ment and Fourteenth Amendment.

Page 44

69.      That the acts of defendant's and each of them, subjected plaintiff to a failure to protect in violation of the Eighth Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of $250,000.

70.      That the acts of the defendants, and each of them, subjected plaintiff to substantial risk of serious harm-- causing plaintiff physical pain and injury, viz., rectum, hemorrhoid, soreness, swelling

Page 45

intenal bleeding, burning, discomfort, abrasion,
Still on-going irritation during bowel movements,
Stomach Knots, loss of appetite, nervousness,
loss of self-esteem, irritability, and fre-
quent headaches, including traumatic psycho-
logical injury, emotional duress, and anger,
a life changing episode, permanently
scarred, I cannot live a normal life any-
more the full extent of which cannot be
measured in violation of the Eighth and
Fourteenth Amendments of the United

Page 46

States Constitution and caused plaintiff to

suffer damages in the sum of $250,000.

　　　　　WHEREFORE, plaintiff respectfully

prays this Court to:

a)　　Permanently enjoin the defendants, their

assistants, successors, employees and persons

acting in concert or cooperation with them

from further violating the rights, privileges

and immunities guaranteed to the plaintiff

under the constitution of the United

States of America;

Page 47

b)    grant compensatory damages to plaintiff

in the sum of $ 1,000,000;

c)    grant punitive damages to plaintiff

in the sum of $ 5,000,000;

d)    grant plaintiff plaintiff's costs of

this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies For
This Claim:

Plaintiff did grieve and appeal this claim.

Grievance Number EL-40777-13--Title--

SEXUALLY VIOLATED VIA-PAT FRISK dated

Page 48

14, 2013. Superintendent denied the grievance.

On appeal CORC did grant Grievant's Request

Unanimously Accepted In Part.

Also, this claim is not a prison

condition. No exhaustion is needed.

# COUNT THREE

71.    That plaintiff adopts by

reference paragraphs 1 through 20.

72.    That now, plaintiff heads

back to his cell.

Page 49

73.    That at this time, while plaintiff was enroute to his cell, CHAD BES-CLER, Correction officer, immediately without justification, wearing black boots - inimically and malevolently Kicked plaintiff in the left leg shin. In so doing, practically tripping plaintiff and provoking plaintiff to be brutally assaulted by TIMOTHY PERRY, Correction officer and Sgt. JEFFERY CLAFLIN who were all still there at the magnetometer.

Page 50

74.      That CHAD BESCLER,
Correction Officer treated plaintiff without
dignity, hence, witnessing plaintiff being
sexually assaulted. Hereupon, plaintiff became
anathema to C.O. BESCLER, as a result,
causing intentional physical and emotional harm.

75.      That not only that, CHAD
BESCLER, correction officer whom witnessing
the sexual assault was grossly negligent
when he failed to act, to protect or pre-
vent by disregarding excessive risk of

Page 51

Serious harm to plaintiff's health and safety.

A violation of United States Constitution

Fourteenth Amendment.

The Constitutional basis for this claim under

42 U.S.C. section 1983 is the Eighth

Amendment and Fourteenth Amendment.

76.   That the acts of the

defendants, and each of them, subjected plain-

tiff to a battery in violation of the Eighth

Page 52

Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of $1,000,000.

77.    That the acts of the defendants, and each of them, subjected plaintiff to a failure to protect in violation of the Eighth Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of $250,000.

78.    That the acts of the defendants, and each of them, subjected

Page 53

plaintiff to substantial risk of serious harm--
causing plaintiff physical pain and injury, viz.,
rectum hemorrhoid, soreness, swelling, internal
bleeding, burning, discomfort, abrasion, irritation.
during bowel movements, stomach knots, loss
of appetite, nervousness, loss of self-esteem,
frequent headaches, including traumatic psych-
ological injury, emotional duress, anger,
permanently mentally scarred. Which I cannot
live a normal life anymore, the full extent
of cannot be measured in violation of the

Page 54

Eighth and Fourteenth Amendment of the United States Constitution and caused plaintiff to suffer damages in the sum of $1,000,000.

WHEREFORE, plaintiff respectfully prays this Court to:

a)    Permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution of United States of America;

Page 55

b)     Grant compensatory damages to plaintiff in the sum of $1,000,000.

c)     Grant punitive damage to plaintiff in the sum of $2,000,000.

d)     Grant plaintiff plaintiff's cost's of this action including reasonable attorney Fees.

Exhaustion of Your Administrative Remedies For this Claim:

Plaintiff did grieve and appeal this claim.

Grievance Number EL-40803-13--Title--

KICKED AND PROVOKED, dated April 18, 2013.

Page 56

Superintendent denied the grievance.

ON appeal CORC did grant Grievant's Request Unanimously Accepted In Part.

Also, this Claim is not a prison condition. No exhaustion requirment is needed.

### COUNT FOUR

79.     That plaintiff adopts by reference paragraphs 1 through 20.

80.Th     That on April 19, 2013 in the evening plaintiff was let out his G-Block, 5-Company, Cell-20 for a F. SANTIAGO, sergeant grievance complaint EL-40-801-13--ORDERED TO BENCH, investigation interview.

81.     That here at G-Block sergeant's office door HARKNESS Also known as "TINY" Correction Officer and another white male unidentified white male prison guard was waiting for plaintiff. "Be careful, he doesn't like pat frisk," said the unidentified prison guard.

82.     That hereupon, HARKNESS AKA "TINY", Correction Officer orders plaintiff to place his hands on the wall. Plaintiff. complied.

83.     That then during this needless pat frisk HARKNESS, AKA "TINY", Correction Officer for his sexual gratification used his penis through his clothes directly rubbing up against plaintiff's buttocks and legs causing plaintiff to feel the penis of HARKNESS, AKA "TINY", Correction Officer throug his clothes.

Page 57

84.          That HARKNESS, AKA "TINY," Correction Officer
sadistic and wanton behavior caused plaintiff unnecessary inflic-
tion of incredible hardships, emotional duress, psychological
trauma, degradation, and humiliation, among other things.

A violation of United States Constitution Fourth Amendment,
Eighth Amendment and Fourteenth Amendment.

85.          That when this sexual abuse pat frisk was
over. Plaintiff was ordered into sergeant's office. Plaintiff.
complied.

86.          That then plaintiff sat in chair directly
across the desk from sergeant SANTIAGO.

87.          That plaintiff was completely in fear, de-
spair and humiliation.

88.          That suddenly HARKNESS, AKA "TINY," Correc-
tion officer called into Sgt's office through closed door--
"Sgt. do you need help?" a threatening innuendo.

The Constitutional basis for this claim under 42 U.S.C. § 1983
is the Fourth Amendment; Eighth Amendment; and Fourteenth Amendme

89.          That the acts of defendant of HARKNESS,
AKA "TINY," Correction Officer subjected plaintiff to unjustified
pat frisk in violation of the Fourth Amendment of the United
States Constitution and have caused plaintiff to suffer damages
in the sum of $250,000.

Page 58

90.        That the acts of HARKNESS, AKA "TINY," Cor-
rection Officer subjected plaintiff to cruel and unusual punish
ment, sexual abuse, high levels of stress, mental anguish, anxi-
ety, fear, depression, low self-esteem, hopelessness, despair,
emotional duress, nightmares, loss of sleep, needless degradation
and humiliation, a life changing episode, permanently mentally
scarred contrary to legitimate penological interest, correctional
goals, and prison policy, procedure, rules and regulations,
the full extent of which cannot be measured in violation of
the Eighth and Fourteenth Amendments of the United States Consti-
tution and caused plaintiff to suffer damages in the sum of
1,000,000.

WHEREFORE, plaintiff respectfully prays this Court
to:

a)   permanently enjoin the defendants, their assistants, suc-
ccessors, employees and persons acting in concert or cooperation
with them from further violating the rights, privileges and
immunities guaranteed to the plaintiff under the Constitution
of the United States of America;

b)   grant compensatory damages to plaintiff in the sum of
$500,000;

c)   grant punitive damages to plaintiff in the sum of $500,000

d)   grant plaintiff plaintiff's costs of this action, includ-
ing reasonable attorney fees.

Page 59

Exhaustion of Your Administrative Remedies for this Claim:

Plaintiff did not grieve this Claim.

Also, this claim is not a prison condition.

No exhaustion requirement is needed.

## COUNT FIVE

91.     That plaintiff adopts by reference paragraphs 1 through 20.

92.     That on April 22, 2013 approx. 7 p.m. at G-Block, 5-Company,

Page 60

Cell-20, A. COLES, correction Officer,
acting in concert, with deliberate indifference
denied plaintiff recreation and stating; "IF
you stop being a dick-head you'll come out."

93.        That not suprisingly, A.
COLES, correction Officer to cover-up his
wrong doing in grievance complaint investigation
submitted False Statements in a pattern of
DOCCS culture of corruption and dishonesty.

94.        That A. COLE,
Correction Officer statement to Sgt. SANTIAGO
is dated  9-21-13.

Page 61

95.     That A. COLE, Cor-rection Officer, undisguised disdain for plaintiff created an atmosphere of distrust, disbelief, disrespect, and deceit.

96.     That plaintiff filing grievance complaints against prison guards was exercising his right of free speech.

97.     That consequently plaintiff was unfairly treated differently, hereupon, causing his civil rights being infringed upon.

Page 62

A violation of the United States Constitution

First Amendment, Eighth Amendment, and Four-

teenth Amendment, and Equal Protection Clause.

The constitutional basis for this claim under

42 U.S.C. Section 1983 is the First Amend-

ment and Eighth Amendment and Fourteenth

Amendment and Equal Protection Clause.

98.      That the acts of the

defendant, subjected plaintiff to undue

hardships, denied recreation, which consists

Page 63

of telephone, showers, barbershop, among other things, physical pain of headaches, upset digestive tract, nightmares; emotional pain, high levels of stress, anxiety, fear, depression, anger, despair, humiliation, and needless degradation contrary to legitimate penological interest, correctional goals, and prison policy procedure, rules and regulations, the full extent which cannot be measured in violation of the First, Eighth, and Fourteenth Amendments of the United States Constitution

Page 64

and have caused plaintiff to suffer in the

sum of $2,000,000.

WHEREFORE, plaintiff respectfully

prays this Court to:

a)   permanently enjoin the defendants,

their assistants, successors, empoyees

and persons acting in concert or cooperation

them from further violating the rights, privi-

leges and immunities guaranteed to the

plaintiff under the Constitution of the United

States of America;

Page 65

b)     grant compensory damages to plaintiff in the sum of $2,000,000;

c)     grant punitive damages to plaintiff in the sum of $2,000,000;

d)     grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

<u>Exhaustion of Your Administrative Remedies For this Claim:</u>

Plaintiff did grieve and appeal this claim.

Grievance Number EL-40868-13--Title--

NOT BEING LET OUT/RETALIATION dated

Page 66

May 2, 2013. Superintendent denied the grievance. On appeal CORC did grant Grievant's Request Unanimously Accepted In Part. Also, this Claim is not a prison condition. NO exhaustion requirement is needed.

## COUNT SIX

99.     That plaintiff adopts by reference paragraphs 1 through 20.

Page 67

100.        That on April 26, 2013
A. COLE, correction officer, with deliberate
indifference denied plaintiff recreation at plain-
tiff's G-Block, 5-company, cell-20.

101.        That here A. COLE, cor-
rection officer made an invidious and im-
penitent statement; "stop being a dick-head
and we'll let you out."

102.        That thereafter, on April
30, 2013, A. COLE, correction officer,
whom stated; "stop making up lies and you'll

Page 68

Come out, " denying plaintiff evening

recreation.

     103.     That A. COLE, Correction

Officer to cover-up his wrong doing submitted

false statements.

     104.     That A. COLE, Correction

Officer statement to Sgt. Bynaum is dated

6/4/13.

     105.     That plaintiff filing

grievance complaints against prison guards was

exercising his right of free speech.

Page 69

106.    That  A. COLE, Cor-

rection Officer, undisguised disdain for plain-

tiff created an atmosphere of distrust, dis-

belief, disrespect, and deceit.

107.    That consequently

plaintiff was unfairly treated differently,

hereupon causing his civil rights being

infringed upon.


A violation of the United States Constitution First

Amendment and Eighth Amendment and

Page 70

Fourteenth Amendment and Equal Protection
clause.

The Constitutional basis for this claim under 42
U.S.C. section 1983 is the First Amendment and
Eighth Amendment and Fourteenth Amendment
and Equal Protection Clause.

108.      That the acts of the
defendants, subjected plaintiff to undue
hardships, denied recreation, which consists
of telephone, showers, barbershop, among other

Page 71

things, physical pain of headaches, upset di-
gestive tract, nightmares; emotional pain, high
levels of stress, anxiety, fear, depression, anger,
despair, humiliation, and needless degradation con-
trary to legitimate penological interest, cor-
rectional goals, and prison policy procedure,
rules and regulations, the full extent which can-
not be measured in violation of the First, Eighth,
and Fourteenth Amendments, and Equal Protec-
tion Clause of the United States of America
Constitution and have caused plaintiff to

Page 72

Suffer damages in the sum of $ 2,000,000.

WHEREFORE, plaintiff respectfully prays

this Court to:

a)     permanently enjoin the defendants, their as-

sistants, successors, employees and persons

acting in concert or cooperation with them

from further violating the rights, privileges

and immunities guaranteed to the plaintiff

under the Constitution of the United States

of America;

Page 73

b)    grant compensatory damages to plain-

tiff in the sum of $2,000,000;

c)    grant punitive damages to plaintIFF

in the sum of $2,000,000;

d)    grant plaintiff plaintiff's costs of this

action, including reasonable attorney fees.

<u>Exhaustion of Your Administrative Remedies For</u>
<u>this Claim;</u>

Plaintiff did grieve and appeal this Claim. Grievance

Number EL-40880-13 -- Title -- HARASSED

AND DEPRIVED, dated May 7, 2013 Superin-

Page 74

tendent gave no decision. On appeal CORC did

grant GRIEVANT'S REQUEST UNANIMOUSLY

ACCEPTED IN PART.

Also, this claim is not a prison condition.

No exhaustion requirement is needed.


COUNT   SEVEN


109.         That plaintiff adopts by

reference paragraphs 1 through 20.

110.         That on June 11, 2013

TIMOTHY PERRY, CORRECTION OFFICER, working

Page 75

"Center Gate" For his sexual gratification
picked plaintiff For a pat. Frisk by ordering
plaintiff to the wall, without giving any
reason whatsoever, after plaintiff cleared
magnetometer without any alarm, detection,
and or signal.

111.     That plaintiff was en route
to recreation location "Field House."

112.     That plaintiff handed shower
mesh bag to TIMOTHY PERRY, correction officer,
and then placed his hands on the wall.

Page 76

113.    That plaintiff was ordered by TIMOTHY PERRY, Correction Officer to step back. Plaintiff complied.

114.    That TIMOTHY PERRY, Correction Officer, removed the contents of plaintiff pant pockets, viz., ink pen, phonebook, cigarette rolling papers, eye glasses, and handkerchief.

115.    That TIMOTHY PERR, Correction Officer, began rubbing, touching, squeezing and grabbing plaintiff's

Page 77

body and Clothes during the pat Frisk with his hands.

116.        That and in so doing, Forcibly and violently rubbed, touched, grabbed, and squeezed plaintiff's sexual and intimate body parts viz., genitals, penis, scrotum, rectum and buttocks, with both his hands back and Forth. Thus, trying to penetrate plaintiff's rectum intentionally and deliberately, albeit, unsuccessfully.

Page 78

117. That plaintiff Felt horrible pain, despair, humiliated, embarrassed, angry, and mental anguish.

118. That plaintiff looked to his right to see Four (4) sergeants in the same area -- thereabout three feet away. Also, two prison guards nearby. No one said or did anything.

119. That herewith, TIMOTHY PERRY, Correction Officer, ordered plaintiff to take his property back. Then said,

Page 79

"get the fuck out of here -- hurry up!"

120.        That plaintiff

went up to the "Field House" with group;

feeling humiliation and degradation and pain.

121.        That plaintiff

looked for support from inmates. There was

none. Only acknowledgement.

122.        That plaintiff

went to prison guard to report the sexual

assault where there's a sign-up for

general library.

Page 80

     123.    That this prison guard post is the table near by the magnetometer in the "Field House."

     124.    That here the prison guard told plaintiff "I don't know what you're talking about."

     125.    That plaintiff gave prison guard his ID to sign-up for general library.

     126.    That prison guard stated: "I'm not taking that. You're not going to library! Grieve me!"

     127.    That plaintiff felt hopeless. Prison guards "Brotherhood" refused to allow plaintiff to report the sexual assault he just experienced minutes ago.

A violation of the United States Constitution First, Eighth and Fourteenth Amendments, Failure to Supervise Clause, and Failure Failure to Protect Clause, and Equal Protection Clause.

The constitutional basis for this Claim under 42 U.S.C. § 1983 is The First Amendment and Eighth Amendment and Fourteenth Amendment Due Process Clause, Equal Protection Clause, Failure to Supervise Clause, and Failure to Protect Clause.

     128.    That the acts of the defendant TIMOTHY PERRY, subjected the plaintiff to sexual assault of wanton infliction of pain, viz., soreness, swelling, abrasion, discomfort, and mental anguish, and humiliation, degradation, depression, high levels of stress, loss of sleep, nightmares, anxiety, embarrassment, emotional duress, and anger, the full extent of which cannot be measured in violation of the First Amendment, Eighth

Page 81

Amendment, Fourteenth Amendment, and Due Process Clause and Equal Protection Clause--Failure to Supervise Clause and Failure to Protect Clause of the United States of America Constitution and have caused plaintiff to suffer damages in the sum of $4,000,000.

WHEREFORE, plaintiff respectfully prays this Court to:

a)    permanently enjoin the defendants, their assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the constitution of the United States of America;

b)    grant compensatory damages to plaintiff in the sum of $4,000,000;

c)    grant punitive damages to plaintiff in the sum of $4,000,000;

d)    grant plaintiff plaintiff's costs of this action, including reasonable attorney fees.

Exhaustion of Your Administrative Remedies for this Claim:
Plaintiff did grieve and appeal this Claim. Grievance Number EL-41105-13--Title--SEXUAL ASSAULT WITH FRISK dated June 23, 2013. Superintendent denied grievance. On appeal CORC UNANIMOUSLY DENIED GRIEVANTS REQUEST.

Also, this Claim is not a prison condition. No exhaustion requirement is needed.

Page 82

## COUNT EIGHT

129.    That plaintiff adopts by reference paragraphs
1 through 20.

130.    That on July 26, 2013, plaintiff was sexually
assaulted by B. SCHIEBER, Correction Officer during pat frisk.

131.    That plaintiff approximately 3:30 p.m. was
en route to "Ball Field" during recreation. Here at "Field House"
garage door entrance--magnetometer present was two (2) prison
guards and two (2) prison guards near the "Ball Field" entrance.
The latter two (2) prison guards was pat frisking prisoners
away from the magnetometer.

132.    That plaintiff cleared magnetometer without
detection and or alarm. Instantly, the other prison guards in-
formed B. SCHIEBER, Correction Officer, "he's the one who writes
grievances."

133.    That hereupon, B. SCHIEBER, Correction Officer
with deliberate indifference picked plaintiff for a needless
and unsupervised pat frisk. Thus, C.O. SCHIEBER never gave plain-
tiff reason for pat frisk.

134.    That no area supervising sergeant was present
see, New York State DOCCS Departmental Directive No, 4910 §
II, III. B. 2 a (4) and (5).

135.    That plaintiff complied by emptying his poc-
kets, in so doing, placing his article on the table viz., sun-
glasses, ink pen, and handkerchief.

136.    That then plaintiff placed both hands on

Page 83

staircase wall.

137.     That hereto, during the pat frisk, B. SCHIEBER placing his hand between plaintiff's buttock touched plaintiff's buttock touched plaintiff rectum with his hand and finger. Hereupon, caused plaintiff to have bowel movement, soreness, and abrasion in the rectum.

138.     that unfairly causing plaintiff's civil rights being infringed upon.

A violation of the United States of America Constitution Eighth
Amendment--Cruel and Unusual Punishment Clause.

139.     That concomitantly, B. SCHIEBER, Correction Officer, subsumed in DOCCS arcane "Brotherhood" culture of corruption and dishonesty, with deliberate indifference retaliated

wantonly against plaintiff for filing grievances against other prison guards.

140.     That herewith, during the pat Frisk when B. SCHIEBER, Correction OFFicer told plaintiFF "get your things OFF the table."

Page 84

141.       That plaintiff picked up his sunglasses, ink pen, and handkerchief. Plaintiff look at B. SCHIEBER name tag.

142.       That hereupon, B. SCHIEBER, Correction Officer, asked plaintiff "What you's looking at?"

143.       That in response, plaintiff States, "you!"

144.       That in reply, B. SCHIEBER, Correction Officer, asked "Why?"

Page 85

145. That plaintiFF responded, "you just touched my asshole! What is your name?" He said, "Schieber" and spelled it out "S-C-H-I-E-B-E-R."

146. That "go back to your cell," said B. SCHIEBER, correction OFFicer.

147. That another prison guard -- white male, standing in same area, also, doing pat Frisk States: "lift weights!" as innuendo to

Page 86

Plaintiff's protest and complaint of sexual
assault, during plaintiff's exiting the
pat frisk area and "Field House" entrance.

148.      That en route back
to plaintiff's cell. He reported the sexual
assault to approximately five (5) prison guards
standing at "Center Gate" -- one prison
guard was named "Williams."

149.      That the prison
guards asked: "What happened? Why you
going back to your cell?"

Page 87

150.    That "I was just sexually assaulted during a pat Frisk. I don't Feel good," in response, said plaintiff.

151.    That the prison guards all chimed in except one. They stated: "Don't come out your cell! Be a man! C.O. Williams states: "don't write grievances!"; "Back in the day writing grievances -- you were labeled a rat!," stated another

Page 88

Prison guard. They all laughed and berated plaintiff

152.    That they ordered to return to his cell. Plaintiff complied.

153.    That plaintiff immediately signed-up for sickcall.

154.    That thereafter that same evening B. SCHIEBER, cor-rection took 5-company evening chow list. Plaintiff requested chow and law library 6:30 p.m. callout. In any

Page 89

event, plaintiff was not let out.

155.      That later while plaintiff was receiving his legal mail he was informed by prison guard "you're Keep lock, I do not Know why."

156.      That in truth, plaintiff received no Feed-up tray.

157.      That on July 27, 2013, approximately 7:30 p.m. plaintiff received a False document Tier II Misbehavior report authored by B. SCHIEBER,

Page 90

Correction Officer in retaliation because

plaintiff reported the sexual assault.

      158.      That the false

document Tier II false Misbehavior report

charged plaintiff with "threats towards

staff" and "failure to follow an order."

      159.      That unfairly

Causing plaintiff's civil rights being infringed

upon.

Page 91

A violation of the United States of America Constitution First Amendment -- Freedom of Speech -- Retaliation Clause.

The constitutional basis for this claim under 42 U.S.C. section 1983 is the First Amendment -- Freedom of Speech Clause - Retaliation Clause; and Eighth Amendment - cruel and unusual punishment clause.

Page 92

160.        That the acts

of defendant B. SCHIEBER, Correction

Officer subjected plaintiff to undue hardships,

in humane horrendous pat Frisk, sexual assault,

retaliatory False misbehavior report, hopelessness,

high levels of stress, low self-esteem, anxiety,

Fear, depression, anger, despair, humiliation,

and needless degradation, the full extent of

which cannot be measured in violation of

the First Amendment - Freedom speech clause --

Retaliation Clause and Eighth Amendments--

Page 93

Cruel and Unusual Punishment Clause
of the United States Constitution and
have caused plaintiff to suffer damages
in the sum of $5,000,000.

WHEREFORE, plaintiff re-
spectfully prays this Court to:

a)    permanently enjoin the defendants,
their assistants, successors, employees and
persons acting in concert or cooperation
with them from further violating the rights,

Page 94

privileges and immunities guaranteed to
the plaintiff under the Constitution of the
United States of America;

b)      grant compensatory damages to
plaintiff in the sum of $1,000,000;

c)      grant punitive damages to plaintiff
in the sum of $1,000,000;

d)      grant plaintiff plaintiff's cost of
of this action, including reasonable
attorney fees.

Page 95

## Exhaustion of Your Administrative Remedies For this Claim:

Plaintiff did grieve and appeal this Claim.

Grievance Number GH-80561-15-Title--

FALSE MBR.

Superintendent denied the grievance.

On appeal CORC Unanimously Denied Grievants

Request.

Also, this claim is not a prison condition.

No exhaustion requirement is needed.

# COUNT NINE

Page 96

161.        That plaintiff adopts

by reference paragraphs 1 through 20.

162.        That plaintiff, at

the time, in the months of December 2013

and January 2014, along with C-

Block odd/uneven companies 1, 3, 5,

7 were being "Freezed out" as cruel

and unusual punishment and retaliation.

Including the dates Dec. 16, 24, 30, 31,

2013, and Jan. 23 and 4, 2014.

Page 97

163.        That plaintiff at
this time could not protect himself from
the "polar vortex" brutal cold weather
system because the nefarious and incor-
rigible prison guards refused to close
the windows.

164.        That unfairly causing
plaintiff's civil rights being infringed upon.

A violation of the United
States of America Constitution Eighth

Page 98

Amendment -- Cruel and Unusual Punishment

Clause.

165.        That plaintiff was

a witness to Mr. Green an inmate whom

was locked at C-Block, 1-company, 2-cell,

unsuccessfully remonstrated to all prison

staff to close the windows.

166.        That in truth,

it was colder inside our prison cells

than the temperature outdoors.

167.        That prison guards

Page 99

were wearing hats, gloves and coats to protect themselves from the cold.

168.    That most critically, because of his protest Mr. Green was brutally assaulted by B. SCHIEBER, correction Officer, on January 4, 2014.

169.    That on January 10, 2014, plaintiff, whom was en route to law library callout was targeted for a needless pat frisk in

Page 100

the main Hallway -- Mess Hall Corridor. Here-upon, B. SCHIEBER, Correction officer with deliberate indifference read aloud for everyone to hear the content of the legal papers.

170.    That as a result, plaintiff feels insecure and threatened not to file legal papers out of fear of reprisals and retaliation.

171.    That subsequently plaintiff out of fear did not prepare and

Page 101

File lawsuits in New York State Court of Claims against defendants B. Schieber, Correction officer, Donely, ORC, among others, defendants that were dismissed with prejudiced in this Court.

172.    That plaintiff's Family court matter petition was dismissed solely because prison guard Learner refused to give plaintiff his legal mail.

173.    That the above-preceding paragraphs nonfrivolous claims

Page 102

was both prejudiced and hindered respectively

when B. SCHIEBER, Correction Officer read

aloud with deliberate indifference for everyone

to hear plaintiff's legal papers.

174.        That unfairly

causing plaintiff's civil rights being in-

fringed upon,

A violation of the United States of

America Constitution First Amendment--

Harassment Clause

Page 103

175.     That notwithstanding, plaintiff notified Mr. Vern Fonda, Inspector General, in writing a letter dated January 24, 2014 of the situation in C-Block and Mr. Green peril circumstance.

176.     That thereafter, on or about January 31, 2014, B. SCHIE-BER, Correction Officer came to plaintiff cell, C-Block, 1-company, 5-cell.

177.     That B. SCHIEBER, Correction Officer acting as a homosexual

Page 104

For his sexual gratification began making

sexual advances toward plaintiff by blowing

Kisses and calling plaintiff "Cinnamon."

178.        That later same

evening approximately 8 p.m. B. SCHIEBER,

Correction Officer, came back to plaintiff's

Cell and stated; "Cinnamon," why didn't

you come out tonight? I'll see you tomorrow,"

herewith, "he's playing like he's sleep."

Telling the prison guard in officers' station.

179.        That B. SCHIEBER,

Page 105

Correction Officer, on February 3, 2014, again came to plaintiff's C-Block, 1 Company, 5-cell.

180.        That here, B. SCHIEBER, correction officer for his sexual gratification and without justification used his baton on plaintiff's foot, in so doing, to wake-up plaintiff, then began with threats and intimidation states; "hey Cinnamon, why didn't you come out today? When you come out your cell I'm going to fuck-you up!" "You little bitch!"

Page 106

181.            That Shortly
thereafter, B. SCHIEBER, correction officer
with deliberate indifference threw a cup of
water on plaintiff while plaintiff was lying
down in his cell. Witnessing this, CHAD
BESCLER, correction officer was with with
him began laughing at plaintiff.

182.            That plaintiff
experienced degradation, humiliation, emotional
trauma, psychological trauma, depression,
low self-esteem, despair, and was treated
without dignity.

Page 107

183.        That thereafter,

on February 4, 2014, approx. 12 p.m, plaintiff

was interviewed by MT. LOVELACE, ENSpector

General for DOCCS about B. SCHIEBER, cor-

rection officer barbaric and brutal unprovoked

assault on MT. Green, prisoner, whom was

taken to the "BOX" after being assaulted.

184.        That this means

that, B. SCHIEBER, Correction officer,

was well aware of the Inspector General

investigation and repeated threatened, harassed,

Page 108

intimidated and retaliated against plaintiff
for contacting Inspector General on behalf
of Mr. Green, among other things, his wanton
and sadistic behavior.

185. That all things
considered the above-preceding paragraphs
unfairly causing plaintiff's civil rights being
infringed upon,

A violation of the United States Const-
itution First Amendment, Harassment clause ——

Page 109

Retaliation Clause; and Eighth Amendment -- Cruel and Unusual Punishment Clause.

The Constitutional basis For this claim under 42 U.S.C. Section 1983 is the First Amendment -- Harassment Clause -- Retaliation Clause; and Eighth Amendment -- Cruel and Unusual Punishment Clause.

186.     The acts OF B. SCHIEBER, Correction OFFicer subjected plaintiff to undue hardships, emotional duress,

Page 110

Prolong periods of bitter cold temperatures, substantial risk to serious harm, self-blame, mental anguish, loss of mental energy, low self-esteem, social death, worrying, loss of hair, grinding of teeth, fear, upset digestive tract, ashame, powerless, insecurity, hopeless-ness, depression, loss of sleep, elevated levels of stress, anxiety, despair, and de-humanization which he cannot live a normal life anymore, contrary to legitimate penologi-cal justification, correctional goals, and

Page 111

prison policy and procedure and rules and regulation, the full extent of which cannot be measured in violation of the First Amendment and Eighth Amendment and have caused plaintiff to suffer damage in the sum of $2,000,000.

WHEREFORE, plaintiff respecfully prays this Court to:

a)   permanently enjoin the defendants, their assistants, successors, employees and

Page 112

persons acting in concert or cooperation

with them Further violating the rights,

privileges and immunities guaranteed to

the plaintiff under the Constitution of

the United States of America;

b) grant compensatory damages to

plaintiff in the sum of $1,000,000;

c) grant punitive damages to

plaintiff in the sum of $1,000,000;

d) grant plaintiff plaintiff's cost

of this action, including reasonable

attorney fees,

Page | 13

## Exhaustion of Your Administrative Remedies For this Claim:

Plaintiff did grieve and appeal this Claim. Grievance complaint #EL-42-42163-14 -- entitled -- HARASSED/THREATENED/LEGAL WORK READ, dated February 4, 2014. Superintendent denied grievance. On appeal CORC Grievant's Request Unanimously Accepted In Part. Also, this claim is not a prison condition. No exhaustion requirement is needed.

Page 114

# COUNT TEN

187. That plaintiff adopts by reference paragraphs 1 through 20.

188. That TIMOTHY PERRY, Correction Officer, on January 24, 2014, approximately 7:30 p.m. for his sexual gratification, again, sexually assaulted plaintiff during a needless pat frisk.

189. That here at Main Hallway -- Mess Hall Corridor plaintiff was

Page 115

en route to "Field House," which, at the mag-
netometer he cleared without incident, detection,
alarm, and or signal.

190.        That nonetheless,
plaintiff was targeted for a pat frisk by
unknown white male prison guard.

191.        That hereupon, TIM-
OTHY PERRY, Correction Officer states: "let
me get this one." Meanwhile plaintiff
feared for his life, safety and health.

192.        That plaintiff

Page 116

Followed TIMOTHY PERRY, Correction officer

Commands which was "put your hands on the

wall. Step back Further."

193.    That TIMOTHY

PERRY, Correction, with deliberate indifference

repeated wanton and sadistic behavior

States: "you will get with the program,"

in innuendo.

194.    That immediately,

TIMOTHY PERRY, Correction officer began

rubbing plaintiff's intimate and Sexual

Page 117

body parts with both his hands including chest.
Among other Factors, rubbed and touched plain-
tiff's genitals and penis then rubbed and
squeezed buttock for his unrentless homo-
sexual idiosyncrasies.

195.        That hereupon
unfairly causing plaintiff's civil rights
being infringed upon.

A violation of the United
States Constitution Eighth Amendment —

Page 118

cruel and Unusual Punishment Clause.

196.        That on January
28, 2014, plaintiff's primary care provider per-
formed PREA medical examine for the Jan-
uary 24, 2014 sexual assault perpetuated
by TIMOTHY PERRY, Correction officer,

197.        That thereafter,
TIMOTHY PERRY, Correction officer on Feb-
ruary 6, 2014 approximately 3 p.m. at C-
Block, 1-Company, 5-cell called plaintiff

Page 119

"Faggot" and in so doing tormented and de-graded and humiliated plaintiff.

198.    That  hereupon unfairly causing plaintiff's civil rights to be infringed upon.

A  violation of the United of America Constitution First Amendment -- Freedom of speech -- Harassment Clause -- Retaliation Clause ; Eighth Amendment verbal Harassment.

Page 120

199.      That thereafter on February 8, ~~2014~~ 2014, approximately 5 p.m. at plaintiff's C-Block, 1-company, 5-cell location, an unnamed white male sergeant came to interview plaintiff about C.O. B. SCH~~IEBE~~R.

200.      That here, the Sergeant conducting the investigation refused to allow an I.G.R.C. representative to give plaintiff advice. Thus, the sergeant refused to take plaintiff complaint serious.

Page 121

The sergeant did not take any information.

The interview lasted approximately one (1) minute.

201.      That plaintiff

felt hopeless and that his life was in despair

suffering from depression, anxiety, low self-

esteem and humiliation.

The Constitutional basis for this

claim under 42 U.S.C. section 1983 is the

First Amendment, freedom of speech --

Harassment Clause -- Retaliation Clause;

Page 122

and Eighth Amendment--cruel and Unusual Punishment Clause

202.      That the acts of TIMOTHY PERRY, Correction Officer subjected plaintiff to undue hardships, sexual assault, abuse, retaliation, emotional duress, substantial risk to serious harm, self-blame, mental anguish, loss of mental energy, low self-esteem, social death, worrying, loss of hair, grinding of teeth, fear, upset

Page 123

digestive tract, ashame, powerless insecurity
hopelessness, depression, loss of sleep, elevated
levels of stress, anxiety, despair and dehu-
manization which he cannot live a normal life
anymore, contrary to legitimate penological
justification, correction goals and Prison
Policy and Procedure and Rules and Regu-
lation, the full extent of which cannot be
measured in violation of the First Amend-
ment -- Freedom of speech Clause - Haras-
sment clause - Retaliation clause, and

Page 124

Eighth Amendment cruel and unusual Punishment

Clause and have caused plaintiff to suffer

in the sum of $ 2,500,000.

WHEREFORE, plaintiff respect-

fully prays this Court to:

a)     permanently enjoin the defendants their

assistants, successors, employees, and per-

sons acting in concert or cooperation

with them further violating the rights,

privileges and immunities guaranteed to

Page 125

the plaintiff under the constitution of the United States of America;

b)    grant compensatory damages to plain-in the sum of $1,000,000;

c)    grant punitive damages to plaintiff in the sum of $1,000,000;

d)    grant plaintiff plaintiff's cost of this action, including reasonable attorney fees.

Exhaution of Your Administrative Remedies For this Claim;

PlaintiFF did not grieve and appeal this claim.

Page 126

Also, this claim is not a prison condition. No exhaustion requirement is needed.

## COUNT ELEVEN

203.        That plaintiff adopts by reference paragraphs 1 through 20.

204.        That B. SCHIEBER, Correction Officer, on February 10, 2014 approximately 3:30 p.m. came to plaintiff's C-Block, 1-Company, cell-5 for his sexual gratification as a sexual predator and made sexual

Page 127

advancement toward plaintiff in homosexual idio-
syncrasies using both his hands

205.        That shortly
thereafter, B. SCHIEBER, correction officer,
returning, repeatedly for his sexual gratifi-
cation made sexual advancement toward
plaintiff. Blows a kiss into his cell.

206.        That soon later,
while plaintiff was exiting mess Hall, C.O.
B. SCHIEBER still repeatedly for his
sexual gratification and unrelentless wanton

Page 128

and sadistic behavior call plaintiff "Faggot!"

207.        That plaintiff felt

ashamed, humiliated, degraded and hopeless

knowing that his life is in despair, among

other things.

208.        That B. SCHIEBER,

Correction Officer, on February 11, 2014 ap-

proximately 4:30 p.m. made serious threats

at plaintiff at plaintiff's C-Block, 1 com-

pany, 5-cell.

209.        That here, B.

Page 129

SCHIEBER, Correction officer with deliberate indifference states: "Come out your cell to get your ass whipping!"

210.      That plaintiff feels his life, health, and safety was in jeopardy. His life is perilously in despair!

211.      That the next day. B. SCHIEBER, Correction Officer, on February 12, 2014 made serious threats at plaintiff's C-Block, 1 company, 5-cell, approx. 4:30 p.m.

Page 130

212.    That here, B. SCHIEBER, correction officer with deliberate indifference began threats with wanton malicious behavior when he states: "hey girl, what are you working on? Don't hide in your cell! Come out tomorrow to get your ass whipping! You're always bitching and writing grievances!"

213.    That plaintiff felt his life was in jeopardy, hopeless, emotional duress, and in despair!

Page 131

214.            That unfairly

Causing plaintIFF's civil rights being inFringed

upon.

A  violation oF the United States

oF America Constitution First Amendment --

Freedom oF speech -- Retaliation Clause.

215.            That the The

Correctional Association oF New York - Prison

visiting Project (hereinafter CA) visited

Elmira Corr. Fac. in March 2010 to assess

Page 132

the programs, physical facilities, and conditions
for both staff and inmates within the prison,
among other things.

216.            That the CA
report on page 13 states: " The response
rate for incidents of sexual abuse places
Elmira in the top third of all CA-surveyed
prisons for frequency of sexual abuse, sign-
ifying that the inmates perceive more abuse
at Elmira than at other prisons we have
visited. [10] "

Page 133

217.            That preceding

Foot note #10 states: "In an August 2010

report Sexual victimization inprisons and

Jails Reported by Inmates, 2008-09, the

U.S. Department of Justice Bureau of Statics

ranked Elmira with the third highest rate

of Staff sexual misconduct in all 167

Surveyed male prisons in the U.S.

218.            That Furthermore,

"Fifty-eight percent of survey respondents

reported experiencing an abusive pat Frisk

Page 134

at least once. Similiar to the average at all CA-visited facilities. We suggest that facility administrators examine this high rate of sexual abuse between staff and inmates to determine its root cause and explore methods of prevention." A striking point for plaintiff. See Exhibit A.

The constitutional basis for this claim under 42 U.S.C. section 1983 is the First Amendment and Fourteenth

Page 135

Amendments -- Freedom of speech - Retaliation Clause -- cruel And Unusual Punishment Clause- Equal Protection Clause -- Failure to protect and Failure to supervise.

29.    That the acts of the defendants, and each of them, subjected plaintiff to undue hardships, substantial risk to serious harm, loss of mental energy, low self-esteem, social death, worrying, loss of hair, grinding of teeth, fear, anxiety, high, level of stress, headaches, hopelessness, humi-

Page 136

liation, upset digestive tract, powerless inse-
curities, depression, nightmares, loss of sleep,
despair and dehumanization of repeated sexual
assaults, sexual abuses, sexual harassments,
retaliations, intimidations and threats, hemor-
rhoids, anal itching, discomfort, and perma-
nently psychologically scarred, which he can-
not live a normal life anymore, contrary to
legitimate penological justification, correction
goals and prison policy and procedure and
rules and regulation the full extent of which con-

Page 137

not be measured in violation of the First Amendment, Eighth Amendment, Fourteenth Amendment, Due Process Clause And Equal Protection Clause -- Failure to Protect and Failure to Supervise and have cause plaintiff to suffer damages in the sum of $5,000,000.

WHEREFORE, plaintiff respecfully prays this Court to:

a)    permanently enjoin the defendants their assistants, successors, employees and persons

Page 138

acting in concert or cooperation with them

Further violating the rights, privileges and

the Constitution of the United States of America;

b)      grant compensatory damages to plain-

tiff in the sum of $2,000,000;

c)      grant punitive damages to plaintiff

in the sum of $2,000,000;

d)      grant plaintiff plaintiff's cost of

this action, including reasonable attorney fees.

Page 139

<u>Exhaustion of Your Administrative Remedies For
This Claim:</u>

Plaintiff did grieve and appeal this claim. Grie-

vance Complaint Number EL-42205-14 Entitled --

DISCRIMINATING SLURS/ACTIONS Dated

February 10, 2014

Superintendent denied the grievance. On appeal

CORC Grievant's Request Unanimously Accepte In Part

ALSO, this claim is not a Prison condition. NO
exhaustion requirement is needed.

Dated: June 19, 2019

Respectfully submitted,

Darrell Gunn

Darrell Gunn, 03-B-2443
Plaintiff, Pro se