UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DARRELL GUNN, | DECISION and ORDER |
| Plaintiff, | |
| -vs- | 16-CV-6206 CJS |
| CHAD BESCHLER, et al., | |
| Defendants. | |

_____

INTRODUCTION

Darrell Gunn ("Gunn" or "Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983. Now before the Court are the following applications: 1) a motion for partial dismissal (Docket No. [#23]) filed by Defendants; 2) a motion to compel discovery [#28] filed by Plaintiff; and 3) a motion to amend [#31] the caption of the Second Amended Complaint and for service on newly-identified defendant Corrections Officer Harkness. The motion for partial dismissal is granted, the motion to compel discovery is denied as moot, and the motion to amend the caption of the Second Amended Complaint is granted.

BACKGROUND

On March 31, 2016, Plaintiff, proceeding *pro se*, commenced this action by filing a 146-page Complaint [#1] against twenty-five DOCCS employees. The Complaint alleged that Plaintiff suffered various federal constitutional violations at Elmira Correctional

1

Facility ("Elmira") between March 2013 and September 2013. In particular, the pleading alleged that Plaintiff was sexually assaulted during a pat frisk; was later kicked by a corrections officer; was placed in keeplock for two days without justification; was accused of being a "rat" by a corrections officer; was intimidated by two female corrections officers; was retaliatorily yelled at by a male corrections officer; was retaliatorily denied a meal; was treated discourteously by a mental health staff member; was called a "snitch" by a corrections officer; was not allowed to add information about other alleged events to a prior grievance complaint; was sexually abused during another pat frisk; was discouraged from writing grievances by a corrections sergeant; was retaliatorily denied recreation on one occasion; was retaliatorily placed on keeplock for three days; was sexually assaulted a third time during a pat frisk; was retaliatorily denied the chance to go to the library on one occasion; was retaliated against by officers making "loud obscene sounds," was pat frisked and was denied a meal; was subjected to a "brotherhood culture of corruption and dishonesty"; was retaliatorily threatened and placed on keeplock; was retaliatorily sexually assaulted during a pat frisk; was retaliatorily placed on keeplock; was issued a false retaliatory misbehavior report; was sexually harassed verbally; was denied a thorough investigation into his complaints of sexual abuse; and was verbally "denounced" by a mental health worker. Plaintiff also filed an application to proceed *in forma pauperis*.

On April 8, 2016, the Court denied the application to proceed *in forma pauperis* and dismissed the action.

Subsequently, on April 27, 2016, Plaintiff filed a new application to proceed *in forma pauperis*, along with a 190-page Amended Complaint [#6], involving thirty (30) separate claims and twenty-seven (27) defendants. The amended pleading primarily

repeated the earlier allegations, but added new allegations such as a claim that Plaintiff was subjected to cold temperatures in his cell, a claim that he was taunted and threatened by a corrections officer, and a claim that he was again sexually assaulted during a pat frisk.

On January 19, 2017, in a 42-page Order [#9], the Court granted Plaintiff's application to proceed *in forma pauperis*, reviewed the Amended Complaint, dismissed many of the claims, and permitted other claims to go forward. Of the claims that were dismissed, most were dismissed with prejudice, but others with dismissed without prejudice.[1] More specifically, of the thirty enumerated "counts" in the Amended Complaint, the Court dismissed all but the following:

> (1) sex assault (Corrections Officer Perry);
> (2) failure to protect (Corrections Sergeant Claflin);
> (3) excessive force (Corrections Officer Beschler) and failure to protect (Beschler, Claflin);
> (13) denial of recreation (Corrections Officer Coles);
> (14) denial of recreation (Coles);
> (15) retaliatory pat frisk (Perry);
> (19) sexual assault during pat frisk (Corrections Officer Schieber) and retaliatory false misbehavior report (Schieber);
> (28) cold cell conditions of confinement (Schieber) and retaliation (Schieber);
> (29) sexual pat frisk (Perry); and
> (30) sexual advances (Schieber).

Consequently, following the Court's Order [#9] the only remaining defendants were Perry, Claflin, Beschler, Coles and Schieber. The Court directed that the U.S. Marshal effect service on those defendants.

Subsequently, Plaintiff requested a further opportunity to amend.[2] The Court

---

[1] The two claims that were dismissed without prejudice are "Count" 24, neglect of duty as to Offender Rehabilitation Coordinator Donely, and "Count" 30, supervisory liability at to various DOCCS officials.
[2] Docket Nos. [#10] & [#12].

3

granted Plaintiff's request for a further opportunity to amend, only as to those claims in the Amended Complaint that had been dismissed without prejudice.³ On June 8, 2017, Plaintiff submitted a proposed Second Amended Complaint.⁴

On September 6, 2018, the Court issued an Order [#15] granting the motion to amend and dismissing certain claims with prejudice. The practical effect of the Court's Order [#15] is that the claims that were allowed to go forward were the same claims that were previously permitted to go forward by the Court's Order [#9], except for one additional claim: A claim of sexual assault against a John Doe Corrections Officer, known as "Tiny," which had originally been described in Count 12 of the Amended Complaint. All other claims were dismissed with prejudice.

On December 5, 2018, Defendants filed the subject motion to dismiss [#23] certain claims in the Second Amended Complaint. The motion seeks dismissal of Plaintiff's claims for injunctive relief; his claim alleging sexual assault by Corrections Officer Perry on January 24, 2014 ("Count Eleven"); and his claims of retaliation against Corrections Officer Coles ("Count Five" and "Count Six"). With regard to Plaintiff's request for injunctive relief, Defendants contend that the demand is now moot, since Plaintiff has been transferred out of Elmira to a new facility (Green Haven). With regard to the claim of sexual assault by Officer Perry in "Count Eleven" of the Second Amended Complaint, Defendants contend that the claim should be dismissed because Plaintiff admittedly failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).⁵ And finally, with regard to the claims of retaliation against Corrections Officer Coles, Defendants

---

³ Text Order [#
⁴ Docket No. [#14].
⁵ Plaintiff asserted that he did not need to file an inmate grievance concerning the alleged sexual assault, since it did not involve "a prison condition." Second Amended Complaint [#16] at p. 68.

contend that the allegations fail to assert actionable claims.

On December 18, 2018, the Court issued a Motion Scheduling Order [#24], directing Plaintiff to file and serve any opposing papers on or before January 31, 2019.

On January 22, 2019, the Court received a letter [#25] from Plaintiff, consisting of eleven pages of very large scrawled handwriting. The letter was captioned as a "Request for Extension to Respond to Defendants' Answers." Plaintiff indicated that he was experiencing various kinds of mistreatment by corrections staff at Green Haven, and was also having depression, "high levels of stress," anxiety, headaches, hypertension, blurry vision, double vision, and sensitivity to light. However, to the extent that Plaintiff was seeking an extension of time to respond to Defendants' motion to dismiss, the Court did not grant the request.[6] Consequently, Plaintiff's deadline to respond to Defendants' motion remained January 31, 2019. To this day, Plaintiff has not filed any response to Defendants' motion to dismiss.

However, on May 9, 2019, Plaintiff filed a motion to compel discovery, requesting that Defendants identify the "John Doe" Corrections Officer designated as "Tiny" in the Second Amended Complaint. On May 23, 2019, Defendants' counsel filed an opposition to the Motion to Compel. In that regard, Defendants indicate that based upon the description in Plaintiff's Motion to Compel, it appears that he is referring to a "Corrections Officer Harkness." On July 3, 2019, Plaintiff filed a motion to amend the caption of the Second Amended Complaint, to identify the corrections officer previously identified only as "Tiny" as Corrections Officer Harkness. Plaintiff also seeks an order directing service of a summons and the Second Amended Complaint on Harkness.

---

[6] The application is denied.

ANALYSIS

<u>Plaintiff's *Pro Se* Status</u>

Since Plaintiff is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

<u>Rule 12(b)(6)</u>

The legal standards to be applied on a motion to dismiss pursuant to Rule 12(b)(6) are clear:

> To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. May 1, 2018).

> In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents integral to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. Jun. 3, 2014) (citations and internal quotation marks omitted).

<u>Section 1983</u>

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles generally applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right.

6

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004) (citation omitted).

### Injunctive Relief

As ready discussed, Plaintiff's claims in this action arise from events that allegedly occurred at Elmira Correctional Facility. Part of the relief demanded in the Second Amended Complaint is a permanent injunction, enjoining defendants from committing any further violations of Plaintiff's rights.[7] However, Plaintiff is no longer housed at Elmira, and Defendants consequently maintain that the demand for injunctive relief should be dismissed as moot. Plaintiff has not opposed the request, and in any event the Court finds that the request for injunctive relief is indeed moot. *See, Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir.1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.") (citations omitted). Accordingly, Defendant's motion to dismiss Plaintiff's demand for injunctive relief is granted.

### Exhaustion of Administrative Remedies

Defendants next contend that Plaintiff's claim alleging a sexual assault by Corrections Officer Perry on January 24, 2014 (Second Amended Complaint, "Count Eleven") must be dismissed for failure to exhaust administrative remedies. Plaintiff has not opposed that request, and in any event the Court agrees that dismissal is required.

A prison inmate is required to exhaust his administrative remedies *before* bringing an action in federal court complaining about prison conditions. *See*, 42 U.S.C.A. §

---

[7] Second Amended Complaint, Docket No. [#16] at p. 108.

1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015). However, despite this general requirement,

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Amaker v. Bradt*, 745 F. App'x 412 (2d Cir. Dec. 19, 2018) (citations and internal quotation marks omitted).

If administrative remedies were "available" to the inmate plaintiff, then he must have "properly" exhausted his remedies:

> Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules because no adjudicative system can

8

function effectively without imposing some orderly structure on the course of its proceedings.

*Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006), internal quotation marks omitted).

The exhaustion requirement contained in 42 U.S.C. 1997e(a) is an affirmative defense, not a pleading requirement, and therefore a motion to dismiss for failure to exhaust may only be granted if it is clear from the face of the complaint that the plaintiff failed to exhaust:

> Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. Accordingly, inmates are not required to specially plead or demonstrate exhaustion in their complaints. However, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.

*Williams v. Correction Officer Priatno*, 829 F.3d at 122 (citations and internal quotation marks omitted). In this regard, "the face of the complaint" includes the usual information that a court may consider on a Rule 12(b)(6) motion, including "matters of which the court may take judicial notice," *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015), "documents incorporated into the complaint by reference, [and] documents possessed by or known to the plaintiff upon which [he] relied in bringing the suit." *Hicks v. Adams*, 692 F. App'x 647, 648 (2d Cir. Jun. 19, 2017) (citation and some internal quotation marks omitted).

Here, as already noted the Second Amended Complaint admits that Plaintiff did not file an inmate grievance concerning this particular alleged sexual assault. The pleading asserts that exhaustion was not required because the event did not involve a

"prison condition." However, Plaintiff is incorrect on that point. Further, Plaintiff has not alleged that administrative remedies were unavailable. Rather, the Second Amended Complaint indicates that Plaintiff was continually filing inmate grievances about all sorts of other matters during the relevant period. Accordingly, "Count Eleven" alleging a sexual assault by Perry on January 24, 2014, is dismissed.

Retaliation Claims Against Corrections Officer Coles

Defendants further maintain that the retaliation claims against Coles are not actionable. Plaintiff alleges three instances of retaliation by Coles, occurring on April 22, 2013, April 26, 2013 and April 30, 2013, respectively. The first claim ("Count Five"), set forth at paragraphs 92-98 of the Second Amended Complaint, states:

> 92. That plaintiff adopts by reference paragraphs 1 thro[u]gh 20. [The Court notes that these paragraphs do not contain any factual allegations concerning alleged retaliation by Coles]
>
> 93. That on April 22, 2013 approx. 7 p.m. at G-Block, 5-Company, Cell-20, A. COLES, Correction Officer, acting in concert, deliberate indifference denied plaintiff recreation and stating: "If you stop being a dick-head you'll come out."
>
> 94. That not surprisingly, A. COLES, Correction Officer to cover-up his wrong doing in grievance complaint investigation submitted false statements in a pattern of DOCCS culture of corruption and dishonesty.
>
> 95. That A. COLE,[8] Correction Officer statement to Sgt. SANTIAGO is dated 9-21-13.[9]
>
> 96. That A. COLE, Correction Officer, undisguised disdain for plaintiff created an atmosphere of distrust, disbelief, disrespect and deceit.

---

[8] Plaintiff refers to this defendant as both Coles and Cole, but the record indicates that his name is actually Coles.
[9] In considering Defendants' motion the Court has reviewed the exhibits that Plaintiff submitted with the Second Amended Complaint. This particular document does not appear to be among the exhibits, though there two other documents written by Coles, responding to a grievance or grievances that Plaintiff apparently wrote in May and/or June of 2013 *after* he was allegedly denied recreation in April, 2013. See, Docket No. [#16-1] at pp. 51 & 53.

97. That plaintiff filing grievance complaints against prison guards was exercising his right of free speech.

98. That consequently plaintiff was unfairly treated differently, hereupon causing his civil rights being infringed upon.

Second Amended Complaint [#16] at ¶ ¶ 92-98.

Plaintiff's second claim ("Count Six") alleging retaliation by Coles is set forth at paragraphs 100-108 of the Second Amended Complaint, and states:

100. That plaintiff adopts by reference paragraphs 1 through 20. [Again, these paragraphs contain no factual allegations concerning alleged retaliation by Coles]

101. That on April 26, 2013 A. COLE, Correction Officer, with deliberate indifference denied plaintiff recreation at plaintiff's G-Block, 5-Company, Cell-20.

102. That here A. COLE, Correction Officer mad an invidious and impenitent statement: "stop being a dick-head and we'll let you out."

103. That thereafter, on April 30, 2013, A. COLE, Correction Officer, whom stated: "stop making up lies and you'll come out," denying plaintiff evening recreation.

104. That A. COLE, Correction Officer to cover up his wrong doing submitted false statements.

105. That A. COLE, Correction Officer statement to Sgt. Bynaum is dated 6/14/13.[10]

106. That plaintiff filing grievance complaints against prison guards was exercising his right of free speech.

107. That A. COLE, Correction Officer, undisguised disdain for plaintiff created an atmosphere of distrust, disbelief, disrespect and deceit.

---

[10] This document, contained in [#16-2] at p. 51, is actually dated June 4, 2013, and is a memo written by Coles to Sgt. Bynaum, denying that he denied Plaintiff recreation on April 26, 2013. In that regard, Coles indicates that he could not have denied Plaintiff recreation on that date because he was not working on that date.

11

108. That consequently plaintiff was unfairly treated differently, hereupon causing his civil rights being infringed upon.

Second Amended Complaint [#16] at ¶ ¶ 100-108.

Defendants maintain that these allegations fail to state actionable claims of retaliation for several reasons, including that they do not plausibly allege the necessary causal nexus between Coles' alleged actions (refusing to allow Plaintiff to attend recreation) and any protected activity by Plaintiff, and that the denial of recreation on three occasions is too insignificant to support a § 1983 retaliation claim in any event.

Plaintiff has not responded to these arguments, and in any event the Court agrees with Defendants. In this regard, even assuming *arguendo* that the above-quote allegations were sufficient to establish the necessary causal nexus between Plaintiff's protected activity and the denial of recreation, the Court agrees with Defendants that denial of recreation on three occasions is not sufficiently adverse to support retaliation claims against Coles under § 1983. *See, e.g., Shepherd v. Smith*, No. 915CV0665GLSCFH, 2018 WL 5660423, at *27 (N.D.N.Y. June 13, 2018) ("The undersigned finds that C.O. Lange's alleged denial of showers and recreation is insufficient to constitute adverse action. 'Case law suggests that the isolated or sporadic denial of privileges do not suffice to state a claim of actionable retaliation.' *Lunney v. Brureton*, No. 04 Civ. 2438(LAK)(GWG), 2007 WL 1544629, at *20 (S.D.N.Y. May 29, 2007) (citing inter alia *Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999)). Plaintiff himself alleges that C.O. Lange *denied him recreation on six occasions and showers on two occasions*, and there is no indication such denial was routine or constant. Thus, the undersigned finds that C.O. Lange's alleged denial of recreation and showers is *de minimis*, and, thus, does not constitute adverse action.") (emphasis added), report and

recommendation adopted in part, rejected in part on other grounds, No. 915CV665GLSCFH, 2018 WL 4660454 (N.D.N.Y. Sept. 28, 2018).

Consequently, Defendants' motion to dismiss the retaliation claims against Coles in the Second Amended Complaint ("Count Five" and "Count Six") is granted.

<u>Plaintiff's Motion to Compel is Now Moot</u>

Plaintiff filed the motion to compel to seek the name of the John Doe corrections officer known as "Tiny." However, Defendants have now indicated that based upon the additional information contained in the motion to compel, Plaintiff appears to be referring to Corrections Officer Harkness. Accordingly, the motion to compel may be denied as moot.

<u>Plaintiff's Motion to Amend the Caption</u>

Plaintiff has moved to amend the caption of the Second Amended Complaint to substitute Corrections Officer Harkness in place of John Doe Corrections Officer "Tiny." Defendants have not opposed that request. Accordingly, Plaintiff's application is granted, and his Second Amended Complaint as amended [#31-2] will now be the operative pleading.[11] The Court will also direct service upon Officer Harkness.

CONCLUSION

Defendants' motion to dismiss [#23] is granted, and "Count Five," "Count Six" and "Count Eleven" of the Second Amended Complaint, as well as Plaintiff's demand for injunctive relief, are dismissed. The Clerk is directed to terminate A. Coles as a defendant in this action. Plaintiff's Motion to Compel [#28] is denied as moot. Plaintiff's motion [#31]

---

[11] The Court has not compared this document to the original Second Amended Complaint [#16]. However, to be clear, the Court is only permitting amendment with regard to the caption. To the extent that docket number [#31-2] may contain any substantive changes unrelated to identifying John Doe "Tiny" as Corrections Officer Harkness, such changes are null and void.

13

amend the caption of the Second Amended Complaint, to substitute Corrections Officer Harkness in place of "John Doe aka 'Tiny' Correction Officer" is granted.[12] The Clerk of the Court is directed to amend the caption of this action to reflect such amendment, to issue a summons to Corrections Officer Harkness at Elmira Correctional Facility, and to cause the United States Marshal to serve Harkness with the summons, the Second Amended Complaint as amended [#31-2] and a copy of this Decision and Order.

SO ORDERED.

Dated: Rochester, New York
July 17, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[12] Plaintiff has now had years to consider his claims against Defendants, and multiple opportunities to set forth those claims in writing. Consequently, while motions to amend are liberally granted in general, Plaintiff will not be permitted any further opportunities to amend in this action, absent a showing of good cause for such amendment.