UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRELL GUNN,

                    Plaintiff,

       v.

WILLIAM J. ABRUNZO, Inmate Grievance
Program, Supervisor, et al.,

                    Defendants.

_____

DECISION & ORDER

16-CV-6206CJS

On March 31, 2016, *pro se* plaintiff Darrell Gunn ("plaintiff") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging multiple violations of plaintiff's constitutional rights during his incarceration at Elmira Correctional Facility.  (Docket ## 1, 6, 34).  Currently pending before this Court is a motion filed by plaintiff seeking appointment of counsel.  (Docket # 52).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Plaintiff has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex. In addition, plaintiff has not provided

2

special reasons why appointment of counsel would lead to a more just result.  Finally, plaintiff's

conduct to date in prosecuting his claims suggest that plaintiff is capable of litigating this case

without assistance at this time.  On this record, plaintiff's request for the appointment of counsel

**(Docket # 52)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to

retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*

MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       July 23, 2020