UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRELL GUNN,

                                  Plaintiff,

-vs-

CHAD BESCHLER, et al.,

                                  Defendants.

_____

DECISION and ORDER

16-CV-6206 CJS

INTRODUCTION

Darrell Gunn ("Gunn" or "Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983. Now before the Court are the following applications: 1) a motion (ECF No. 43) by Plaintiff to strike the Defendants' Answers; and 2) a motion (ECF No. 48) by Defendant Corrections Officer Harkness ("Harkness") for judgment on the pleadings. For reasons discussed below, Plaintiff's application is denied and Harkness' application is granted.

BACKGROUND

The reader is presumed to be familiar with the Court's prior Decision and Order (ECF No. 32) which described the factual background of this action in some detail. It is sufficient to note that on September 6, 2018, the Court issued an Order (ECF No. 15) that, *inter alia*, permitted Plaintiff to file a Second Amended Complaint (ECF No. 34) that

1

alleged several instances of physical assaults and sexual assaults by the Defendants during pat frisks at Elmira Correctional Facility ("Elmira").  For example, the pleading alleges that on March 29, 2013, Correction Officer Perry sexually assaulted Plaintiff during a pat frisk.  The pleading also includes a claim that on April 19, 2013 Corrections Officer Harkness ("Harkness") similarly committed a sexual assault against Plaintiff during a pat frisk

The Second Amended Complaint indicates that Plaintiff filed inmate grievances concerning most of the alleged incidents complained of therein, including a grievance about the alleged sexual assault by Perry.  However, the pleading admits that Plaintiff did *not* file an inmate grievance concerning the alleged sexual assault by Harkness, stating: "Plaintiff did not grieve this claim.  Also, this claim is not a prison condition. [sic] No exhaustion requirement is needed." Second Amended Complaint at p. 59.  Incidentally, Plaintiff similarly asserted in the pleading that all the matters about which he had filed grievances were not "prison conditions" and did not need to be grieved, though he nevertheless filed grievances concerning them.

On August 26, 2019, Defendants filed and served answers to the Second Amended Complaint.

On September 26, 2019, Plaintiff field the subject motion (EF No. 43) to strike Defendants' answers, purportedly pursuant to FRCP 37(d).  The reasoning behind Plaintiff's motion is not clearly stated, but it seems that he disagrees with the factual assertions contained therein.  Defendants respond that there is no basis to strike their answers.

On November 19, 2019, Harkness filed the subject motion (ECF No. 48) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP").  Harkness maintains that he is entitled to dismissal of the claim against him pursuant to 42 U.S.C. § 1997e(a) since Plaintiff admittedly failed to exhaust his administrative remedies as to that claim before commencing this action.  Plaintiff has never responded to Harkness's motion, though subsequent to its filing he has participated in discovery and filed various motions relating to other matters.

ANALYSIS

Plaintiff's *Pro Se* Status

Since Plaintiff is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Plaintiff's Motion to Strike

As mentioned earlier, Plaintiff has moved to strike the Defendant's answers to the Second Amended Complaint, essentially because he disagrees with the factual assertions they contain.  However, Plaintiff has not identified a proper basis to strike Defendants' answers.  In that regard, while Plaintiff purportedly filed the motion pursuant to FRCP Rule 37(d), he has not established a basis for such a motion.  Plaintiff's disagreement with the statements in the answers is not a proper basis to strike. *See, e.g., Britt v. Elm City Communities*, No. 3:17-CV-02159 (JCH), 2018 WL 3574866, at *1 (D. Conn. July 24, 2018) ("Britt contends that some of these answers should be stricken because they are false. However, disagreeing with Elm City's version of the facts is not a

3

proper basis for striking an answer.") (collecting cases).  Consequently, Plaintiff's motion to strike is denied.

<u>Harkness' Motion for Judgment on the Pleadings</u>

Harkness has moved for judgment on the pleadings pursuant to Rule 12(c).  The Rule 12(b)(6) standard is applicable to a motion for judgment on the pleadings pursuant to FRCP 12(c). *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)."), *cert. den.* 531 U.S. 1052, 121 S.Ct. 657 (2000).

The legal standards to be applied on a motion to dismiss pursuant to Rule 12(b)(6) are clear:

> To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. May 1, 2018).

> In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents "integral" to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. Jun. 3, 2014) (citations and internal quotation marks omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

> will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

"[A]s *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Angiulo v. Cty. of Westchester,* No. 11-CV-7823 CS, 2012 WL 5278523, at *3 (S.D.N.Y. Oct. 25, 2012) (citation omitted); *see also, McBeth v. Porges*, 171 F. Supp.3d 216, 236 (S.D.N.Y. 2016) (Observing that pursuant to *Iqbal*'s pleading

standard, "the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation.' ") (quoting *Iqbal* ).

Plaintiff here is suing Harkness under 42 U.S.C. § 1983.[1]  A prison inmate is required to exhaust his administrative remedies *before* bringing an action in federal court complaining about prison conditions. *See*, 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015).  However, despite this general requirement,

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes,

---

[1] "In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (citation omitted).

6

> practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Amaker v. Bradt*, 745 F. App'x 412 (2d Cir. Dec. 19, 2018) (citations and internal quotation marks omitted).

If administrative remedies were "available" to the inmate plaintiff, then he must have "properly" exhausted his remedies:

> Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006), internal quotation marks omitted).

The exhaustion requirement contained in 42 U.S.C. 1997e(a) is an affirmative defense, not a pleading requirement, and therefore a motion to dismiss for failure to exhaust may only be granted if it is clear from the face of the complaint that the plaintiff failed to exhaust:

> Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. Accordingly, inmates are not required to specially plead or demonstrate exhaustion in their complaints. However, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.

*Williams v. Correction Officer Priatno*, 829 F.3d at 122 (citations and internal quotation marks omitted). In this regard, "the face of the complaint" includes the usual information that a court may consider on a Rule 12(b)(6) motion, including "matters of which the court

7

may take judicial notice," *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015), "documents incorporated into the complaint by reference, [and] documents possessed by or known to the plaintiff upon which [he] relied in bringing the suit." *Hicks v. Adams*, 692 F. App'x 647, 648 (2d Cir. Jun. 19, 2017) (citation and some internal quotation marks omitted).

Here, as already noted the Second Amended Complaint admits that Plaintiff did not file an inmate grievance concerning the alleged sexual assault by Harkness. The pleading asserts that exhaustion was not required because the event did not involve a "prison condition." However, Plaintiff is mistaken about that. *See, Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Further, Plaintiff has not alleged that administrative remedies were unavailable. Rather, the Second Amended Complaint indicates that Plaintiff was continually filing inmate grievances about all sorts of other matters during the relevant period, including alleged sexual assaults by other defendants. Consequently, it is evident from the face of the pleading that dismissal of the claim against Harkness is required pursuant to 42 U.S.C. § 1997e(a).

CONCLUSION

For the foregoing reasons Plaintiff's motion to strike (ECF No. 43) is denied, and Harkness' unopposed motion for judgment on the pleadings (ECF No. 48) is granted. The Clerk of the Court is directed to terminate Harkness as a defendant.

SO ORDERED.

Dated: Rochester, New York
         December 17, 2020

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge