UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRELL GUNN,

                              Plaintiff,

       v.

CHAD BESCLER, Correction Officer, et al.,

                              Defendants.
_____

DECISION & ORDER

16-CV-6206CJS

        Currently pending before the Court is a one-paragraph motion to compel filed by *pro se* plaintiff Darrell Gunn. (Docket # 61). The motion seeks an order from the Court compelling defendants to produce to plaintiff a copy of an "injury report submitted by Barry Hall, R.N.," which is apparently dated June 13, 2013. (*Id.*).

        Defendants oppose the motion on various grounds. (Docket # 63). They note, among other things, that the motion lacks the required certification under Rule 37(a)(1) that plaintiff, prior to filing the motion, "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (*Id.*; *see also* Fed. R. Civ. P. 37(a)(1)). The absence of the required certification alone may justify denial of the motion to compel. *See*, *e.g.*, *Rech v. Monroe Cnty.*, 2020 WL 5027545, *5 (W.D.N.Y. 2020) (denying motion to compel where moving papers did not contain certification required by Rule 37(a)(1)); *Daniels v. Murphy*, 2012 WL 5463072, *4 (D. Ct. 2012) ("plaintiff has not included a certification that he made an effort to resolve the dispute pertaining to his request for production of . . . [the] file prior to filing the motion . . . [and thus] has not

satisfied Federal Rule 37(a)(1)[;] [a]ccordingly, the motion to compel is denied without prejudice").

In any event, defendants represent that "no inmate injury report dated June 13, 2013 is in existence." (Docket # 63 at ¶ 5). Gunn has alleged no facts to rebut that assertion. In the absence of any facts in the record before the Court to reasonably question the accuracy or reliability of counsel's assertion, the motion is denied for the independent reason that the Court cannot compel production of that which does not exist. *See*, *e.g.*, *Bonano v. Tillinghast*, 2021 WL 1117027, *4 (W.D.N.Y. 2021) ("[o]f course, the [c]ourt cannot compel defendants to produce documents that do not exist"); *Grayson v. Gen. Elec. Co.*, 2016 WL 1275027, *2 (D. Ct. 2016) ("[i]t is quite clear that Rule 34 cannot be used to compel a party to produce a document that does not exist") (citation omitted).

Accordingly, plaintiff's motion to compel **(Docket # 61)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       April 22, 2021